1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THEON OWENS,                         No. 2: 16-cv-2750 JAM KJN P

12                  Plaintiff,

13         v.                             ORDER

14   JOSEPH DEGAZIO, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court are three motions to strike.

19   <u>Defendants' Motion to Strike Declaration by Inmate Sanchez (ECF No. 66)</u>

20         Defendants filed a second motion to strike the declaration by inmate Edward Sanchez,

21   filed on December 4, 2017.  (<u>See</u> ECF No. 59 (Sanchez declaration).)

22         In the first motion to strike, defendants moved to strike the Sanchez declaration on the

23   grounds that it was filed in support of an unauthorized sur-reply.  (ECF No. 60.)  On January 18,

24   2018, the undersigned denied the first motion to strike the Sanchez declaration on the grounds

25   that plaintiff had informed the court that the Sanchez declaration was not submitted in support of

26   a sur-reply.  (ECF No. 64.)  Plaintiff informed the court that the pleading was filed in support of

27   his claims.  (<u>Id.</u>)

28   ////

1

In the pending motion, defendants move to strike the declaration by inmate Sanchez on the grounds that inmate Sanchez is not authorized to file documents on plaintiff's behalf because inmate Sanchez is not a party to this action. (ECF No. 66.) Defendants also argue that the declaration was not filed in support of any motion or oppositions. (Id.)

In his response to the motion to strike, plaintiff states that the Sanchez declaration appears to have been mailed to the court by inmate Sanchez. (ECF No. 63 at 5-6.) Plaintiff alleges that he directed all witnesses to write and submit their declarations to the Clerk of the Court once they were completed. (Id.) Plaintiff alleges that he will use these declarations in support of his summary judgment motion. (Id.)

Plaintiff is informed that other inmates may not directly submit pleadings to the court in this action on plaintiff's behalf. The law requires that only parties themselves, or their legal counsel as permitted by court rule, may plead and conduct their litigation. 28 U.S.C. § 1654. Further, Rule 11, Federal Rules of Civil Procedure, requires that all pleadings and motions be signed by the party or his attorney. Accordingly, defendants' motion to strike the Sanchez declaration is granted.

Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Objections (ECF No. 69) and Defendants' Motion to Strike Plaintiff's Sur-Reply (ECF No. 74)

On October 3, 2017, the undersigned recommended that defendants' motion to dismiss be granted in part and denied in part. (ECF No. 49.) On February 12, 2018, plaintiff filed a motion to strike defendants' response to his objections on the grounds that it was not timely. (ECF No. 69.) On February 27, 2018, defendants filed a motion to strike plaintiff's sur-reply to defendants' reply to plaintiff's objections. (ECF No. 74.)

On March 19, 2018, the Honorable John A. Mendez adopted the October 8, 2017 findings and recommendations. (ECF No. 75.)

The pending motions to strike address pleadings filed in response to the October 3, 2017 findings and recommendations. Because the findings and recommendations have been adopted, the pending motions to strike pleadings related to the findings and recommendations are denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike the declaration of inmate Sanchez (ECF No. 66) is granted; the declaration filed by inmate Sanchez (ECF No. 59) is stricken;

2. Plaintiff's motion to strike (ECF No. 69) and defendants' motion to strike (ECF No. 74) are denied.

Dated: March 22, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.str