XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PHILLIP L. ARTHUR, State Bar No. 238339
Supervising Deputy Attorney General
ANDREA R. SLOAN, State Bar No. 265421
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7362
 Fax: (916) 324-5205
 E-mail: Andrea.Sloan@doj.ca.gov
*Attorneys for Defendants Defazio, Bettencourt, Blessing, Brady, Burke, Drake, Eldridge, Guffee, Lebeck, Martincek, Martinez, Matthews, Mercado, Murillo, Okoroike, Rashev, and Schultz*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **THEON OWENS,**<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**JOSEPH DEFAZIO, et al.,**<br><br>　　　　　　　　　Defendants. | Case No. 2:16-cv-2750 JAM KJN (PC)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge:　　　The Honorable Kendall J. Newman<br>Action Filed:　November 21, 2016 |

Defendants Mercado, Rashev, Brady, Okoroike, Martinez, Murillo, Burke, Blessing, Bettencourt, Lebeck, Guffee, Drake, Defazio, Schultz, Martincek, Eldridge, and Matthews answer Plaintiff's Complaint, filed November 21, 2016, as follows.[1]  Except as expressly admitted, all allegations are denied.

　　1.　In response to section I, "Jury Trial Demanded Complaint For Money Damages," there are no allegations contained in this section to either admit nor deny.

---
[1] For ease of reference, Defendants refer to the complaint by its numbered paragraphs, sections, and/or ECF pagination.

1

2. In response to section II, "Jurisdiction And Venue," Defendants admit this Court has jurisdiction of Plaintiff's federal claims and that jurisdiction is proper in that the events giving rise to Plaintiff's allegations occurred at California State Prison, Sacramento (SAC).

3. In response to section III, "Summary Of The Case," Defendants admit Plaintiff is a prisoner and that Defendants were California Department of Corrections and Rehabilitation (CDCR) employees at all relevant times. Defendants deny they violated any of Plaintiff's constitutional rights.

4. In response to section IV, "Parties," Defendants admit each named prison official was in the position alleged at all times relevant to Plaintiff's complaint. Defendants deny all remaining allegations.

5. In response to section V, "Previous Lawsuits By Plaintiff," Defendants lack sufficient information or belief regarding previous lawsuits filed by Plaintiff, and on that basis, deny the allegations contained in this section.

6. In response to section VI, "Statement Of Facts," paragraphs 29-31-B, Defendants deny the allegations contained in these paragraphs.

7. In response to section VI, "Statement Of Facts," paragraph 31-C, Defendants admit Plaintiff threw an unknown substance, or "gassed," Officer Potter, but deny that the substance thrown on Officer Potter was only tap water. Defendants deny the remaining allegations in this paragraph.

8. In response to section VI, "Statement Of Facts," paragraphs 31-D through 31-I, Defendants lack sufficient information to either admit or deny the allegations contained in these paragraphs, and on that basis, deny them.

9. In response to section VI, "Statement Of Facts," paragraph 32, Defendants admit Plaintiff "gassed" a second officer and that Officers Defazio, Burke, Lebeck, and Brady responded to Plaintiff's cell in order to search it for items used to gas officers. Defendants lack sufficient information to either admit or deny the remaining allegations contained in this paragraph, and on that basis, deny them.

///

10. In response to section VI, "Statement Of Facts," paragraphs 33-34, Defendants lack sufficient information to either admit or deny the allegations contained in these paragraphs, and on that basis, deny them.

11. In response to section VI, "Statement Of Facts," paragraph 35, Defendants admit Officer Lebeck ordered Plaintiff submit to handcuffs, which Plaintiff complied.

12. In response to section VI, "Statement Of Facts," paragraph 36, Defendants deny that Officer Defazio signaled to Control Booth Officer Matthews to open Plaintiff's cell door, as Officer Lebeck made the signal.  Defendants admit Officer Matthews opened Plaintiff's cell door.

13. In response to section VI, "Statement Of Facts," paragraph 37, Defendants admit that as Plaintiff was backing out of his cell, he quickly spun around and head-butted Officer Defazio in the chest.  Defendants admit that Officer Defazio used immediate physical force by punching Plaintiff in the face one time and used his strength and body weight to place Plaintiff on the ground in an attempt to subdue Plaintiff.  Defendants deny the remaining allegations in this paragraph.

14. In response to section VI, "Statement Of Facts," paragraph 38, Defendants admit that Officer Matthews was located in the control booth.  Defendants deny that the control booth was only about 20-25 feet away from Plaintiff's cell.  Defendants further deny that Officer Matthews did not sound the alarm.  Defendants affirmatively allege that Officer Matthews immediately sounded his personal alarm and summoned assistance via his institutional radio as soon as Plaintiff head-butted Officer Defazio.  Defendants also deny that Plaintiff was beaten by officers.

15. In response to section VI, "Statement Of Facts," paragraph 39, Defendants deny they beat Plaintiff.  Defendants lack sufficient information to either admit or deny the remaining allegations contained in this paragraph, and on that basis, Defendants deny them.

16. In response to section VI, "Statement Of Facts," paragraph 40, Defendants admit Officer Defazio punched Plaintiff in the face in an attempt to prevent Plaintiff from further attacking him and other officers as Plaintiff tried to bite Officer Defazio, thrashed his body around, and kicked officers.  Defendants deny that any other officers punched Plaintiff in the face.

17. In response to section VI, "Statement Of Facts," paragraph 41, Defendants deny the allegations in this paragraph.

18. In response to section VI, "Statement Of Facts," paragraph 42, Defendants admit that some of Plaintiff's dreadlocks came out, but deny they tore out the dreadlocks. Defendants admit Plaintiff lost two teeth, but lack sufficient information to admit or deny how Plaintiff lost his teeth, and on that basis deny the manner in which Plaintiff claims his teeth came out. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis, deny them.

19. In response to section VI, "Statement Of Facts," paragraph 43, Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

20. In response to section VI, "Statement Of Facts," paragraph 44, Defendants deny that any Defendants continued to strike Plaintiff. Defendants further deny that Officer Defazio made any derogatory or racist statements.

21. In response to section VI, "Statement Of Facts," paragraph 45, Defendants deny the allegations in this paragraph. Defendants affirmatively allege that Officer Matthews sounded the unit alarm immediately after he observed Plaintiff head-butt Officer Defazio.

22. In response to section VI, "Statement Of Facts," paragraphs 46-48, Defendants deny the allegations in these paragraphs.

23. In response to section VI, "Statement Of Facts," paragraph 49, Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and on that basis, deny them.

24. In response to section VI, "Statement Of Facts," paragraphs 50-57, Defendants admit Officers Drake and Murillo arrived and escorted Plaintiff to a holding cell. Defendants deny the remaining allegations in these paragraphs.

25. In response to section VI, "Statement Of Facts," paragraph 58, Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and on that basis deny them.

26. In response to section VI, "Statement Of Facts," paragraphs 59-65, Defendants deny the allegations contained in these paragraphs.

27. In response to section VI, "Statement Of Facts," paragraph 66, Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and on that basis deny them.

28. In response to section VI, "Statement Of Facts," paragraph 67, Defendants admit Registered Nurse Okoroike medically evaluated Plaintiff shortly after the incident. Defendants further admit Plaintiff alleged officers used excessive force during the medical evaluation. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis deny them.

29. In response to section VI, "Statement Of Facts," paragraph 68, Defendants admit Plaintiff was not removed from the holding cell for his medical evaluation by Registered Nurse Okoroike because he still presented as a threat. Defendants further admit Nurse Okoroike noted the injuries on Plaintiff's face during the medical evaluation. Defendants deny the remaining allegations contained in this paragraph.

30. In response to section VI, "Statement Of Facts," paragraphs 69-71, Defendants lack sufficient information to admit or deny the allegations contained in these paragraphs, and on that basis deny them.

31. In response to section VI, "Statement Of Facts," paragraph 72, Defendants admit the allegations contained in this paragraph.

32. In response to section VI, "Statement Of Facts," paragraphs 73-75, Defendants lack sufficient information to admit or deny the allegations contained in these paragraphs, and on that basis deny them.

33. In response to section VI, "Statement Of Facts," paragraph 76, Defendants admit Plaintiff became verbally assaultive and threatened officers while he was in the triage and treatment area. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis deny them.

///

1    34.    In response to section VI, "Statement Of Facts," paragraph 77, Defendants lack
2 sufficient information to admit or deny the allegations contained in this paragraph, and on that
3 basis deny them.

4    35.    In response to section VI, "Statement Of Facts," paragraph 78, Defendants admit
5 Plaintiff threatened to kill a white officer the day before the incident.  Defendants deny the
6 remaining allegations in this paragraph.

7    36.    In response to section VI, "Statement Of Facts," paragraph 79, Defendants lack
8 sufficient information to admit or deny the allegations contained in this paragraph, and on that
9 basis deny them.

10   37.    In response to section VI, "Statement Of Facts," paragraph 80, Defendants deny that
11 Officer Mercado became upset and yelled at medical staff.  Defendants admit that Officer
12 Mercado denied Plaintiff an ice pack due to the danger Plaintiff presented to himself and others at
13 the time.  Defendants lack sufficient information to admit or deny the remaining allegations
14 contained in this paragraph, and on that basis deny them.

15   38.    In response to section VI, "Statement Of Facts," paragraph 81, Defendants lack
16 sufficient information to admit or deny the allegations contained in this paragraph, and on that
17 basis deny them.

18   39.    In response to section VI, "Statement Of Facts," paragraph 82, Defendants admit the
19 allegations in this paragraph.

20   40.    In response to section VI, "Statement Of Facts," paragraphs 83-85, Defendants deny
21 the allegations contained in these paragraphs.

22   41.    In response to section VI, "Statement Of Facts," paragraph 86, Defendants admit that
23 Psychiatric Technician Boatright medically evaluated Officer Defazio following the incident and
24 noted that Defazio reported pain to his chest from Plaintiff head-butting him.  Defendants deny
25 the remaining allegations contained in this paragraph.

26   42.    In response to section VI, "Statement Of Facts," paragraphs 87-91, Defendants deny
27 the allegations contained in these paragraphs.

28 ///

43. In response to section VI, "Statement Of Facts," paragraphs 92-93, Defendants lack sufficient information to admit or deny the allegations contained in these paragraphs, and on that basis deny them.

44. In response to section VI, "Statement Of Facts," paragraph 94, Defendants deny the allegations contained in this paragraph.

45. In response to section VI, "Statement Of Facts," paragraph 95, Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and on that basis deny them.

46. In response to section VI, "Statement Of Facts," paragraphs 96-98, Defendants deny the allegations contained in these paragraphs.

47. In response to section VI, "Statement Of Facts," paragraphs 99-101, Defendants deny the allegations contained in these paragraphs as the Court dismissed Defendant Couch. *See* ECF Nos. 49, 75.

48. In response to section VI, "Statement Of Facts," paragraph 102, Defendants admit Lt. Schultz was the Senior Hearing Officer (SHO) assigned to hear the Rules Violation Report (RVR) Plaintiff received as a result of the incident. Defendants further admit Plaintiff was assigned a new staff assistant due to the unavailability of his prior staff assistant. Defendants admit SHO Schultz found Plaintiff guilty of the RVR. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis deny them.

49. In response to section VI, "Statement Of Facts," paragraph 103, Defendants admit Plaintiff received a loss of privileges as a result of his RVR. Defendants deny that SHO Schultz failed to follow any policies or procedures. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis deny them.

50. In response to section VI, "Statement Of Facts," paragraph 104, Defendants admit Defendant Eldridge reviewed the RVR and signed off that proper procedure and policy was followed. Defendants deny the remaining allegations contained in this paragraph.

51. In response to section VI, "Statement Of Facts," paragraphs 105-107, Defendants deny the allegations contained in these paragraphs.

52. In response to section VI, "Statement Of Facts," paragraphs 108-110, Defendants lack sufficient information to admit or deny the allegations contained in these paragraphs, and on that basis deny them.

53. In response to section VI, "Statement Of Facts," paragraphs 110-A through 110-F, Defendants deny the allegations contained in these paragraphs as the Court dismissed Defendant Dental Department. *See* ECF Nos. 49, 75.

54. In response to section VII, "Exhaustion Of Administrative Remedies," Defendants lack sufficient information to admit or deny the allegations contained in this section, and on that basis deny them.

55. In response to section VIII, "Causes Of Action," paragraph 112, Defendants incorporate their corresponding admissions and denials for paragraphs 1-111.

56. In response to section VIII, "Causes Of Action," Counts I-VIII, paragraphs 113-127, Defendants deny the allegations contained in these paragraphs as they did not violate Plaintiff's constitutional rights.

57. In response to section IX, "Prayer For Relief," Defendants deny Plaintiff is entitled to any relief, requested or otherwise.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to allege facts sufficient to constitute a claim for punitive damages. Plaintiff failed to show he is entitled to compensatory, or even nominal damages. Specifically, Defendants did not act with negligence toward Plaintiff, let alone reckless or flagrant indifference, or willful, wanton, or malicious disregard to Plaintiff's rights as Defendants did not perform any of the alleged violations to Plaintiff's rights.

### Second Affirmative Defense

To the extent Plaintiff seeks monetary damages against Defendants for actions taken in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution.

///

### Third Affirmative Defense

To the extent Plaintiff failed to exhaust available administrative remedies, his claims are barred by 42 U.S.C. § 1997e.  Based on a review of Plaintiff's inmate appeal history, Plaintiff failed to exhaust his available administrative remedies as to all of the claims or facts alleged against all Defendants in this action.  Therefore, Plaintiff is barred from this lawsuit.

### Fourth Affirmative Defense

Defendants are entitled to immunity and qualified immunity.  Defendants did not violate any clearly established statutory or constitutional rights of Plaintiff.  As Defendants did not perform any of the alleged violations of Plaintiff's rights, a reasonable official in their position would not have known that Defendants' actual conduct violated Plaintiff's rights.

### Fifth Affirmative Defense

Plaintiff's own conduct contributed to his damages, if any.  Plaintiff refused to follow lawful orders issued by correctional officers and attempted to assault staff, necessitating the use of force.

### Sixth Affirmative Defense

Plaintiff failed to mitigate his damages, if any.  Plaintiff refused to follow lawful orders issued by correctional officers and attempted to assault staff, necessitating the use of force.

### Seventh Affirmative Defense

To the extent Plaintiff's damage claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. § 1997e(e).  Plaintiff cannot prove he received more than *de minimis* physical injuries as a result Defendants' alleged actions.

### Eighth Affirmative Defense

This action is barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff received a Rules Violation Report in relation to this incident for his assault on staff, which has not been overturned.

///

///

<u>Ninth Affirmative Defense</u>

Because the complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendants reserve their right to assert additional affirmative defenses, if and to the extent such defenses are applicable.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure Rule 38, Defendants demand that this case be tried before a jury.

**PRAYER FOR RELIEF**

Defendants pray that the Court provide the following relief:

1. Dismissal of the complaint;
2. Entry of judgment for Defendants;
3. An award of costs of suit and attorneys' fees to Defendants; and
4. Such other relief as the Court deems proper.

Dated: April 18, 2018                                     Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PHILLIP L. ARTHUR
Supervising Deputy Attorney General

*/s/ Andrea R. Sloan*

ANDREA R. SLOAN
Deputy Attorney General
*Attorneys for Defendants Defazio, Bettencourt, Blessing, Brady, Burke, Drake, Eldridge, Guffee, Lebeck, Martincek, Martinez, Matthews, Mercado, Murillo, Okoroike, Rashev, and Schultz*

SA2017303176
13019082.docx

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:    **Theon Owens v. Joseph DeFazio, et al.**
No.:          **2:16-cv-2750 JAM KJN (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **April 18, 2018**, I served the attached:

- **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Theon Owens, V-60905
California State Prison, Corcoran
P.O. Box 8800
Corcoran, CA  93212-8309
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 18, 2018**, at Sacramento, California.

| D. Jones | */s/ D. Jones* |
|----------|----------------|
| Declarant | Signature |

SA2017303176
33360412.docx