1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THEON OWENS,                                No.  2: 16-cv-2750 JAM KJN P

12                      Plaintiff,

13           v.                                  ORDER

14   JOSEPH DEGAZIO, et al.,

15                      Defendants.

16

17   I.  Introduction

18           Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to compel.  (ECF No. 83.)

20   Defendants claim that plaintiff failed to participate in his deposition and failed to produce

21   documents requested in the notice of deposition.  Defendants request that the court order plaintiff

22   to appear for and answer questions at a deposition.  Defendants also move to compel plaintiff's

23   responses to their request for production of documents.  Defendants also request that this action

24   be stayed until plaintiff complies with his deposition.  Finally, defendants request that plaintiff be

25   ordered to pay sanctions of $2690.

26           For the reasons stated herein, defendants' motion to compel plaintiff to appear for and

27   answer questions at a deposition is granted.  Defendants' motion to compel with respect to the

28   request for production of documents is granted in part and denied in part.  Defendants' request to

stay proceedings is also granted.  Defendants' request for sanctions is denied.

II.  Background

Defendants argue that during his deposition, plaintiff refused to participate and refused to cooperate with the written discovery process.  The background to this argument follows herein.

On May 8, 2018, defendants served plaintiff with a notice directing him to appear via video conference for a deposition and to produce relevant documents on May 25, 2018.  (ECF No. 83-2 at 7-9.)  Pursuant to Federal Rule of Civil Procedure 34, the notice directed plaintiff to produce the following items for copying and inspection at the deposition:  1) any and all letters, grievances, or inmate appeals submitted by plaintiff in connection with his lawsuit; 2) any and all documents which plaintiff had in his possession or control which related to the issues he alleged were the subject of his lawsuit; 3) any and all written statements plaintiff received from any person concerning the issues plaintiff claimed were the subject of his lawsuit; and 4) any and all documents plaintiff had in his possession or control that plaintiff intended to use at trial.  (Id. at 8.)

Defendants allege that at the deposition, plaintiff refused to provide any documents requested, answer relevant questions, and ultimately refused to cooperate and walked out of the deposition.  In support of the reply to plaintiff's opposition, defendants provided a portion of the deposition transcript which supports their characterization of plaintiff's conduct during the deposition.  (ECF No. 91-1.)  Defendants also separately lodged the entire deposition transcript.  (See ECF No. 92.)

The deposition transcript demonstrates that plaintiff refused to provide defense counsel with any documents that were in his C-file or medical file on the grounds that defense counsel had access to plaintiff's C-file and medical file.  (Id. at 5-6, 26.)  The undersigned observes that plaintiff failed to specifically identify any of the documents from his C-file or medical file which responded to defendants' request for documents.

During the deposition, plaintiff also objected to providing documents on the grounds that he was not required to produce documents to defendants until the filing of a summary judgment motion.  (Id. at 9.)  Defense counsel then explained to plaintiff that the deposition was part of the

2

discovery process.  (Id.)  Defense counsel also explained that during discovery, she was entitled to request documents from plaintiff.  (Id.)  Defense counsel explained that plaintiff was required to produce the requested documents unless he had a valid objection.  (Id.)

The deposition transcript also reveals that plaintiff failed to answer all questions asked by defense counsel.  For example, defense counsel asked plaintiff "[w]ho do you attribute the loss of your teeth to?  What caused it, specifically?"  (Id. at 27.)   In response, plaintiff directed defense counsel to his medical records, which he failed to produce.  (Id.)  After further discussion, plaintiff told defense counsel that his complaint stated that defendant Defazio was the one who punched his teeth out, but a jury could decide if the other defendants were involved.  (Id. at 29.) Defense counsel again asked plaintiff who, specifically, knocked his teeth out.  (Id. at 30.) Plaintiff responded, "Ask them."  (Id.)  Defense counsel stated, "Mr. Owens, answer the question."  (Id.)  Finally, plaintiff answered, "I said Defazio knocked my teeth out.  All right." (Id.)

Shortly after the exchange described above, the transcript indicates that plaintiff became frustrated with the deposition and accused defense counsel of lying for defendants.  (Id. at 31.) Plaintiff then accused defense counsel of making improper hand gestures, which he claimed defense counsel had herself previously made.  (Id. at 31-32.)  Defense counsel then went off the record and requested that a correctional officer be brought into the room where plaintiff was sitting.  (Id. at 32.)  In her declaration submitted in support of the pending motion, defense counsel states that she requested the presence of the officer for the court reporter's safety, and also to have a witness present to observe plaintiff's behavior.  (ECF No. 83-2 at 3.)  Back on the record, defense counsel stated that plaintiff was getting frustrated in the deposition and making it increasingly difficult to proceed.  (ECF No. 91-1 at 32.)

Plaintiff then argued with defense counsel regarding the presence of the officer.  (Id. at 33-36.)  Plaintiff stated that defense counsel was accusing him of acting erratic.  (Id. at 34-35.) Plaintiff then stated that he was done with the deposition.  (Id. at 35.)

////

////

III. <u>Discussion</u>

    A. <u>Legal Standards</u>

    *Depositions*

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court...." Fed. R. Civ. P. 30(a)(1). Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

    *Request for Production of Documents*

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

    B. <u>Request for Production of Documents</u>

In his opposition, plaintiff argues (as he did at the deposition) that he was not required to produce documents that defendants already possessed. (ECF No. 90 at 1.) Plaintiff alleges that he filed objections to the request for production of documents with the court. (<u>Id.</u>) Pursuant to the mailbox rule, on May 22, 2018, plaintiff filed objections to request for production nos. 1 and

2.  (ECF No. 85.)  In his May 22, 2018 pleading, plaintiff alleges that defendants had access to his C-file and medical file.  (Id.)  On this ground, plaintiff objects to producing documents from these files.  (Id.)

In his opposition, plaintiff also objects that defendants' request for production of documents is overbroad, because it does not specify any document requested by date, time or title.  (Id. at 5.)  Plaintiff also argues that he cannot afford to make copies of all the documents defendants request.  (Id.)

In the reply to plaintiff's opposition, defendants argue that plaintiff waived his objection that the request for production of documents is overbroad because he failed to raise this objection at the deposition.  (ECF No. 91 at 2.)  Defendants also argue that plaintiff failed to object to the costs of providing the requested documents at his deposition.  (Id.)  Defendants state that the institution copies all documents plaintiff provides at his deposition free of charge.  (Id.)

At the outset, the undersigned finds that plaintiff's objection that the documents in his C-file and medical file are equally available to defendants is without merit.  Plaintiff is required to produce documents in these files that respond to defendants' requests, even though defendants have access to these files.

Plaintiff's objection that he cannot afford to copy the documents sought is also without merit.  Defendants have represented to the court that plaintiff will not be required to pay the costs of copying the documents he brings to the deposition in response to the request for production of documents.

Plaintiff's objection that defendants' request is overbroad is not valid with respect to request no. 1, which seeks all letters, grievances, or inmate appeals submitted by plaintiff in connection with this lawsuit.  Request no. 1 is sufficiently specific.  Plaintiff's objection that defendants' request is overbroad is also not valid with respect to request no. 4, which seeks any and all documents plaintiff has in his possession which he intends to use at trial.  Request no. 4 is not overbroad.  Accordingly, the motion to compel is granted as to request nos. 1 and 4.  Plaintiff shall provide documents responsive to these requests at his re-noticed deposition.

////

Plaintiff's objection that defendants' request is overbroad is valid with respect to request nos. 2 and 3. Request no. 2 seeks, "any and all documents…which relate to the issues" alleged in this action. Request no. 3 seeks, "any and all written statements …concerning the issues" alleged in this action. These requests are overbroad as to scope and time

However, plaintiff's objection that the requests are overbroad is untimely. Rule 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause excuses the objection." See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). "Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33." Liguori v. Hansen, 2012 WL 760747, *11 (D.Nev.2012), citing Fifty–Six Hope Road Music. Ltd. v. Maya Collections, Inc., 2007 WL 1726558 (D.Nev.2007). Liguori further states that "[c]ourts, however, retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." Id.

As a pro se litigant, plaintiff is entitled to some leniency. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). The undersigned also observes that this action proceeds against seventeen defendants. While related, plaintiff's claims against all defendants are not identical. Under these circumstances, requiring a pro se litigant to produce "any and all" documents and written statements which "concern" this action is impractical. For example, plaintiff would be required to provide defendants with his complaint in response to request no. 2. For these reasons, the undersigned finds good cause to relieve plaintiff from the waiver of his untimely objection that request nos. 2 and 3 are overbroad.

Accordingly, defendants' motion to compel is denied as to request nos. 2 and 3. Hunt v. County of Orange, 672 F.3d at 616 (district courts have broad discretion to manage discovery); Thomas v. Heberling, 2015 WL 2358891 at *2 (E.D. Cal. 2015 (to the extent possible, court will endeavor to resolve motion to compel on the merits).

Defendants will be required to re-notice plaintiff's deposition. Accordingly, if defendants include a request for production of documents in the written re-notice of deposition, they shall re-phrase request nos. 2 and 3 so that they are not overbroad. Plaintiff is warned that his failure to

6

provide the requested documents may result in the imposition of sanctions, including dismissal of this action.

### C. Plaintiff's Conduct

In his opposition, plaintiff argues that after he told defense counsel that he would not provide the requested documents, defense counsel "became agitated and began harassing, attacking, assaulting and interrupting" plaintiff during the remainder of the deposition. (ECF No. 90 at 1-2.) Plaintiff alleges that based on defense counsel's inappropriate conduct, he felt "substantially justified" when he ended the deposition early. (Id. at 2.)

The undersigned has reviewed the deposition transcript and finds that plaintiff's description of defense counsel's conduct is not accurate. The undersigned finds that defense counsel's claim that plaintiff failed to cooperate in the deposition is supported by the transcript. During portions of the deposition, plaintiff was argumentative and failed to answer several of the questions posed to him. Defense counsel did not act improperly when she requested that a correctional officer remain in the room with plaintiff and the court reporter. Plaintiff did not have a valid reason to end the deposition. Accordingly, defendants' request that plaintiff be compelled to provide testimony at a deposition is granted.

### D. Request for Sanctions

As stated above, under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent. Defendants request that plaintiff pay $2690 in sanctions, which represents the costs associated with the "failed deposition," and the costs involved in preparing the motion to compel.[1]

In determining whether to impose sanctions, plaintiff's pro se status and almost certain inability to pay monetary sanctions, are properly considered factors. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Plaintiff's trust account statement, while submitted when plaintiff filed this action in November 2016, indicated that plaintiff had very little money in his

---

[1] The undersigned observes that the deposition began at 9:27 a.m. and ended at 11:49 a.m.

trust account.[2]  For these reasons, the undersigned finds that the imposition of sanctions is not warranted at this time.  However, if plaintiff fails to cooperate at his re-noticed deposition, he will likely face sanctions, including monetary sanctions or dismissal of this action.

E. Modification of Scheduling Order

Defendants request that the scheduling order be modified so that this action is stayed for the limited purpose of allowing defendants to take plaintiff's deposition.

Pursuant to the April 25, 2018 scheduling order, the discovery deadline is August 10, 2018, and the pretrial motion deadline is November 2, 2018.  (ECF No. 79.)

Plaintiff has three pending discovery motions:  1) motion for third party production of documents (ECF No. 88); 2) motion to compel responses to request for production of documents (ECF No. 93); and 3) motion to compel responses to interrogatories and requests for admissions (ECF No. 95).  Defendants have not responded to these motions.

The undersigned finds that deferring resolution of plaintiff's pending discovery motions until defendants have taken plaintiff's deposition, and plaintiff has complied with a re-noticed request for production of documents, is warranted.  At the completion of plaintiff's deposition, the undersigned will direct defendants to respond to plaintiff's pending discovery motions.

The undersigned will also vacate the discovery deadline and pretrial motion deadline.  At the completion of plaintiff's deposition, the undersigned will issue a further scheduling order.

F. Plaintiff's Motion to File Sur-Reply

On July 20, 2018, plaintiff filed a motion for permission to file a sur-reply to defendants' reply to his opposition to the pending motion to compel.  (ECF No. 94.)  A sur-reply is not warranted regarding this matter.  Accordingly, plaintiff's motion to file a sur-reply is denied.

////

---

[2]  Plaintiff's deposition testimony also suggests that plaintiff has mental health issues.  For example, plaintiff testified that he had been "temporarily" subject to a Keyhea order, although it is not clear that plaintiff's mental health issues contributed to the problems at the deposition. (Plaintiff's deposition at 20.)  Keyhea v. Rushen, 178 Cal.App.3d 526, 542, 223 Cal. Rptr. 746 (Cal. Ct. App. 1986), sets forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.  These orders are commonly referred to as Keyhea orders.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 83) is granted in part;

2. Defendants' motion to compel is granted with respect to the request that plaintiff be ordered to appear for and answer questions at a deposition; within twenty days of the date of this order, defendants shall serve plaintiff with a notice of deposition and request for production of documents;

3. Defendants' motion to compel is granted with respect to request for production of documents nos. 1 and 4, and denied with respect to requests nos. 2 and 3;

4. Defendants' request for sanctions is denied, without prejudice;

5. Plaintiff's motion for third party production of documents (ECF No. 88) and motions to compel (ECF Nos. 93, 95) are vacated pending reinstatement following plaintiff's deposition;

6. The August 10, 2018 discovery deadline and November 2, 2018 dispositive motion deadline are vacated;

7. Plaintiff's motion to file a sur-reply (ECF No. 94) is denied.

Dated: July 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.com