UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS, | No. 2: 16-cv-2750 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH DEGAZIO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' second motion to compel filed October 5, 2018. For the reasons stated herein, defendants are ordered to file further briefing.

Background

On May 30, 2018, defendants filed the first motion to compel. (ECF No. 83.) Defendants claimed that plaintiff failed to participate in his deposition, held May 25, 2018, and failed to produce any documents requested in the notice of deposition. Defendants requested that the court order plaintiff to appear for and answer questions at a deposition. Defendants also moved to compel plaintiff's responses to their request for production of documents. Defendants also requested that plaintiff be ordered to pay sanctions of $2690.

In her declaration filed in support of the pending motion to compel, defense counsel states that on June 7, 2018, she "served plaintiff with a request for production of documents in an

attempt to obtain documents plaintiff refused to provide in the deposition." (ECF No. 102-2 at 2.)

On or around July 23, 2018, defendants received plaintiff's response to the June 7, 2018 request for production of documents. (Id.) According to defense counsel, "[m]ost of the responses simply referred defendants to the attached documents without indicating which of the over 200 documents corresponded to which request." (Id.)

On July 27, 2018, the undersigned granted defendants' first motion to compel plaintiff to appear for and answer questions at his deposition. (ECF No. 96.) The undersigned also granted in part and denied in part defendants' first motion to compel with respect to the request for production of documents. In particular, the undersigned denied the motion to compel with respect to request nos. 2 and 3 on the grounds that those requests were overbroad. The undersigned ordered that if defendants included a request for production of documents in the written re-notice of deposition, they were to re-phrase request nos. 2 and 3. The undersigned warned that plaintiff's failure to provide the requested documents may result in the imposition of sanctions. In the July 27, 2018 order, the undersigned denied defendants' request for sanctions.

On July 27, 2018, defendants served plaintiff with a notice to appear via video conference for a video recorded deposition and to produce relevant documents on September 18, 2018. (ECF No. 102-2 at 2.) In the pending motion to compel, defendants state that the July 27, 2018 notice "included more specific request for production," apparently in response to the undersigned's July 27, 2018 order. (ECF No. 102-1 at 2.)

On or about August 16, 2018, defense counsel received two large manila envelopes containing over 1,200 pages of documents and a letter from plaintiff indicating that these documents were a further response to the request for production of documents served on plaintiff on June 7, 2018. (ECF No. 102-2 at 2.) According to defense counsel, these documents were not labeled in any way to indicate which documents corresponded to which requests. (Id.)

On September 18, 2018, defense counsel conducted plaintiff's deposition. (Id.) At the deposition, plaintiff attempted to give defense counsel nearly an identical uncategorized stack of documents to the 1,200 documents previously provided. (Id.) Defense counsel asked plaintiff if he marked which request to which the documents were responsive. (Deposition at 12.) Plaintiff

2

responded that he had not, because he was not asked to mark any documents. (Id.) Plaintiff stated that he was just asked to bring documents that were responsive to the requests. (Id.) Defense counsel advised plaintiff that when you respond to requests for production of documents, you usually state which documents are responsive to which requests. (Id.) Defense counsel told plaintiff that he had ten days to organize his documents and mark which ones were responsive to which requests. (Id.)

Plaintiff did not provide defense counsel with a response indicating which documents corresponded to which requests. (ECF No. 102-2 at 3.) Instead, on September 28, 2018, plaintiff filed a "motion for clarification." (ECF No. 100.) In this motion, plaintiff seeks clarification from the court as to whether he is required to number the pages of his responses to the discovery requests, identifying which request the document addressed.

Discussion

After reviewing defendants' second motion to compel, it is unclear to the undersigned whether defendants' motion addresses the June 7, 2018 and July 27, 2018 requests for production of documents, or only the July 27, 2018 request for production of documents.[1] Within ten days, defendants shall file further briefing clarifying this matter.

If the second motion to compel addresses both the June 7, 2018 and July 27, 2018 requests for production of documents, for the reasons stated herein, defendants shall address which requests for production are at issue.

It appears that the June 7, 2018 and July 27, 2018 requests for production of documents largely seek the same information. For example, request nos. 3 and 4 of the June 7, 2018 request for production ask plaintiff to provide any documentation supporting his claim that defendants Martincek and Okoroike conspired with other defendants to violate his rights following the February 18, 2015 incident. (Id. at 8-9.) Request no. 2 of the July 27, 2018 request for production asks plaintiff for all documents relating to his claim that defendants Okoroike and/or

---

[1] It appears that defendants intended for the July 27, 2018 request for production of documents to supersede the June 7, 2018 request for production of documents. In that case, the June 7, 2018 request for production of documents may no longer be at issue.

| | |
|---|---|
| 1 | Martincek engaged in a conspiracy with any other defendants in relation to the alleged excessive |
| 2 | force incident on February 18, 2015. (Id. at 27.) These requests appear to seek the same |
| 3 | documents. |
| 4 | If the motion to compel addresses both the June 7, 2018 and July 27, 2018 requests for |
| 5 | production of documents, in the further briefing, defendants shall address which requests are at |
| 6 | issue. The undersigned will not order plaintiff to respond to duplicative requests for production |
| 7 | of documents. However, plaintiff could also eliminate the need for further briefing or potential |
| 8 | sanctions if he promptly informs defense counsel which documents are intended to be responsive |
| 9 | to which requests. |
| 10 | Accordingly, IT IS HEREBY ORDERED that defendants shall file the further briefing |
| 11 | discussed above within ten days of the date of this order. |
| 12 | Dated: May 23, 2019 |

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.fb

4