UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>  Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' second motion to compel filed October 5, 2018.

In the second motion to compel, defendants argue that plaintiff failed to provide adequate responses to a request for production of documents served on plaintiff on July 27, 2018.[1] Defendants argue that plaintiff provided them with approximately 1,200 pages of documents which do not indicate which documents respond to which requests. Defendants request that plaintiff be ordered to organize his approximately 1,200 pages of document production and indicate which documents respond to which requests. Defendants also request that plaintiff be ordered to pay sanctions of $1,020.

---

[1] On May 30, 2019, defendants clarified that the motion to compel addresses the request for production served on plaintiff on July 27, 2018. (See ECF No. 118.)

1

1       For the reasons stated herein, defendants' motion is granted.  Defendants request for
2 sanctions is denied without prejudice.

Background

      On May 30, 2018, defendants filed the first motion to compel.  (ECF No. 83.)  Defendants claimed that plaintiff failed to participate in his deposition, held May 25, 2018, and failed to produce any documents requested in the notice of deposition.  Defendants requested that the court order plaintiff to appear for and answer questions at a deposition.  Defendant also moved to compel plaintiff's responses to their request for production of documents.  Defendants also requested that plaintiff be ordered to pay sanctions of $2,690.

      In her declaration filed in support of the pending motion to compel, defense counsel states that on June 7, 2018, she "served plaintiff with a request for production of documents in an attempt to obtain documents plaintiff refused to provide in the deposition."  (ECF No. 102-2 at 2.)

      On or around July 23, 2018, defendants received plaintiff's response to the June 7, 2018 request for production of documents.  (Id.)  According to defense counsel, "[m]ost of the responses simply referred defendants to the attached documents without indicating which of the over 200 documents corresponded to which request."  (Id.)

      On July 27, 2018, the undersigned granted defendants' first motion to compel plaintiff to appear for and answer questions at his deposition.  (ECF No. 96.)  The undersigned granted in part and denied in part defendants' first motion to compel with respect to the request for production of documents.  In particular, the undersigned denied the motion to compel with respect to request nos. 2 and 3 on the grounds that these requests were overbroad.  The undersigned ordered that if defendants included a request for production of documents in the written re-notice of deposition, they were to re-phrase request nos. 2 and 3.  The undersigned warned that plaintiff's failure to provide the requested documents may result in the imposition of sanctions.  In the July 27, 2018 order, the undersigned denied defendants' request for sanctions.

      On July 27, 2018, defendants served plaintiff with a notice to appear via video conference for a video recorded deposition and produce relevant documents on September 18, 2018.  (ECF No. 102-2 at 2.)  In the pending motion to compel, defendants state that the July 27, 2018 notice

"included more specific request for production," apparently in response to the undersigned's July 27, 2018 order. (ECF No. 102-1 at 2.)

On or about August 16, 2018, defense counsel received two large manila envelopes containing over 1,200 pages of documents and a letter from plaintiff indicating that these documents were a further response to the request for production of documents served on plaintiff on June 7, 2018. (ECF No. 102-2 at 2.) According to defense counsel, these documents were not labeled in any way to indicate which documents corresponded to which requests. (Id.)

On September 18, 2018, defense counsel conducted plaintiff's deposition. (Id.) At the deposition, plaintiff attempted to give defense counsel nearly an identical uncategorized stack of documents to the 1,200 documents previously provided. (Id.) Defense counsel asked plaintiff if he marked which request the documents were responsive to. (Deposition at 12.) Plaintiff responded that he had not, because he was not asked to mark any documents. (Id.) Plaintiff stated that he was just asked to bring documents that were responsive to the requests. (Id.) Defense counsel advised plaintiff that when you respond to requests for production of documents, you usually state which documents are responsive to which requests. (Id.) Defense counsel told plaintiff that he had ten days to organize his documents and mark which ones were responsive to which requests. (Id.)

Plaintiff did not provide defense counsel with a response indicating which documents corresponded to which requests. (ECF No. 102-2 at 3.) Instead, on September 28, 2018, plaintiff filed a "motion for clarification." (ECF No. 100.) In this motion, plaintiff seeks clarification from the court as to whether he is required to number the pages of his responses to the discovery requests, identifying which requests the documents address.

Discussion

A party producing documents in response to a request for production of documents "must … organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "Rule 34(b)(2)(E)(i) is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." City of Colton v. American Promotional Events, Inc., 277 F.R.D. 578, 584 (C.D. Cal. 2011) (citation omitted). See also

S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 409-10 (S.D. N.Y. 2009) (noting that "[i]n most cases, documents produced pursuant to Rule 34 will be organized by subject matter or category. The provision prohibits 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought.'") (footnote omitted).

Plaintiff does not dispute that the documents he provided defendants in response to the July 27, 2018 request for production of documents were not organized to correspond to the categories in the request, as required by Federal Rule of Civil Procedure 34(b)(2)(E)(i). For this reason, defendants' motion to compel is granted. Within thirty days of the date of this order, plaintiff shall provide defendants with an amended response to the July 27, 2018 request for production of documents. The documents contained in the amended response will be numbered and indicate which documents respond to which requests.

Motion for Sanctions

Federal Rule of Civil Procedure 37(a)(5)(A)(iii) provides that the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney's fee unless other circumstances make an award of expenses unjust. Defendants argue that plaintiff should be ordered to pay the attorney's fees of $1,020 for defense counsel's time in preparing the motion to compel. Defendants argue that the court previously denied monetary sanctions in defendants' first motion to compel, citing plaintiff's indigence. Defendants state that on June 27, 2018, plaintiff settled another case in this court for approximately $15,000. Defendants argue that after receiving these funds, plaintiff will be able to pay sanctions for his poor conduct in this case.

The June 7, 2018 and July 27, 2018 requests for production of documents largely seek the same information. For example, request nos. 3 and 4 of the June 7, 2018 request for production asked plaintiff to provide any documentation supporting his claim that defendants Martincek and Okoroike conspired with other defendants to violate his rights following the February 18, 2015 incident. Request no. 2 of the July 27, 2018 asked plaintiff for all documents relating to his claim that defendants Okoroike and/or Martincek engaged in a conspiracy with any other defendants in relation to the alleged excessive force incident on February 18, 2015.

////

4

It appears that defendants served the July 27, 2018 request for production of documents in response to the undersigned's July 27, 2018 order addressing the first motion to compel.[2] Nevertheless, the undersigned is concerned that defendants served these largely duplicative requests on a pro se litigant. It also appears that defendants may have incurred less than $1,020 in attorney's fees in preparing the instant motion had they not served both the June 7, 2018 and July 27, 2018 requests for production of documents. For these reasons, the undersigned finds that monetary sanctions are not warranted at this time. However, if plaintiff does not comply with the undersigned's instructions regarding his amended response to the July 27, 2018 request for production of documents, the undersigned will impose appropriate sanctions.

Plaintiff's Request for Clarification

In his request for clarification filed September 28, 2018, plaintiff also alleges that at the deposition, defense counsel asked plaintiff for documents that were not identified in the request for production of documents regarding matters unrelated to this action. Plaintiff seeks clarification regarding whether he is required to produce these documents.

If plaintiff refuses to produce the documents he claims are not relevant, which were not requested in the July 27, 2018 request for production of documents, defendants may file a motion to compel. The undersigned will not address discovery disputes until they are raised in a motion to compel.

Plaintiff's Motion for Return of Property

On October 15, 2018, plaintiff filed a motion requesting that prison officials return his legal property. (ECF No. 104.) Plaintiff alleges that on September 26, 2018, prison officials

---

[2] On May 25, 2019, the undersigned ordered defendants to clarify whether the second motion to compel addressed both the June 7, 2018 and July 27, 2018 requests for production of documents, or only the July 27, 2018 request for production of documents. (ECF No. 116.) On May 30, 2019, defendants informed the court that the second motion to compel addresses only the July 27, 2018 request for production of documents. (ECF No. 118.) Defendants state that the July 27, 2018 request for production of documents supersedes the initial request served June 7, 2018. (Id.) Defendants request that plaintiff be ordered to organize the 1,200 pages of documents he gave defendants in response to the July 28, 2018 request for production of documents. (Id.) In the second motion to compel, defendants requested that plaintiff be compelled to organize his approximately 2,500 pages of document production, in apparent reference to plaintiff's responses to the June 7, 2018 and July 27, 2018 requests. (ECF No. 102-1 at 3.)

confiscated his legal property after placing him in administrative segregation ("ad seg").

After filing the motion for return of legal property, plaintiff filed several pleadings including a notice of change of address stating that on May 17, 2019 he was transferred to Pelican Bay State Prison. (See ECF No. 117.) Based on these pleadings, it appears that plaintiff's legal property has been returned. For these reasons, plaintiff's motion for return of legal property is denied. However, plaintiff shall notify the court if he is still without his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 102) is granted; within thirty days of the date of this order, plaintiff shall provide defendants with an amended response to the request for production of documents served July 27, 2018 in compliance with this order;

2. Defendants' motion for sanctions (ECF No. 102) is denied without prejudice;

3. Plaintiff's motion for return of legal property (ECF No. 117) is denied.

Dated: June 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.com(2)