UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>　　　　Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br>ORDER |

I. Introduction

　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2018, the undersigned vacated plaintiff's June 4, 2018 motion for third party production of documents and plaintiff's motions to compel, filed July 16, 2018 and July 20, 2018, pending reinstatement following plaintiff's deposition. (ECF No. 96.) On October 17, 2018, the undersigned vacated plaintiff's August 10, 2018 motion to compel without prejudice to its reinstatement following resolution of defendants' October 5, 2018 motion to compel. (ECF No. 105.)

　　Plaintiff has been deposed and defendants' October 5, 2018 motion to compel is resolved. (See ECF No. 119.) Accordingly, plaintiff's vacated discovery motions are reinstated. Defendants are ordered to respond to plaintiff's motions to compel filed July 16, 2018, and July 20, 2018. (ECF Nos. 93, 95.)

1

For the reasons stated herein, plaintiff's June 4, 2018 motion for third party production of documents and August 10, 2018 motion to compel are denied.

A. June 4, 2018 Motion for Third Party Production of Documents (ECF No. 88)

Plaintiff requests that the court order the United States Marshal to serve subpoenas on three inmates who agreed to be witnesses on plaintiff's behalf. Plaintiff alleges that he is seeking affidavits from these inmates.

"[A] subpoena duces tecum cannot be used to order the production of an affidavit." West v. Dixon, 2014 WL 114659 at 1 (E.D. Cal. 2014) (denying plaintiff's request for a subpoena duces tecum to obtain sworn declarations from other inmates). In accordance with Fed. R. Civ. P. 45, a subpoena "may command a person to attend a trial, hearing, or deposition" or produce "documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(c) (1-2). "An unexecuted and likely undrafted declaration of a non-party is not an existing document in anybody's possession, custody or control. Therefore, a request to subpoena a non-party to produce an affidavit, such as plaintiff is requesting here, is beyond the scope of Rule 45." West, 2014 WL 114659, at *1 (citing Johnson v. Dovey, 2010 WL 1957278 at * 1 (E.D. Cal. 2010)).

An affidavit from another inmate is not something that may be properly obtained through a subpoena. Accordingly, plaintiff's motion for third party production of documents is denied.

B. August 10, 2018 Motion to Compel (ECF No. 98)

Defendants have not filed a response to the August 10, 2018 motion to compel. However, the undersigned does not require a response from defendants because this motion to compel is without merit for the reasons stated herein.

In this motion to compel, plaintiff objects to defendants' responses to seventeen depositions by written questions. Defendants objected to all of plaintiff's depositions on the grounds that plaintiff failed to obtain leave of court for these depositions. Defendants also objected on the grounds that plaintiff failed to serve the depositions on an officer of the Court or a court reporter and failed to arrange for the taking of a written deposition, pay for that deposition, or show that he has funds to do so.

////

| | |
|---|---|
| 1 | Depositions by written questions must be taken pursuant to the procedures set forth under |
| 2 | Federal Rule of Civil Procedure 31. |

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)).

Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations omitted).

Courts have found a failure to make these showings defeats a motion to take depositions. See Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007).

The undersigned does not understand defendants' objection that plaintiff erroneously served his requests for written depositions on seventeen defendants. However, defendants' other objections have merit. Federal Rule of Civil Procedure 31(a)(2)(A)(i) requires a party to obtain leave of court to take more than ten depositions by written question. Plaintiff failed to obtain leave of court before serving his seventeen depositions by written questions.

In addition, plaintiff's notice of written deposition questions failed to identify the officer taking the depositions and the date and time for the depositions. Plaintiff also failed to show that he could pay the costs associated with written depositions, including fees for a deposition officer and court reporter, the costs of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). As discussed above, plaintiff's indigent status does not entitle him to a waiver of fees.

////

For the reasons discussed above, plaintiff failed to make the required showing to conduct depositions by written questions. Accordingly, plaintiff's August 10, 2018 motion to compel defendants to respond to his depositions by written questions is denied.

D. Remaining Matters

On April 9, 2019, plaintiff filed a motion for court assistance to set up eight depositions by written questions for defendants Guffee, Blessing, Maritincek, Defazio, Bettencourt, Okoroike, Schultz and Eldridge. (ECF No. 113.) While the court vacated the August 10, 2018 discovery cut-off date in the July 27, 2018 order, the undersigned construes plaintiff's motion for court assistant to set up depositions by written questions as a motion to reopen discovery.

Deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

Plaintiff alleges that he recently received $15,000 after settling a lawsuit. Plaintiff alleges that after paying court and state fees owed, he has $3,313.49 in his trust account. Based on this balance in his trust account, plaintiff alleges that he can now afford to conduct depositions by written question on eight defendants. Plaintiff also states that on December 11, 2018, he contacted the "Esquire" office to obtain information regarding how to pay for, set up and schedule a deposition. Plaintiff alleges that an Esquire employee told plaintiff that because he was not an attorney and incarcerated, plaintiff's assigned judge would have to set up and schedule the deposition for him. Plaintiff requests court assistance in "setting up" his depositions by written question.

Attached to plaintiff's August 10, 2018 motion to compel is a letter from defense counsel to plaintiff dated June 19, 2018. (ECF No. 98 at 53.) In this letter, defense counsel states that should plaintiff "properly notice depositions and pay for them, defendants will work with you to arrange for depositions, written or otherwise." (ECF No. 98 at 53.)

While plaintiff requests court assistance in setting up his depositions by written questions, it appears that defendants can assist plaintiff with this matter. Accordingly, defendants are ordered to file a response to plaintiff's April 9, 2019 motion. Defendants shall address whether plaintiff has shown good cause to reopen discovery to permit him to depose defendants by written questions.[1] Defendants shall address whether $3,319.49 is sufficient to pay for the eight proposed depositions.[2]

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

////

---

[1] Because plaintiff recently received the money enabling him to pay for depositions by written questions, it appears that plaintiff acted diligently in filing the pending motion.

[2] The undersigned observes that many of the proposed deposition questions, attached to plaintiff's August 10, 2018 motion to compel, could just have easily been asked in interrogatories. If the undersigned finds that plaintiff has shown good cause to reopen discovery, the undersigned may direct the parties to meet and confer to discuss whether the proposed deposition questions may be construed as interrogatories, which may result in a more efficient resolution of the pending discovery request.

But for the pending discovery matters discussed in this order, discovery is closed. Following resolution of these matters, the court will set a deadline for the filing of dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 4, 2018 motion for third party production of documents (ECF No. 88), July 16, 2018 motion to compel (ECF No. 93), July 20, 2018 motion to compel (ECF No. 95), and August 10, 2018 motion to compel (ECF No. 98) are reinstated;

2. Plaintiff's June 4, 2018 motion for third party production of documents (ECF No. 88) is denied;

3. Plaintiff's August 10, 2018 motion to compel (ECF No. 98) is denied;

4. Within thirty days of the date of this order, defendants shall file a response to plaintiff's motions to compel filed July 16, 2018, and July 20, 2018 (ECF Nos. 93, 95);

5. Within twenty-one days of the date of this order, defendants shall file a response to plaintiff's April 9, 2019 motion for court assistance to set up depositions by written question (ECF No. 113);

6. Plaintiff's June 24, 2019 motion for appointment of counsel (ECF No. 120) is denied.

Dated: July 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.clp(2).kc