UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>    Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 19, 2019, the undersigned reinstated plaintiff's vacated motions to compel filed July 16, 2018 and July 20, 2018. (ECF No. 124.) The undersigned also ordered defendants to file a response to plaintiff's April 9, 2019 motion for court assistance to set up depositions by written question. (Id.) Discovery is otherwise closed.

    On August 19, 2019, defendants filed an opposition to the reinstated motion to compel filed July 20, 2018. (ECF No. 128.) On August 19, 2019, defendants also filed a response to plaintiff's April 9, 2019 motion for court assistance to set up depositions by written questions. (ECF No. 127.) On August 21, 2019, defendants filed an amended opposition to plaintiff's motion to compel filed July 16, 2018. (ECF No. 130.)

    The undersigned addresses these pending matters herein.

## II. Legal Standard for Motion to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

## III. Motion to Compel Filed July 20, 2018 (ECF No. 95)

Plaintiff moves to compel further responses to interrogatories and requests for admissions.

### A. Interrogatories

In the response to this motion, defendants state that on May 4, 2018, plaintiff served defendants with a request for production of documents and a request for interrogatories. (ECF No. 128 at 6-11.) On May 16, 2018, defense counsel sent plaintiff a letter advising plaintiff that she could not respond because the interrogatories were not directed to a specific defendant. (Id. at 14.) However, on June 15, 2018, defendants responded to plaintiff's request for interrogatories and request for production of documents. Defendants objected to each interrogatory as procedurally defective because Federal Rule of Civil Procedure 33 does not provide for joint responses by multiple parties. (Id. at 17-30.) Defendants also objected that plaintiff improperly combined his interrogatories with his request for production of documents. (Id.)

On June 14, 2018, plaintiff sent each defendant a separate request for interrogatories. (Id. at 2.) Defendants did not respond. (Id.) The exhibits attached to plaintiff's motion to compel confirm that the interrogatories served on the individual defendants on June 14, 2018, are the

2

same interrogatories served on defendants on May 4, 2018.

In the opposition, defendants state that in the pending motion to compel, plaintiff has moved to compel responses to the request for interrogatories sent to the individual defendants on June 14, 2018. Defendants do not oppose this request but require additional time to respond.

Good cause appearing, plaintiff's motion to compel is denied as to the interrogatories served on May 4, 2018, because these interrogatories improperly sought joint responses by multiple parties, in violation of Federal Rule of Civil Procedure 33(a). Defendants are granted thirty days from the date of this order to provide plaintiff with responses to the interrogatories served on June 14, 2018. Plaintiff may file a motion to compel within thirty days thereafter.

B. Request for Admissions

On May 22, 2018, plaintiff served defendants with requests for admissions addressed to all defendants. (Id. at 2.) Defendants responded to the requests for admissions, objecting that the requests were procedurally defective because they were not directed to a specific defendant. (Id. at 34-46.) However, each defendant responded to the same request for admission and later sent signed verifications. (Id.)

Federal Rule of Civil Procedure 36(a)(1) does not provide for joint responses by multiple parties to requests for admissions. Therefore, defendants properly objected to the requests as procedurally defective. However, because defendants responded to the requests for admissions, without waiving objections, the undersigned addresses the responses herein.

*Request No. 1*

Request no. 1 asked defendants to admit that plaintiff did not receive his breakfast or lunch on February 18, 2015. (Id. at 34.) Without waiving objections, defendants denied this request. (Id.) The undersigned finds that defendants adequately responded to this request. No further response is required.

*Request No. 2*

Request no. 2 asked defendants to admit that defendant Bettencourt used a wet swab on non-defendant Potter's shirt sleeve. (Id. at 34.) Defendants objected to this request as vague and ambiguous as to time, date and the term "wet swab." (Id.) Without waiving objections,

3

defendants responded that they lacked sufficient information to admit or deny this request and, on that basis, denied the request. (Id.)

Parties have an "obligation to construe … discovery requests in a reasonable manner." Cache LaPoudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618 (D. Colo. 2007); see also King-Hardy v. Bloomfield Board of Education, 2002 WL 32506294 at *5 (D. Conn. 2002) (responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity); McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized ....") (internal quotation marks omitted). A party must also make a reasonable inquiry regarding the necessary information to admit or deny. Fed. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir.1981).

In the complaint, plaintiff alleges that on February 18, 2015, defendant Bettencourt used a wet swab on non-defendant Potter's shirt sleeve. (ECF No. 1 at 17.) The undersigned finds that the term "web swab" is not unduly vague. Defendants are ordered to file an amended response to request no. 2, based on the allegations in plaintiff's complaint at page 17.

*Request No. 3*

Request no. 3 asked defendants to admit that it is prison policy that a supervising official be immediately contacted after allegations of a staff assault, and that an inmate alleged to have committed the assault should not be removed from the cell until the supervisor has arrived. (ECF No. 128 at 34.) Defendants objected that this request was compound, assumed facts not in evidence and was vague as to the term "staff assault." (Id. at 35.) Defendants stated that they were unable to determine if plaintiff referenced an alleged assault by an inmate on staff or an alleged assault by staff on an inmate. (Id.)

Without waiving these objections, and assuming that the first request asked whether prison policy required that a supervising official be immediately contacted after an allegation by correctional staff that they were assaulted by an inmate, defendants admitted this request. (Id.) Assuming that the second request asked whether prison policy required that an inmate alleged to have assaulted correctional staff not be removed from his cell until a supervising official arrived,

4

defendants denied this request. (Id.)

The undersigned finds that defendants adequately responded to request no. 3. No further response is required.

*Request No. 4*

Request no. 4 asked defendants to admit that it is prison policy to clear an alarm if an inmate is still actively resisting. (Id.) Defendants objected to this request on the grounds that it contained an incomplete hypothetical and called for speculation because such decisions were made on a case by case basis. (Id.) Without waiving objections, defendants denied this request. (Id.) The undersigned finds that defendants adequately responded to this request. No further response is required.

*Request No. 5*

Request no. 5 asked defendants to admit that the injuries suffered by plaintiff were serious and constituted S.B.I. (Id. at 36.) Defendants objected to the terms "injuries," "serious," and "S.B.I." on the grounds that they were vague and assumed facts not in evidence. (Id.) Defendants objected that the request called for speculation as to the exact injuries plaintiff referenced. (Id.) Defendants objected that the request called for a legal opinion as to the term "S.B.I.," and a medical opinion concerning an evaluation of plaintiff's alleged injuries. (Id.) In accordance with these objections, defendants could not admit or deny this request. (Id.)

Request no. 5 clearly refers to the injuries plaintiff allegedly suffered following the February 18, 2015 incident. "S.B.I." clearly refers to the term "serious bodily injury."

With regard to defendants' objection that the terms injuries, serious and serious bodily injury are vague, the undersigned observes that Title 15, § 3000, defines serious bodily injury as "a serious impairment of physical condition, including, but not limited to the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."

A response to request no. 5 does not require a legal opinion. However, an ability to respond to request no. 5 requires some medical training. The only defendant with medical training is defendant Okoroike, who plaintiff alleges is a registered nurse.

5

| | |
|---|---|
|1| Defendant Okoroike is directed to file an amended response to request no. 5.  Defendant |
|2| Okoroike is directed to admit or deny that the injuries suffered by plaintiff as a result of the |
|3| February 18, 2015 incident constituted serious bodily injury, as defined by Section 3000 of Title |
|4| 15.  If defendant is unable to respond to this request due to a lack of training, defendant shall |
|5| address why her training precludes a response.  See also Asea, Inc. v. Southern Pac. Transp. Co., |
|6| 669 F.2d 1242, 1247 (9th Cir.1981) (a party must also make a reasonable inquiry regarding the |
|7| necessary information to admit or deny.) |
|8| *Request No. 6* |
|9| Request no. 6 asked defendants to admit that plaintiff was in mechanical restraints during |
|10| the incident in which the plaintiff claims to have been beaten.  (ECF No. 128 at 36.)  Without |
|11| waiving objections, defendants admitted that they placed plaintiff in handcuffs when they |
|12| responded to his cell after plaintiff gassed Officer Bettencourt on February 18, 2015.  (Id. at 37.) |
|13| Defendants further admitted that plaintiff was in handcuffs when he attempted to head butt and |
|14| attack Officer DeFazio on February 18, 2015, and that plaintiff was still in handcuffs when he |
|15| attempted to bite Officer DeFazaio and thrashed his body around, kicking other officers on |
|16| February 18, 2015.  (Id.)  Defendants further admit that plaintiff remained in handcuffs when he |
|17| was escorted to the holding cell after he attacked staff on February 18, 2015.  (Id.)  Defendants |
|18| deny that plaintiff was beaten.  (Id.) |
|19| The undersigned finds that defendants adequately responded to request no. 6.  No further |
|20| response is required. |
|21| *Request No. 7* |
|22| Request no. 7 asked defendants to admit that it is prison policy to do a full body |
|23| inspection after an incident that causes S.B.I.  (Id.)  Without waiving objections, defendants |
|24| admitted that it is procedure for a medical professional to complete a form 7219, Report of |
|25| Medical Injury/Unusual Occurrence, after an incident where force is used.  (Id.)  Defendants deny |
|26| that a "full body inspection" could be performed of plaintiff after the incident on February 18, |
|27| 2015, as plaintiff was highly volatile, aggressive, and threatening the lives of staff members.  (Id.) |
|28| Defendants deny that under the circumstances as presented on February 18, 2015, with plaintiff, |

1 | anyone violated policy by not conducting a full body inspection of plaintiff. (Id.)

The undersigned finds that defendants adequately responded to request no. 7. No further response is required.

*Request No. 8*

Request no. 8 asked defendants to admit that defendant Okoroike did not document all of the injuries sustained by plaintiff on February 18, 2015. (Id. at 38.) Without waiving objections, defendant Okoroike admitted that she documented all visible injuries and all injuries which plaintiff informed her of on February 18, 2015. (Id.) Defendant Okoroike denied that she failed to document any injuries that were visible when she examined plaintiff on February 18, 2015. (Id.) The remaining defendants lack sufficient information to admit or deny this request as they did not perform a medical evaluation of plaintiff on February 18, 2015. (Id.)

In his reply, plaintiff argues that defendant Okoroike did not adequately respond to this claim. (ECF No. 133 at 15.) Plaintiff asks the court to compare exhibits B and L attached to the reply. (Id.) Exhibit B is the report prepared by defendant Okoroike describing the injuries plaintiff suffered on February 18, 2015. (ECF No. 133-1 at 10.) Exhibit L is a report prepared by Nurse Valeva on February 21, 2015, describing plaintiff's injuries. (Id. at 32.) Plaintiff appears to argue that the injuries described by Nurse Valeva are more extensive than those described by defendant Okoroike.

Rule 36(a)(6) provides that the requesting party may move to determine the sufficiency of a response. However, requests for admission do not provide a party a vehicle to establish disputed facts. See Jefferson v. Perez, 2012 WL 671917 at *1 (E.D.Cal. 2012). Similarly, Rule 36 also does not authorize a court to make a factual determination about the responding party's denial. U.S. v. Operation Rescue Nat'l, 111 F.Supp.2d 948, 968 (S.D. Ohio 1992), nor does the Rule allow the court to determine the accuracy of a denial. Merix Pharmaceutical Corporation v. EMS Acquisition Corporation, 2010 WL 3781013 at * 6 (N.D. Ill. 2010).

Plaintiff apparently claims that defendant Okoroike failed to document all of the injuries he suffered on February 18, 2015. Plaintiff is improperly attempting to use a request for admission to establish this disputed fact. The undersigned finds that defendant Okoroike

7

adequately responded to request for admission no. 8.

*Request No. 9*

Request no. 9 asked defendants to admit that prison policy requires that all staff who have either used or observed force being used are required to submit a written report. (Id.) Without waiving objections, defendants admitted this request. (ECF No. 128 at 38.) The undersigned finds that defendant adequately responded to this request. No further response is required.

*Request No. 10*

Request no. 10 asked defendants to admit that, "[P]rison policy requires that all staff whose names have been mentioned in an incident report, as being involved in the incident, are required to write a report." (Id. at 39.) Without waiving objections, defendants denied this request. (Id.)

Citing several regulations attached as exhibit H to his reply, plaintiff argues that defendants failed to adequately respond to this request. (ECF No. 133 at 15.) Plaintiff appears to claim that a regulation requires staff whose names are mentioned in an incident report to write reports, contrary to defendants' response to request no. 10.

Plaintiff is disputing the accuracy of defendants' denial of request no. 10. As discussed above, Rule 36 does not allow the court to determine the accuracy of a denial to a request for admission. Merix v. Pharmaceutical Corporation v. EMS Acquisition Corporation, 2010 WL 3781013 at *6. Accordingly, no further response to request no. 10 is required.

*Request No. 11*

Request no. 11 asked defendants to admit that defendant Martincek did not document all of the injury's plaintiff sustained on February 18, 2015. (ECF No. 128 at 39.) Without waiving objections, defendant Martincek admitted that he documented all injuries noted on the 7219 Medical Report completed on February 18, 2015. (Id.) Defendant Martincek denied that he failed to document any injuries noted on the 7219 Medical Report. (Id.) The remaining defendants lacked sufficient knowledge to either admit or deny this request and, on that basis, denied it. (Id.)

In his reply, plaintiff argues that defendant Martincek did not properly respond to request

8

no. 11. Plaintiff argues that request no. 11 did not ask defendants to admit whether defendant Martincek documented all injuries noted on the 7219 Medical Report. Plaintiff argues that defendant Martincek personally witnessed all of the injuries he suffered on February 18, 2015, which plaintiff alleges included injuries in addition to those described in the 7219 Medical Report.

The 7219 report referred to by defendants is apparently the report prepared by defendant Okoroike describing plaintiff's injuries following the February 18, 2015 incident. (See ECF No. 133-1 at 10 (7219 report).) Defendant Martincek is ordered to clarify his response to request no. 11. Defendant Martincek is ordered to clarify whether he observed injuries to plaintiff in addition to those noted on the 7219 report, and whether he documented those additional injuries.

*Request No. 12*

Request no. 12 asked defendants to admit that, "defendant Martincek's incident report statement was not alleged by any of the other defendants in their report statements." (ECF No. 128 at 40.) Defendants objected to this request as unintelligible, and vague and overbroad as to what portion of defendant Martincek's report was inconsistent with the other officers' report. (Id.) Based on these objections, defendants were unable to admit or deny this request. (Id.)

The undersigned finds that defendants objections to request 12 have merit. No further response is required.

*Request No. 13*

Request no. 13 asked defendants to admit that it is the policy of the prison that custody staff are not to interfere with ordered medical treatment. (Id.) Without waiving objection, defendants admitted that officers are not to interfere with medical treatment so long as that treatment does not place staff, the inmate, or other inmates at risk of injury. (Id.)

The undersigned finds that defendants adequately responded to request no. 13. No further response is required.

*Request No. 14*

Request no. 14 asked defendants to admit that plaintiff requested witnesses to attend the disciplinary hearing. (Id. at 41.) Defendants objected that this request assumed facts not in

9

evidence, specifically that any alleged requested witnesses had relevant information. (Id.) Defendants also objected that it was not clear as to which disciplinary hearing plaintiff referred. (Id.) Plaintiff received multiple rules violation reports on February 18, 2015, and surrounding time frame, which resulted in disciplinary hearings. (Id.) Therefore, defendants could not determine which disciplinary hearing this request referred to. (Id.)

Without waiving these objections, and assuming that plaintiff was referring to RVR log number EOP 15-02-058 dated February 18, 2015, defendants Schultz and Eldridge admitted this request. (Id.) The remaining defendants denied this request based on a lack of sufficient knowledge. (Id.)

The undersigned finds that defendants have adequately responded to request no. 14. No further response is required.

*Request No. 15*

Request no. 15 asked defendants to admit that plaintiff requested documentary evidence to accompany him at the disciplinary hearing. (Id.) Without waiving objections, and assuming that plaintiff was referring to RVR log number EOP 15-02-058 dated February 18, 2015, defendants Schultz and Eldridge denied this request. (Id. at 42.) The remaining defendants denied this request based on a lack of sufficient knowledge. (Id.)

In the reply, plaintiff argues that defendants have sufficient information to admit request no. 15. (ECF No. 133 at 16-17.) Plaintiff cites exhibit QQ-3 attached to the reply. (Id. at 17.) Plaintiff argues that this exhibit demonstrates that he requested documentary evidence to accompany him to the disciplinary hearing.

Exhibit QQ-3 is a form prepared by Correctional Officer Demps regarding EOP-15-02-0258.[1] (ECF No. 133-1 at 110.) The form indicates that plaintiff requested the following evidence: medical report, CDCR 7219, photos, dental reports and nursing reports. (Id.) It is not clear from the form whether plaintiff asked for his investigative employee to obtain this evidence for plaintiff to review before the hearing, or whether plaintiff asked his investigative employee to

---

[1] The form inaccurately identifies the rule violation report as "EOP-16-02-058." (ECF No. 133-1 at 110.)

10

| | |
|---|---|
| 1 | bring this evidence to the hearing. |
| 2 | In any event, plaintiff is disputing the accuracy of defendants' denial of request no. 15. |
| 3 | As stated above, Federal Rule of Civil Procedure Rule 36 does not authorize a court to make a |
| 4 | factual determination about the responding party's denial. <u>U.S. v. Operation Rescue Nat'l</u>, 111 |
| 5 | F.Supp.2d 948, 968 (S.D.Ohio 1992), nor does the Rule allow the court to determine the accuracy |
| 6 | of a denial. <u>Merix Pharmaceutical Corporation v. EMS Acquisition Corporation</u>, 2010 WL |
| 7 | 3781013 at * 6 (N.D. Ill. 2010). No further response to request no. 15 is required. |
| 8 | *Request No. 16* |
| 9 | Request no. 16 asked defendants to admit that the reason defendant Schultz gave for not |
| 10 | addressing plaintiff's requested witnesses was inadequate. (ECF No. 128 at 42.) Defendants |
| 11 | objected to this request on the following grounds: 1) the request assumed facts not in evidence, |
| 12 | i.e, that any alleged requested witnesses were not addressed as part of any particular disciplinary |
| 13 | hearing; 2) the request is vague as to which disciplinary plaintiff refers; 3) the term "inadequate" |
| 14 | is vague; and 4) the request calls for speculation. (<u>Id.</u> at 43.) Based on these objections, |
| 15 | defendants were unable to admit or deny this request. (<u>Id.</u>) |
| 16 | In request no. 16, plaintiff clearly refers to the disciplinary hearing concerning RVR Log |
| 17 | number EOP 15-02-0258 dated February 18, 2015. Therefore, the request is not vague as to |
| 18 | which disciplinary hearing plaintiff refers. However, defendants' other objections to this request |
| 19 | have merit. Accordingly, no further response to this request is required. |
| 20 | *Request No. 17* |
| 21 | Request no. 17 asked defendants to admit that it is not the Investigative Employee's role |
| 22 | to decline to ask questions of witnesses. (<u>Id.</u>) Defendants responded by denying this request. |
| 23 | (<u>Id.</u>) |
| 24 | In his reply, plaintiff cites his exhibit J as evidence that defendants inaccurately denied |
| 25 | request no. 17. (ECF No. 133 at 17.) Plaintiff's exhibit J is a letter to plaintiff from M. Voong, |
| 26 | the Chief of the Office of Appeals, addressing plaintiff's concerns regarding a disciplinary |
| 27 | hearing. (ECF No. 133-1 at 29-30.) The undersigned cannot determine which disciplinary |
| 28 | hearing M. Voong's letter addresses. |

M. Voong states, in relevant part, "It is documented the IE [Investigative Employee] declined to ask questions after they determined the questions were not relevant. This is inappropriate as this is not the IE's role. This should be determined by the SHO. Clearly a due process violation which requires reissuance and hearing of the RVR." (Id. at 29.)

Plaintiff's exhibit J indicates that Investigative Employees should not decline to ask questions which they deem not relevant. While plaintiff's exhibit J suggests that defendants' response to request no. 17 is not entirely accurate, plaintiff may not dispute the accuracy of defendants' response. Merix Pharmaceutical Corporation v. EMS Acquisition Corporation, 2010 WL 3781013 at * 6 (N.D. Ill. 2010). Accordingly, no further response to request no. 17 is required.

*Request No. 18*

Request no. 18 asked defendants to admit that, "it is the policy to document a reason for denying witnesses requested to attend a hearing. And that a failure to document a reason would violate prison policy." (ECF No. 128 at 43.) Defendants objected to this request as compound and calling for a legal conclusion. (Id. at 44.) Without waiving objections, defendants Schultz and Eldridge admitted that it is a policy to document the reason for denying a requested witness at a hearing on a rules violation report. (Id.) The remaining defendants lacked sufficient knowledge to admit or deny this request. (Id.)

The undersigned finds that defendants adequately responded to request no. 18. Accordingly, no further response is required.

*Request No. 19*

Request no. 19 asked defendants to admit that it is prison policy to have an inmate sign a CDCR 1150A form, or to document the refusal to sign the form. (Id.) Without waiving objections, defendants Martincek, Schultz and Eldridge admitted that if an inmate postpones the Rules Violation Report hearing pending the District Attorney referral, or if the inmate waives the assignment of an Investigative Employee, it is the policy for the inmate to sign a CDCR form 115-A, or for staff to document the inmate's refusal to do so. (Id.) The remaining defendants denied this request due to lack of sufficient knowledge. (Id. at 45.)

12

The undersigned finds that defendants adequately responded to request no. 19. Accordingly, no further response is required.

*Request No. 20*

Request no. 20 asked defendants to admit that is it the supervisor's job to gather incident reports from all staff in involved in an incident. (Id. at 45.) Without waiving objections, defendant admitted this request. (Id.)

The undersigned finds that defendants adequately responded to request no. 20. Accordingly, no further response is required.

*Request No. 21*

Request no. 21 asked defendants to admit that it is the policy of the CDCR to notify an inmate any time a change of staff assistance has occurred during the disciplinary process. (Id.) Without waiving objections, defendants admitted this request. (Id. at 46.)

The undersigned finds that defendants adequately responded to request no. 21. Accordingly, no further response is required.

*Conclusion*

Defendants are ordered to provide a further response to request no. 2. Defendant Okoroike is ordered to provide a further response to request no. 5. Defendant Martincek is ordered to file a further response to request no. 11. Plaintiff's motion to compel with respect to the requests for admissions is denied in all other respects.

IV. Plaintiff's April 9, 2019 Motion For Court Assistance (ECF No. 113)

In this motion, plaintiff requested court assistance to set up eight depositions by written questions for defendants Guffee, Blessing, Martincek, Defazio, Bettencourt, Okoroike, Schultz and Eldridge. On July 19, 2019, the undersigned ordered defendants to file a response to plaintiff's motion. (ECF No. 129.)

In their response to the July 19, 2019 order, defendants state that counsel met and conferred with plaintiff on August 15, 2019, to discuss whether plaintiff would prefer to submit interrogatories to the defendants, to save time and resources. (ECF No. 127.) Plaintiff agreed to propound interrogatories but reserved the right to conduct depositions by written questions should

the responses to interrogatories be unsatisfactory. (Id.) Defendants state that counsel and plaintiff would meet and confer again on August 21, 2019, to discuss the matter further. (Id.) Neither plaintiff nor defendants have informed the court of the outcome of their August 21, 2019 meeting.

The undersigned observes that in the response to the July 20, 2018 motion to compel, defendants request that the court limit plaintiff's interrogatory requests to twenty-five, including the interrogatories that plaintiff seeks to propound instead of conducting depositions by written questions. (ECF No. 128 at 3.) Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). On June 14, 2018, plaintiff served the individual defendants with 21 interrogatories. Defendants apparently request that plaintiff be allowed to serve four additional interrogatories on each defendant.

Plaintiff agreed to serve additional interrogatories, in lieu of conducting depositions by written questions, to save time and resources. Federal Rule of Civil Procedure 31 (addressing depositions by written questions) does not limit the number of deposition questions that may be asked. The undersigned will not penalize plaintiff for choosing to serve additional interrogatories, rather than conducting depositions by written questions, by limiting the number of interrogatories he may serve, as requested by defendants.

However, because plaintiff has had adequate opportunity to conduct discovery, the court will limit the number of additional interrogatories plaintiff may serve on each defendant to ten interrogatories, i.e., in addition to those previously served on June 14, 2018. Plaintiff may file a motion to compel if he is dissatisfied with defendants' responses. Because plaintiff has been granted adequate opportunity to conduct discovery, plaintiff will not be allowed to conduct depositions by written questions if he is dissatisfied with defendants' responses. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962) (courts are invested with inherent powers that "'are governed not by rule or statute but by the control necessarily vested in courts to manage their affairs to as to achieve the orderly and expeditious disposition of cases.'"); Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg.

1  Corp., 982 F.2d 363, 368 (9th Cir. 1992) (the Ninth Circuit "has recognized as part of a district
2  court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive
3  to the conduct of a fair and orderly trial.")

Accordingly, within thirty days of the date of this order, plaintiff may serve each defendant with ten additional interrogatories. Defendants are granted thirty days to serve their response to these interrogatories on plaintiff. Plaintiff may file a motion to compel within thirty days thereafter.

V. Plaintiff's Motion to Compel Filed July 16, 2018 (ECF No. 93)

In the motion to compel, plaintiff argues that defendants failed to adequately respond to a request for production of documents and a request to inspect things. (ECF No. 93 at 3.) Plaintiff argues that defendants objected to most of his requests because disclosure would create a hazard to the safety and security of the institution. (Id. at 5.)

On August 21, 2019, defendants filed an amended opposition to plaintiff's July 16, 2018 motion to compel. (ECF No. 130.) Defendants argue that the motion to compel should be denied because plaintiff failed to identify which discovery responses he challenged. Defendants argue that plaintiff failed to provide any substantive argument as to why each response was deficient. Defendants argue that merely submitting a request for production of documents to the court and suggesting that defendants' responses were not improper is not sufficient.

The undersigned agrees with defendants that plaintiff has not met his burden of establishing that defendants' responses are inadequate. In the motion to compel, plaintiff failed to identify which response he challenged. Plaintiff also failed to provide any substantive argument as to why each response was deficient. However, in his reply, plaintiff attempts to clarify the discovery responses he disputes and why. (ECF No. 132.)

Plaintiff's July 16, 2018, motion to compel is denied because plaintiff did not meet his burden of demonstrating (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. See McCoy v. Ramirez, 2016 WL 3196738 at *1

(E.D. Cal. 2016).

Because plaintiff attempted to cure the defects discussed above in his reply, plaintiff is granted thirty days to file an amended motion to compel regarding his request for production of documents and request for production of things.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 20, 2018 motion to compel (ECF No. 95) is denied with the following exceptions: defendants shall provide a further response to request for admissions no. 2; defendant Okoroike shall provide a further response to request for admission no. 5; defendant Martincek shall provide a further response to request for admission no. 11; the further responses are due within thirty days of the date of this order;

2. Defendants are granted thirty days from the date of this order to provide plaintiff with responses to the interrogatories served on June 14, 2018. Plaintiff may file a motion to compel within thirty days thereafter;

3. Plaintiff's July 16, 2018 motion to compel (ECF No. 93) is denied; plaintiff is granted thirty days from the date of this order to file an amended motion to compel regarding his request for inspection of things and request for production of documents addressed in the July 16, 2018 motion to compel;

4. Plaintiff's April 9, 2019 motion for court assistance to set up depositions by written questions (ECF No. 113) is deemed resolved;

5. Plaintiff may serve defendants with ten additional interrogatories within thirty days of the date of this order; defendants' responses are due thirty days thereafter; plaintiff may file a motion to compel within thirty days thereafter.

Dated: October 7, 2019

Owen2750.com(2)

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff did not provide the court with a copy of the privilege log provided to him by defendants in response to his request for production of documents. If plaintiff files an amended motion to compel, he shall include the privilege log.

16