UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON OWENS,

    Plaintiff,

v.

JOSEPH DEGAZIO, et al.,

    Defendants.

No. 2: 16-cv-2750 JAM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a competency hearing and for appointment of a guardian ad litem. Also pending before the court is plaintiff's motion to seal documents filed in support of the motion for a competency hearing and for appointment of a guardian ad litem. (ECF No. 136.)

For the reasons stated herein, plaintiff's motion to seal is granted. Plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is denied.

<u>Motion to Seal</u>

Plaintiff has moved to seal his motion for a competency hearing and for appointment of a guardian ad litem and the medical records attached to the motion. Plaintiff's motion for a competency hearing and for appointment of a guardian ad litem discusses the medical records attached to the motion.

1

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. at 1180 (quoting Phillips ex re. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).)

Because plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is a non-dispositive motion, the undersigned applies the good cause standard to consider plaintiff's motion to seal. After reviewing plaintiff's motion for a competency hearing and for appointment of a guardian ad litem, and the attached medical records, the undersigned finds good cause to seal these documents. These documents are only relevant to plaintiff's motion for a competency hearing and for appointment of a guardian ad litem. Plaintiff has not sought to use the information in these pleadings in support of the merits of the instant action. Accordingly, plaintiff's motion to seal these documents is granted.

Motion for Competency Hearing and For Appointment of Guardian Ad Litem

*Legal Standard*

Under Federal Civil Procedure Rule 17, courts can appoint a guardian ad litem or issue another appropriate order to protect a minor or incompetent person." Fed. R. Civ. P. 17(c)(2); see also Local Rule 202(a). The court is under a "legal obligation to consider whether an incompetent person is adequately protected." United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986)); see also Davis v. Walker, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue was raised. See, e.g., Forte v. County of Merced, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)).

////

The standard for determining competency is supplied by the law of the plaintiff's domicile. See Fed. R. Civ. P. 17(b)(1). Plaintiff is domiciled in California. Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)); see also Cal. Civ. Proc. Code § 372(a) ("When ... a person who lacks legal capacity to make decisions ... is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem.").

Under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing. See Hoang Minh Tran v. Gore, 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013); see also Shack v. Knipp, 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard. See Allen, 408 F.3d at 1152–54; see also Hoang Minh Tran, 2013 WL 1625418, at *3. Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings. See AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (citing In re Christina B., 19 Cal. App. 4th 1441, 1450 (1993)).

*Analysis*

In the motion for a competency hearing and for appointment of a guardian ad litem, plaintiff argues that his mental illness has "taken from him" the cognitive skills necessary for him to represent himself without the assistance of counsel or a guardian ad litem. Plaintiff alleges that he has and will continue to experience frequent mental health crises. In the motion for a competency hearing, plaintiff describes his mental health diagnoses, his mental health history and the medication he takes to treat his mental health conditions. The undersigned has reviewed plaintiff's medical records regarding his mental health attached to his motion for a competency

hearing and for appointment of a guardian ad litem.

The undersigned acknowledges that plaintiff has been diagnosed with a mental illness for which he receives treatment. However, the record in this case demonstrates that plaintiff is capable of understanding the nature and consequences of this proceeding. Plaintiff has competently litigated this action since he filed it approximately three years ago. The record demonstrates that plaintiff has recently conducted discovery. On October 24, 2019, plaintiff filed a 71 pages long motion to compel. (ECF No. 137.) Plaintiff's October 24, 2019 motion to compel is coherent and organized.

Despite having serious mental illness issues, plaintiff has competently litigated this action. Plaintiff has demonstrated an ability to meaningfully participate in these proceedings. The record demonstrates that plaintiff has the capacity to understand the nature and consequences of these proceedings. For these reasons, the undersigned finds that plaintiff is competent to litigate this action. Accordingly, plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file under seal his motion for a competency hearing and for appointment of a guardian ad litem, and the attached medical records, (ECF No. 136) is granted;
2. Plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is denied.

Dated: November 13, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Owen2750.seal