UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>  Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2020, the undersigned issued an order granting in part and denying in part plaintiff's amended motion to compel filed October 24, 2019. (ECF Nos. 137, 151.) The undersigned ordered defendants to file a further response to request for production of things no. 1 within fourteen days. (ECF No. 151.) The undersigned also ordered defendants to submit within fourteen days, for in camera review, two copies of documents sought in request for production of documents nos. 1-11 and 21. (Id.) Defendants were to produce one clean copy of these documents and one copy containing proposed redactions. (Id.)

On February 5, 2020, the undersigned ordered defendants to show cause why sanctions should not be imposed for their failure to comply with the January 10, 2020 order. (ECF No. 153.) On February 12, 2020, defendants filed a response to the order to show cause. (ECF No. 154.) Good cause appearing, the order to show cause is vacated.

1

The undersigned herein addresses defendants' response to the January 10, 2020 order.

Response to Request for Production of Things No. 1

Request no. 1 asked defendants to produce photographs of the "personal bike glove" worn by defendants DeFazio, Blessing, Brady, Lebeck, Burk, Bettencourt and Rashev. (ECF No. 137 at 10.) In the January 10, 2020 order, the undersigned ordered defendants to file an amended response to request no. 1 clarifying whether no photographs of bike gloves exist or whether no photographs of any gloves worn by defendants on February 18, 2015 exist. (ECF No. 151 at 3.)

Defendants' amended response to request no. 1 states,

> Defendants have conducted a diligent search and made reasonable inquiries, but because defendants were not wearing gloves during the incident, defendants are unable to comply with this request as no photographs were taken of bike gloves on February 18, 2015, and such photographs do not exist.

(ECF No. 154 at 8.)

Defendants have adequately responded to request no. 1. No further response to this request is required.

Request nos. 1-11, 21

Request nos. 1-11 and 21 sought documents related to the investigation of the alleged excessive force. In the opposition to the motion to compel, defendants argued that these documents were protected by the official information privilege. (ECF No. 151 at 6.) In support of this claim, defendants cited the privilege log and declaration of Lieutenant M. Lujan attached to the opposition. (Id. at 6-7.)

With respect to the claim of privilege, "[f]ederal common law recognizes a qualified privilege for official information… To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted).

A party claiming that information is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to

assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). In addition to a privilege log, a party seeking to invoke the official information privilege and prevent disclosure must submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns:

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

In the January 10, 2020 order, the undersigned summarized M. Lujan's declaration. (ECF No. 151 at 7-8.) The undersigned found that defendants withheld every document sought in request nos. 1-11 and 21 without regard to its content or importance to this case. (Id. at 8.) Defendants did not address the importance of the documents to plaintiff, notwithstanding the case law which requires a balancing of the benefits against the harm of disclosure. (Id., citing Wells v. Gonzales, 2019 WL 4054022 at *4 (E.D. Cal. Aug. 28, 2019), citing Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990).)

In the January 10, 2020 order, the undersigned further found that defendants failed to address any specific harm posed by the production of the withheld documents. (Id. at 9.) Defendants did not contend that any specific document threatened the safety and security of the institution, staff or inmates based on its content. (Id.) Instead, defendants relied on the declaration of M. Lujan for the proposition that disclosure of any and all withheld documents would endanger the safety of staff and inmates. (Id.) However, the Lujan declaration did not specifically address any of the documents actually withheld. (Id.)

As stated in the January 10, 2020 order, defendants' claim that they may withhold every document related to the investigation of the allegations of excessive force from discovery is not legally supported. See Wells v. Gonzales, 2019 WL 4054022 at *6 ("In conclusion, Defendant's

3

claim that she may withheld every document regarding any grievance, confiscation slip, incident report, or investigation at the prison from discovery is not legally well supported."); Harris v. German, 2019 WL 4640503 at *8-9 (E.D. Cal. Sep. 24, 2019) (in case where prisoner alleged excessive force, court ordered defendants to produce redacted investigation report after balancing benefits against harm of disclosure); Caruso v. Solorio, 2018 WL 2021019 at *4-5 (E.D. Cal. May 1, 2018) (court overrules official information privilege as to witness statements and evidence as described in order); Watkins v. Murphy, 2018 WL 5278819 (E.D. Cal. 2018) (in case where prisoner alleged excessive force, following in camera review, court allowed prisoner to review documents sought in discovery and to take notes).

Accordingly, on January 19, 2020, the undersigned ordered defendants to submit the documents sought in request nos. 1-11 and 21 for in camera review. Defendants were ordered to submit a clean copy of these documents and a copy containing proposed redactions. The undersigned stated that he would review these documents and determine whether limited and/or redacted disclosure of these documents to plaintiff was appropriate, subject to a protective order.

Defendants submitted the documents sought in request no. 1-11 and 21. After reviewing these documents, the undersigned finds that these documents are relevant to this action. These documents largely contain defendants' version of events. The statements of the reporting officers are factually based and do not appear to include any confidential information. The disclosure of the redacted versions of these documents will not discourage the institution's investigative process.

Recognizing the privacy rights of witnesses in the reports and the interests of prison security, the undersigned finds that it is appropriate to permit plaintiff to review the redacted version of these documents. Defendants are directed to make arrangements with the California State Prison-Sacramento ("CSP-Sac") Litigation Coordinator for plaintiff to review these redacted documents. The review shall be two hours in length, and plaintiff shall be provided with paper and writing material and be permitted to take notes. Plaintiff shall not be permitted to take possession of the reviewed documents. These precautions address defendants' institutional security concerns.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended motion to compel (ECF No. 137) is deemed resolved;
2. Defendants shall arrange with the CSP-Sac Litigation Coordinator for plaintiff to review the redacted documents; this review shall occur within thirty days of the date of this order;
3. The February 5, 2020 order to show cause is discharged.

Dated: February 21, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.doc