UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>    Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 7, 2019, the undersigned issued an order addressing several discovery motions filed by plaintiff. (ECF No. 134.) In the October 7, 2019 order, the undersigned ordered defendants to file a further response to request for admissions nos. 2 and 5. (Id. at 16.) The undersigned also granted defendants thirty days to provide plaintiff with responses to the interrogatories served on June 14, 2018. (Id.)

Pending before the court is plaintiff's December 23, 2019 motion to compel. (ECF No. 146.) In this motion, plaintiff moves to compel further responses to request for admissions nos. 2 and 5, discussed in the October 7, 2019 order. Plaintiff also moves to compel further responses to defendants' responses to his June 14, 2018 interrogatories.

Defendants did not respond to plaintiff's December 23, 2019 motion to compel.

/////

1

For the reasons stated herein, plaintiff's December 23, 2019 motion to compel as to requests for admissions nos. 2 and 5 is denied. Defendants are ordered to respond to the December 23, 2019 motion to compel addressing their responses to plaintiff's June 14, 2018 interrogatories. In the response to the motion to compel, defendants shall also address whether the motion to compel is timely and whether they have provided plaintiff with signed copies of responses.[1]

Request for admissions no. 2 asked defendants to admit that defendant Bettencourt used a wet swab on non-defendant Potter's shirt sleeve. (ECF No. 134 at 3.) Defendants objected to this request as vague and ambiguous as to time, date and the term "wet swab." (Id.) Without waiving objection, defendants responded that they lacked sufficient information to admit or deny this request and, on that basis, denied the request. (Id. at 3-4.)

In the October 7, 2019 order, the undersigned observed that in the complaint, plaintiff alleged that on February 18, 2015, defendant Bettencourt used a wet swab on non-defendant Potter's shirt sleeve. (Id. at 4.) The undersigned found that the term "web swab" was not unduly vague. (Id.) Defendants were ordered to file an amended response to request no. 2 based on the allegations in plaintiff's complaint on page 17. (Id.)

In the amended response, without waiving objection, defendants responded that they lacked sufficient information to admit or deny request no. 2, and, on that basis, deny it. (ECF No. 146 at 132.) The undersigned finds that defendants adequately responded to request no. 2. No further response is required.

Request no. 5 asked defendants to admit that the injuries suffered by plaintiff were serious and constituted S.B.I. (ECF No. 134 at 5.) The undersigned ordered defendant Okoroike to file an amended response to request no. 5. (Id. at 6.) The undersigned ordered defendant Okoroike to admit or deny that the injuries suffered by plaintiff as a result of the February 18, 2015 incident constituted serious bodily injury, as defined by Section 3000 of Title 15. (Id.)

---

[1] In the motion to compel, plaintiff alleges that the responses to the interrogatories were not signed by defendants. Instead, defense counsel informed plaintiff that signed copies would follow under separate cover. (See ECF No. 146 at 38.)

Without waiving objection, in the amended response, defendant Okoroike stated that assuming plaintiff is referring to the injuries he suffered as a result of his self-injurious behavior that occurred on February 18, 2015, and based on the definition of Serious Bodily Injury as set forth in the California Code of Regulation, title 15, § 3000, which states: "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring suturing; and disfigurement," the request is admitted as plaintiff received four sutures. (ECF No. 146 at 130.)

The undersigned finds that defendant Okoroike adequately responded to request no. 5. No further response is required.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 23, 2019 motion to compel (ECF No. 146) is denied as to request for admissions nos. 2 and 5;
2. Within thirty days of the date of this order, defendants shall file a response to the December 23, 2019 motion to compel addressing their responses to interrogatories served on June 14, 2018; plaintiff may file a reply within twenty-one days thereafter.

Dated: March 4, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Owen2750.com(3)