UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>    Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to consolidate the instant action with 19-cv-1683 MCE DMC P. (ECF No. 160.) Also pending is plaintiff's motion to stay this action. (ECF No. 161.)

For the reasons stated herein, plaintiff's motion to consolidate and motion to stay are denied.

Motion to Consolidate

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions; we review its decision on consolidation under an abuse of discretion standard.").

1

The gravamen of the instant action is plaintiff's claim that he was subject to excessive force on February 18, 2015.  (ECF No. 1.)  In case 19-cv-1683, plaintiff alleges that he was subject to excessive force on November 3, 2015.  (See 19-cv-1683 at ECF No. 1.)  The defendants named in case 19-cv-1683 are not named as defendants in the instant action.  Accordingly, plaintiff's motion to consolidate is denied because the excessive force incidents alleged in the instant action and case 19-1683 do not involve common questions of fact.

Motion to Stay

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).  "The proponent of the stay bears the burden of establishing its need."  Id. at 708.  The following factors shall be considered when determining if a stay is appropriate:  (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 268 (9th Cir. 1962).)

In the pending motion, filed March 30, 2020, plaintiff requests that this action be stayed until he is released from the mental hospital.  Plaintiff alleges that on February 24, 2020, he was admitted to the Mental Health Crisis Bed ("MHCB") Unit at the California Health Care Facility ("CHCF").  Plaintiff alleges that while in the MHCB Unit, he will not be allowed to have pens or legal papers in his cell.  Plaintiff alleges that he will be allowed access to a pen outside of his cell for thirty minutes a day.  Plaintiff also alleges that his legal materials are at Corcoran State Prison.  Plaintiff requests that this action be stayed for thirty days so that doctors may treat him and then release him back to the general population, where he can receive his legal property.

The undersigned is not inclined to stay this action which has been pending for over three years, even for the brief time requested.  Staying this action will further delay its resolution.  Instead, plaintiff may file requests for extension of time, if appropriate, if he is unable to litigate

1 | this action based on limited access to legal materials.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to consolidate (ECF No. 160) is denied;
2. Plaintiff's motion to stay this action (ECF No. 161) is denied.

Dated:  April 27, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Owen2750.con

3