UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>　　　　Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for an extension of time to file a motion to compel. (ECF No. 167.) Also pending is plaintiff's motion to compel filed December 8, 2019.[1] (ECF No. 146.)

Motion for Extension of Time to File Motion to Compel

On January 10, 2020, the undersigned issued an order granting in part and denying in part plaintiff's amended motion to compel filed October 24, 2019. (ECF Nos. 137, 151.) In relevant part, the undersigned ordered defendants to submit within fourteen days, for in-camera review, two copies of the documents sought in request for production of documents nos. 1-11 and 21. (ECF No. 151.) Defendants were to produce one clean copy of these documents and one copy

---

[1] The undersigned calculates the filing date of the motion to compel pursuant to the mailbox rule.

1

1   containing proposed redactions.  (Id.)

2   Defendants submitted the documents for in camera review.  After conducting the in-
3   camera review, on February 21, 2020, the undersigned ordered defendants to arrange with the
4   Litigation Coordinator for plaintiff to review the redacted documents within thirty days.  (ECF
5   No. 156.)

6   In the pending motion, plaintiff seeks an extension of time to file a motion to compel
7   based on his March 20, 2020 review of the redacted documents.  (ECF No. 167.)  Plaintiff alleges
8   that during this review, he "became aware that all of the documents permitted by the court for
9   reviewing (see ECF No. 156) were not included in the 20-page stack of papers.  I also found other
10  issues that were extremely bothersome that I want to address."  (Id. at 3.)  Plaintiff requests an
11  extension of time to file a motion to compel addressing the alleged bothersome issues and to
12  compel defendants to allow him to review all the documents addressed by the undersigned in the
13  February 21, 2020 order.  Plaintiff alleges that he is currently in the Department of Mental Health
14  and is without access to his legal property, books or supplies.

15  Plaintiff does not specifically allege why he believes he did not review all of the
16  documents the undersigned ordered defendants to make available for plaintiff's review in the
17  February 21, 2020 order.  Plaintiff also does not describe any of the issues he found "bothersome"
18  during the review.

19  While plaintiff may be without access to his legal property, books and supplies, the
20  undersigned will not grant plaintiff an extension of time to file a motion to compel based on the
21  vague and unsupported allegations in the pending motion.  Moreover, the undersigned did not
22  intend for plaintiff to file additional discovery motions based on his review of these documents.
23  Accordingly, plaintiff's motion for an extension of time to file a motion to compel is denied.
24  However, the undersigned will direct defendants to respond to plaintiff's claim that he was not
25  permitted to review all the documents addressed by the undersigned in the February 21, 2020
26  order.

27  ////

28  ////

1  December 18, 2019 Motion to Compel

2  On October 7, 2019, the undersigned granted defendants thirty days from the date of the
3  order to provide plaintiff with responses to interrogatories served on June 14, 2018.  (ECF No.
4  134 at 3.)  The undersigned ordered that plaintiff could file a motion to compel regarding
5  defendants' responses to the June 14, 2018 interrogatories within thirty days thereafter.  (Id.)

6  On December 18, 2019, plaintiff filed the pending motion to compel challenging
7  defendants' responses to the June 14, 2018 interrogatories.  (ECF No. 146.)  On March 5, 2020,
8  the undersigned ordered defendants to respond to plaintiff's December 18, 2019 motion to
9  compel.   (ECF No. 158.)  The undersigned ordered defendants to address whether the motion to
10 compel was timely and whether they provided plaintiff with signed copies of responses to the
11 interrogatories.  (Id.)

12 On April 3, 2020, defendants filed an amended opposition to plaintiff's December 18,
13 2019 motion to compel.  (ECF No. 163.)  Defendants state that they served plaintiff with verified
14 responses to the June 14, 2018 interrogatories.  Defendants also argue that the motion to compel
15 should be denied as untimely.  Defendants do not address the merits of plaintiff's motion to
16 compel.

17 In support of their argument that the motion to compel is not timely, defendants state that
18 on November 6, 2019, they served plaintiff with responses to his interrogatories.  (Id. at 10.)
19 Defendants state that on December 8, 2019, plaintiff served defendants and the court with a
20 motion for an extension of time to file a motion to compel.  (Id. at 24.)  The motion for extension
21 of time sought an additional fifteen days to file the motion to compel.  (Id. at 23.)  However, this
22 motion was not filed with the court.  Defendants argue that even if the motion for extension of
23 time had been filed, it was filed beyond the thirty days allocated by the court to file the motion to
24 compel.  Therefore, defendants argue, plaintiff's December 18, 2019 motion to compel is
25 untimely.

26 Thirty days from November 6, 2019, was December 6, 2019.  Therefore, defendants are
27 correct that even if the motion for extension of time had been filed with the court, it was filed two
28 days beyond the thirty days allocated by the undersigned to file the motion to compel.

It is not clear why the court failed to receive plaintiff's motion for an extension of time to file the motion to compel. The proof of service for this motion indicates that the motion was served on the court. (Id. at 24.) In the motion for extension of time, plaintiff did not address why the motion was served two days past the deadline for filing the motion to compel. However, in the motion for extension of time, plaintiff alleged that he did not have access to his legal property in order to prepare the motion to compel. The undersigned also observes that plaintiff sought a fifteen-day extension of time to file the motion to compel. The motion to compel was filed within fifteen days of December 6, 2019.

Based on the circumstances discussed above, and plaintiff's pro se status, the undersigned would have granted plaintiff's motion for extension of time to file the motion to compel had it been filed with the court. For these reasons, the undersigned finds that plaintiff's December 8, 2019 motion to compel is timely. Defendants are directed to file a response to plaintiff 's December 18, 2019 motion to compel further responses to interrogatory nos. 5-11, 13 and 18.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a motion to compel (ECF No. 167) is denied;

2. Within thirty days of the date of this order, defendants shall file a response to plaintiff's claim in his motion for extension of time (ECF No. 167) that he was not permitted to review all the documents ordered by the undersigned on February 21, 2020;

3. Within thirty days of the date of this order, defendants shall file a response to plaintiff's December 18, 2019 motion to compel further responses to interrogatory nos. 5-11, 13 and 18.

Dated: May 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow2750.den

4