UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH DEGAZIO, et al.,<br><br>    Defendants. | No. 2: 16-cv-2750 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's December 18, 2019 motion to compel further responses to interrogatory nos. 5-11, 13 and 18. (See ECF Nos. 146, 169.) Also pending is further briefing filed by defendants in response to plaintiff's claim that he was not permitted to review all the documents ordered by the undersigned on February 21, 2020. (Id.)

Plaintiff's Review of Documents

On January 10, 2020, the undersigned issued an order granting in part and denying in part plaintiff's amended motion to compel filed October 24, 2019. (ECF Nos. 137, 151.) In relevant part, the undersigned ordered defendants to submit, for in camera review, two copies of the documents sought in plaintiff's request for production of documents nos. 1-11 and 21. (ECF No. 151.) Defendants were ordered to produce one clean copy of these documents and one copy containing proposed redactions. (Id.)

Defendants submitted those documents for in camera review. After conducting the in camera review, on February 21, 2020, the undersigned ordered defendants to arrange with the Litigation Coordinator for plaintiff to review the redacted documents within thirty days. (ECF No. 156.)

On or around March 21, 2020, plaintiff's Correctional Counselor informed defense counsel that plaintiff's review of the documents had occurred. (ECF No. 174 at 2.)

On June 29, 2020, plaintiff filed a pleading alleging that during the March 21, 2020 review, he was not provided with documents responsive to requests nos. 1, 9-11 and 21, as ordered by the court on February 21, 2020. (ECF No. 172.) On July 14, 2020, the undersigned ordered defendants to respond to plaintiff's allegations that he was not provided with documents responsive to request nos. 1, 9-11 and 21 during the March 21, 2020 review. (ECF No. 173.)

On July 28, 2020, defendants filed a response to the July 14, 2020 order. (ECF No. 174.) Defendants state that during the March 21, 2020 review, prison officials inadvertently failed to provide plaintiff with the Office of Internal Affairs decision letter, provided to the court for in camera review and responsive to request no. 21. (Id.)

In the July 28, 2020 response, defendants concede that they failed to provide the court with documents responsive to request nos. 1 and 9-11 for in camera review. (Id.) Defendants state that in response to the July 14, 2020 order, defense counsel determined that documents responsive to request nos. 9-11 do not exist. (Id.) Defense counsel determined that documents responsive to request no. 1 exist. (Id.)

In the July 28, 2020 response, defendants state that on July 28, 2020, defense counsel gathered the entire document that was provided to the court for in camera review as well as the documents that respond to request no. 1 and sent these documents to plaintiff's institution. (Id.) Defendants made arrangements with plaintiff's Correctional Counselor for plaintiff to review all of these documents (again). (Id.)

Regarding request nos. 9-11, the court cannot order defendants to produce documents that do not exist. Defendants' July 28, 2020 pleading demonstrates that plaintiff will be permitted to review all the documents ordered by the court on February 21, 2020, but for those that do not

2

exist. Accordingly, the undersigned finds that plaintiff's concerns regarding his review of these documents are resolved.

December 18, 2019 Motion to Compel

*Background*

This action proceeds on the original complaint against defendants Bettencourt, Blessing, Brady, Burke, Defazio, Drake, Eldridge, Guffee, Lebeck, Martincek, Martinez, Matthews, Mercado, Murillo, Okoroike, Rashev and Schultz.

Plaintiff alleges that on February 15, 2015, he was subjected to what may be characterized as three separate incidents of excessive force. In the first incident, defendants Defazio, Brady, Lebeck and Burke allegedly used excessive force against him. Plaintiff alleges that defendant Martinez later arrived and used excessive force against him.

In the second incident, plaintiff alleges that defendants Blessing, Bettencourt and Rashev arrived and used excessive force against him.

In the third incident, plaintiff alleges that defendants Drake and Murillo dragged plaintiff down the stairs and used excessive force against him. Defendants Defazio and Blessing allegedly arrived and used excessive force against plaintiff.

Plaintiff alleges that defendants Matthews and Guffee witnessed the excessive force but failed to intervene.

Plaintiff alleges that after the excessive force, defendant Nurse Okoroike came to see him. Plaintiff alleges that defendant Okoroike prepared a report minimizing his injuries in an attempt to cover-up the alleged excessive force.

Plaintiff alleges that defendant Martincek allowed staff to change their story and report things that did not happen in an attempt to cover-up what happened.

Plaintiff alleges that defendant Mercado charged plaintiff with threatening staff in an attempt to cover-up the excessive force. Plaintiff also alleges that defendant Mercado later told Nurse Nicolauo not to give plaintiff the ice pack ordered by Dr. Wedell.

Plaintiff alleges that defendant Schultz conducted his disciplinary hearing regarding the charges made by defendant Defazio. Plaintiff alleges that defendant Schultz denied plaintiff's

request to call witnesses and to present documentary evidence. Defendant Schultz found plaintiff guilty. Plaintiff alleges that defendant Eldridge upheld defendant Schultz's findings.

The pending motion to compel seeks further responses to interrogatories nos. 5-11, 13 and 18. Plaintiff's interrogatories were identical for each defendant. Defendants' responses to the interrogatories were the same.

*Legal Standard*

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. The opposing party "has the burden to show that discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

*Interrogatory No. 5*

Interrogatory no. 5 asked, "Identify and attach a copy of any and all documents relating to the incidents complained of in the complaint and which occurred on the dates noted in the complaint." (ECF No. 170 at 4.)

Defendants objected to interrogatory no. 5 on the grounds that plaintiff sought documents in a request for an interrogatory, and the documents were equally available to plaintiff. (Id. at 5.)

Without waiving objections, defendants responded that, under Rule 33(d) of the Federal Rules of Civil Procedure, a copy of the Crime/Incident Report (CDCR Form 837), Log No. SAC PSU-15-02-0194, is maintained in plaintiff's central file, which is available for inspection and copying in accordance with the institution's policies and procedures. (Id.)

The undersigned agrees with defendants that interrogatory no. 5 improperly combines an interrogatory with a request for production of documents. See Ransom v. Marquez, 2015 WL 1011706, at *11 (E.D. Cal. March 5, 2015.) "However, as plaintiff is entitled to leniency as a pro se litigator, the court endeavors, to the extent possible to resolve his motion to compel on the merits." Id. (citing Hunt v. Orange, 672 F.3d 606, 616 (9th Cir. 2012).) Accordingly, the undersigned considers interrogatory no. 5 to the extent it does not request documents.

Defendants interpreted interrogatory no. 5 as seeking identification of documents regarding the alleged incidents of excessive force. In other words, defendants did not interpret request no. 5 as seeking identification of documents regarding plaintiff's other, although related, claims.[1] The undersigned finds that defendants' interpretation of interrogatory no. 5 is reasonable. See In re Pioneer Corporation, 2019 WL 5401015, at *6 (C.D. Cal. Jan. 9, 2019) (a responding party has an obligation to construe discovery requests in a reasonable manner.)

In responding to interrogatory no. 5, defendants invoke Rule 33(d), which permits a responding party to direct the interrogator to business records that contain the answer. Fed. R. Civ. P. 33(d). Directing a party to business records is appropriate if the "burden of deriving or ascertaining the answer is substantially the same for either party." (Id.) Defendants contend that the Crime/Incident Report (CDCR Form 837), Log No. SAC PSU-15-02-0194 responds to interrogatory no. 5, i.e., this report references all documents that reference the incidents alleged in the complaint.

The undersigned finds that defendants adequately responded to interrogatory no. 5 by directing plaintiff to the Crime/Incident Report, which they claim references all documents that

---

[1] Defendants did not interpret interrogatory no. 5 as seeking identification of, for example, documents regarding the medical care plaintiff received following the alleged excessive force or documents regarding his disciplinary proceedings. An interrogatory seeking identification of documents regarding different claims would be subject to valid objections.

1  reference the alleged incidents of excessive force. Accordingly, no further response to
2  interrogatory no. 5 is required. Fed. R. Civ. 33(d).

3  *Interrogatory No. 6*

4  Interrogatory no. 6 asked, "Identify any and all parties who conducted any investigatory
5  action regarding this incident at any time between February 18, 2012, and the date of this request,
6  and attach a copy of all results of those investigations." (ECF No. 170 at 5.)

7  Defendants objected that request no. 6 sought documents in response to a request for
8  interrogatories, was vague as to the term "investigatory action," and was compound. (Id.)
9  Without waiving these objections, under Rule 33(d) of the Federal Rules of Civil Procedure,
10 defendants referred plaintiff to the incident report, Log No. SAC PSU-1-5-02-0194. (Id.)

11 In the opposition to the motion to compel, defendants state that they identified the
12 documents of which they are aware that included the names of anyone who conducted an
13 investigation into the event. (Id.) Defendants state that there are other additional names in the
14 redacted version of the document provided for plaintiff's review on March 21, 2020. (Id.)
15 Defendants state that they do not object to plaintiff reviewing the documents again to obtain the
16 names of anyone who investigated the incident. (Id.) Defendants argue that as the information is
17 equally available to plaintiff in the documents referenced by defendants, no further response
18 should be required. (Id.)

19 The undersigned considers interrogatory no. 6 to the extent it does not seek documents.
20 See Ransom v. Marquez, 2015 WL 1011706, at *11 (E.D. Cal. March 5, 2015).

21 The undersigned finds that defendants reasonably interpreted interrogatory no. 6 as
22 seeking information only regarding the alleged excessive force incidents. See In re Pioneer
23 Corporation, 2019 WL 5401015, at *6.

24 The incident report cited in defendants' opposition and the documents reviewed by
25 plaintiff in response to the February 21, 2020 order appear to contain the information sought in
26 interrogatory no. 6. For this reason, no further response to interrogatory no. 6 is required. See
27 Fed. R. Civ. P 33(d). Because defendants have adequately responded to request no. 6, the
28 undersigned does not consider the additional objections raised by defendants to interrogatory no.

6

1. 6.

*Interrogatory No. 7*

Request no. 7 asked, "Identify and attach the names of all parties who had cause to create any document regarding the incident at any time between February 18, 2015, and the present, and attach a copy of that document."  (ECF No. 170 at 6.)

Defendants objected to request no. 7 on the grounds that it sought documents in response to a request for interrogatories, was vague as to the term "investigatory action," and was compound.  (Id.)  Without waiving these objections, under Rule 33(d) of the Federal Rules of Civil Procedure, defendants referred plaintiff to the incident report, Log No. SAC-PSU-1-5-02-0194.  (Id.)

In the opposition to the motion to compel, defendants state that they identified the documents of which they are aware that included the names of anyone who conducted an investigation into the event.  (Id.)  Defendants state that there are other additional names in the redacted version of the document provided for plaintiff's review on March 21, 2020.  (Id.)  Defendants state that they do not object to plaintiff reviewing the documents again to obtain the names of anyone who investigated the incident.  (Id.)  Defendants argue that as the information is equally available to plaintiff in the documents referenced by defendants, no further response should be required.  (Id.)

The undersigned considers interrogatory no. 7 to the extent it does not seek documents.  See Ransom v. Marquez, 2015 WL 1011706, at *11 (E.D. Cal. March 5, 2015).

The undersigned finds that defendants reasonably interpreted interrogatory no. 7 as seeking information only regarding the alleged excessive force incidents.  See In re Pioneer Corporation, 2019 WL 5401015, at *6.

The incident report cited in defendants' opposition and the documents reviewed by plaintiff in response to the February 21, 2020 order appear to contain the information sought in interrogatory no. 7.  For this reason, no further response to interrogatory no. 7 is required.  See Fed. R. Civ. P 33(d).  Because no further response to interrogatory no. 7 is required, the undersigned does not consider the additional objections raised by defendants to interrogatory no.

7

7.

*Interrogatory No. 8*

Interrogatory no. 8 asked, "Name all staff complaints filed against each defendant as listed in the complaint prior to or subsequent to the incident giving rise to this proceeding, while they were employed with C.D.C.R. and attach a copy of the outcome of each complaint." (ECF No. at 6.)

Defendants objected that request no. 8 was overly broad as to time and the subject matter of the complaints and sought information not relevant to the claims or defenses of this action, nor was it proportional to the needs of this case. (Id. at 7.) Defendants also objected that request no. 8 sought documents in response to an interrogatory. (Id.)

The undersigned considers interrogatory no. 8 to the extent it does not seek documents. See Ransom v. Marquez, 2015 WL 1011706, at *11 (E.D. Cal. March 5, 2015).

Defendants' objection that interrogatory no. 8 is overly broad is well taken. Not every staff complaint ever filed against defendants is relevant to this action. Accordingly, plaintiff's motion to compel as to interrogatory no. 8 is denied.

*Interrogatory No. 9*

Interrogatory no. 9 asked, "Name all grievances directed at or that mentions the name of any of the defendants while employed with C.D.C.R. and attach a copy of the outcome of each grievance." (ECF No. 170 at 7.)

Defendants objected that interrogatory no. 9 was overly broad as to the time and subject matter of the complaints and sought information that was not relevant to the claims or defenses of the lawsuit, and nor was it proportional to the needs of the case. (Id.) Defendants also objected that the request sought documents in response to an interrogatory. (Id.)

The undersigned considers interrogatory no. 9 to the extent it does not seek documents. See Ransom v. Marquez, 2015 WL 1011706, at *11 (E.D. Cal. March 5, 2015).

Defendants' objection that interrogatory no. 9 is overly broad is well taken. Not every grievance directed at defendants or that mentions defendants is relevant to this action. Accordingly, plaintiff's motion to compel as to interrogatory no. 9 is denied.

*Interrogatory No. 10*

Interrogatory no. 10 asked, "Name each and every time any of the defendants were punish or reprimanded and the outcome of the punishment and or reprimandation [sic], including but not limited to redirecting or job training." (ECF No. 170 at 8.)

Defendants objected to interrogatory no. 10 on the grounds that it was overly broad as to time and the subject matter of the action leading to the reprimand or punishment, and sought information not relevant to this lawsuit, and nor was it proportional to the needs of the case. (Id.) Without waiving these objections, defendants responded that the responding party was not reprimanded as a result of the incident that occurred with plaintiff on February 18, 2015. (Id.)

Defendants' objection that interrogatory no. 10 is overly broad is well taken. Not every punishment or reprimand of defendants is relevant to this action. Accordingly, plaintiff's motion to compel as to interrogatory no. 10 is denied.

*Interrogatory No. 11*

Interrogatory No. 11 asked, "Identify any and all records and recordings of all defendants' criticism, censure and rebuke, directed at the defendants." (ECF No. 170 at 8.)

Defendants objected to interrogatory no. 11 on the grounds that it was overly broad as to time and the subject matter leading to the alleged criticism, censure, or rebuke, and sought information that was not relevant to the claims or defenses of this lawsuit, and nor was it proportional to the needs of the case. (Id.) Without waiving these objections, defendants responded that the responding party was not censured, criticized, or rebuked as a result of the incident that occurred with plaintiff on February 18, 2015. (Id.)

Defendants' objection that interrogatory no. 11 is overly broad is well taken. Records and recordings of every criticism, censure and rebuke directed at defendants is not relevant to this action. Accordingly, plaintiff's motion to compel as to interrogatory no. 11 is denied.

*Interrogatory No. 13*

Interrogatory No. 13 asked, "Identify and attach a copy of any and all documents showing who was on duty in PSU II units 3, 4, and dining area at approximately 1315 hours, on Wednesday February 18, 2015." (Id. at 9.)

9

Defendants objected to interrogatory no. 13 on the grounds that it sought a document in response to a request for production of documents, was overly broad and irrelevant as the incident occurred in Facility A, Unit 3. (Id.) Therefore, defendants argue, whoever was working in the other areas is irrelevant to the claims or defenses of this matter and is not proportional to the needs of this case. (Id.) Without waiving these objections, defendants responded that the names of the persons who were involved in or who observed the incident with plaintiff that occurred on February 18, 2015, are part of the Crime/Incident Report, Log No. SAC-PSU-15-02-0194, which is maintained in plaintiff's central file. (Id.) This file is available for inspection and copying in accordance with the policies and procedures of the institution. (Id.)

The undersigned considers interrogatory no. 9 to the extent it does not seek documents. See Ransom v. Marquez, 2015 WL 1011706, at *11 (E.D. Cal. March 5, 2015).

In interrogatory no. 13, plaintiff asks defendants to identify documents showing who was on duty on PSU II units 3, 4 and dining area at the time of the alleged excessive force. In the motion to compel, plaintiff argues that the information sought in interrogatory no. 13 is relevant because "many of the defendants were not working in Facility A, Unit 3, but responded to the area once the alarm was sounded…so the defendants who were working in other areas are relevant to the claims and defenses of this matter….Several defendants—Guffee, Martinez and Rashev—allege that they were either not present during plaintiff's beating or not working in the unit where the beating occurred." (ECF No. 146 at 20.) Plaintiff also argues that information regarding who was on duty in PSU II units 3, 4, and dining area at the time of the incident may lead to the discovery of additional defendants. (Id.)

Plaintiff's claim that information regarding who was working on duty in PSU II units 3, 4 and dining room at the time of the incident may lead to additional defendants is speculative. In addition, interrogatory no. 13 asks defendants only to identify documents. Identification of the documents does provide plaintiff with the information sought in interrogatory no. 13, i.e., who was working in the PSU II units 3, 4 and dining area at the time of the incident. Accordingly, plaintiff's motion to compel as to interrogatory no. 13 is denied.

////

*Interrogatory No. 18*

Interrogatory no. 18 asked, "Describe in as much detail as possible the complete circumstances surrounding all other instances in which you have done any of the ensured you did in the complaint, or threatened to do so, while working at California State Prison-Sacramento, include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of the ensured you did." (Id. at 9.)

Defendants responded to interrogatory no. 18,

> Defendants and their counsel are unsure what plaintiff is asking. To the extent that plaintiff is asking for any time the defendants had used force while working at California State Prison-Sacramento, the request is overly broad and overly burdensome. Some uses of force are not reviewed, and therefore, it would be difficult, if not impossible to identify every time each of the defendants had to use force. Moreover, threats against inmates are not generally actionable under 42 U.S.C. § 1983, therefore a response in this instance would not be relevant to plaintiff's claims or to the defenses in this matter.

(Id.)

Defendants' objection that interrogatory no. 18 is unintelligible is well taken. The undersigned agrees with defendants that to the extent plaintiff is asking defendants for information regarding any time they used force while working at California State Prison-Sacramento, the request is overly broad. Accordingly, plaintiff's motion to compel as to interrogatory no. 18 is denied.

*Verification of Responses*

In the reply to defendants' opposition, plaintiff alleges that defendants failed to sign and date their responses to his interrogatories. (ECF No. 172 at 8.) Within fourteen days of the date of this order, defendants shall inform the court whether they provided plaintiff with signed and dated responses to his interrogatories.[2]

Conclusion

Discovery in this action is now closed. The parties are granted sixty days from the date of this order to file dispositive motions.

---

[2] Defendants' responses to the interrogatories, attached to plaintiff's December 18, 2019 motion to compel, are not signed or dated.

11

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defendants shall inform the court whether they provided plaintiff with signed and dated responses to his interrogatories; plaintiff's December 18, 2019 motion to compel is denied in all other respects;

2. The matters regarding plaintiff's review of the documents ordered by the undersigned on February 21, 2020 are deemed resolved;

3. The parties are granted sixty days from the date of this order to file dispositive motions.

Dated:  August 2, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Owen2750.fin