Theon Owens
NAME.

# V·60905
C.D.C.R.   NO.:

California Health Care Facility
HOUSING.

7707 South Austin Road
ADDRESS.

Stockton, C.A. 95215.
CITY, STATE, ZIP.

**FILED**

AUG 2 7 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

**THEON OWENS.**
PLAINTIFF.

VS.

CIVIL ACTION NO.: 2:16-CV-02750-JAM-KJN.

**JOSEPH DEFAZIO. ET AL..**
DEFENDANTS.

## PLAINTIFF'S OPENING BRIEF:

PLAINTIFF'S BRIEF SUPPORTING A
MOTION FOR SUMMARY JUDGMENT.
(PARTIAL.)

COVER PAGE.

# TABLE OF CONTENTS

PAGE(S)

TABLE OF CONTENTS.................................................................... i

TABLE OF ABBREVIATIONS.......................................................... iv

TABLE OF AUTHORITIES.............................................................. vi

I.) PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT.............................................................. 1

II.) DECLARATION IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT.............................................................. 2

III.) BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT.................................................................................. 7

A.) STATEMENT OF THE CASE.................................................. 7

B.) STATEMENT OF FACTS........................................................ 7

IV.) ARGUMENT................................................................................ 11

A.) THE PLAINTIFF HAS A STATE LIBERTY
INTEREST.................................................................................. 11

1.) Pertinent Law........................................................................ 11

2.) Analysis: State Liberty Interest............................................. 12

B.) THE INADEQUATE ASSISTANCE BY
DEFENDANT COUCH DENIED PLAINTIFF
DUE PROCESS OF LAW........................................................ 13

1.) Pertinent Law........................................................................ 13

2.) Analysis: Due Process Violation................................................... 14

a.) The Refusal To Interview Plaintiff's Witnesses Denied Due Process..................... 14

b.) The Failure To Gather And Provide Plaintiff With The Evidence / Information Requested Denied Due Process........................ 15

C.) THE CONDUCT OF THE PLAINTIFF'S DISCIPLINARY HEARING BY DEFENDANT SCHULTZ DENIED PLAINTIFF DUE PROCESS OF LAW................................. 16

3.) Analysis: Due Process Violation................................................... 16

a.) The Predetermined Belief Of Guilt Denied Due Process Of Law........................... 16

b.) The Refusal To Call The Plaintiff's Requested Eye Witnesses Denied Due Process Of Law....... 17

c.) The Refusal To Accept And Or To Address The Plaintiff's Documentary Evidence Denied Due Process................................................ 17

d.) The Reason Given By Defendant-SCHULTZ For Not Allowing The Plaintiff's Requested Witnesses Denied Due Process Of Law.............. 18

e.) The Failure To Provide A Meaningful Explanation Of The Finding Of Guilt Denied Due Process Of Law................................................ 19

D.) THE FAILURE TO CORRECT THE DUE PROCESS VIOLATIONS BY DEFENDANT ELDRIDGE UPON HER REVIEW OF THE RULES INFRACTION DENIED DUE PROCESS................. 20

4.) Analysis: Due Process Violation ............................................ 16

a.) The Failure To Correct The Violations
Made On Review Of The Hearing Denied
Due Process ................................................................... 20

V.) FINAL ARGUMENT .................................................... 23

VI.) CONCLUSION ........................................................ 24

CORE TERMS ............................................................ ix

PLAINTIFF'S EXHIBIT LIST ............................................ Ex.

PLAINTIFF'S APPENDIX LIST ......................................... App.

# TABLE OF ABBREVIATIONS.

PAGE(S)

The following abbreviations appear throughout this brief and have the following significations attached to them.

## A.) RULES, STATUTES, And OTHER AUTHORITIES.

1.) California Code Of Regulations Title 15 (CCR. Tit 15) ........ **8**
2.) California Penal Code (cal. P.C.) ........ 13
3.) Federal Rule Of Civil Procedure (Fed. R. Civ. P.) ........ 1
4.) Fourteenth Amendment (XIV. Amend.) ........ 1
5.) United States (U.S.) ........ 1
6.) Constitution (const.) ........ 1

## B.) FACILITIES, And OTHER PLACES.

1.) California Department Of Corrections And Rehabilitation (C.D.C.R) ........ 1
2.) California State Prison - Sacramento (C.S.P.·SAC) ........ 1
3.) Correctional Treatment Center (C.T.C.) ........ 16
4.) California Medical Facility (CMF) ........ 8
5.) General Population (G.P.) ........ 13
6.) Infirmary (I.N.F.) ........ 9
7.) Security Housing Unit (S.H.U.) ........ 6

## C.) DISCIPLINARY TITLES And POSITIONS.

1.) Chief Disciplinary Officer (C.D.O.) ........ 10
2.) Investigative Employee (I.E.) ........ 3
3.) Rules Violation Report (R.V.R.) ........ 3
4.) Senior Hearing Officer (S.H.O.) ........ 4
6.) Staff Assistant (S.A.) ........ 4
7.) Serious Rules Violation Report (CDC 115-A.) ........ 2

## D.) TITLES And POSITIONS.

PAGE(S)

1.) Correctional Officer (c/o) ............................................... 2
2.) Correctional Lieutenant (Lt) ........................................ 10
3.) Correctional Sergeant (Sgt.) ........................................ 8

## E.) OTHER.

1.) Appendix (App.) ....................................................... 9
2.) Complaint (compl.) ................................................... 2
3.) District Attorney (D.A.) ............................................. 9
4.) Exhibit (Ex.) ......................................................... 3
5.) Inmate Appeal / Grievance (C.D.C.R. 602) ....................... 10
6.) Institutional Classification Committee (I.C.C.) ................ 10
7.) Institutional Security Unit (I.S.U.) ............................. 8
8.) Number (No.) ......................................................... 8
9.) Page (p.) ............................................................. 2
10.) Paragraph (pp) ..................................................... 2
11.) Section (Sec.) ...................................................... 1
12.) Appeals Coordinator (A.C.) .......................................
13.) Appeals Examiner (A.E.) ..........................................
14.) Chief Office Of Appeals (ch. Ph. o.) ...........................
15.) Warden (w.) ........................................................

# TABLE OF AUTHORITIES

PAGE(S).

## FEDERAL:

## UNITED STATES CONSTITUTION.

Amendment XIV.............................................. [1, 7, 11, 16, 19, 24]

## FEDERAL STATUTES.

## UNITED STATES CODE SERVICE.

28 U.S.C.S. §1746.............................................. 6

42 U.S.C.S. §1983.............................................. 7

## FEDERAL RULE OF CIVIL PROCEDURE.

Fed. R. Civ. P. 56.............................................. 1

## SUPREME COURT CASES.

Chambers V. Mississippi (1973)
410 U.S. 284.............................................. 22

Edwards V. Balisok (1997)
520 U.S. 641.............................................. 14

Hewitt V. Helms (1983)
459 U.S. 460.............................................. 12

Hutto V. Finney (1978)
437 U.S. 678.............................................. 13

Kentucky Dep't. Of Corrections V. Thompson (1989)
490 U.S. 454.............................................. 12

Morrissey V. Brewer (1972)
408 U.S. 471.............................................. 14, 19

vi

PAGE(S).

Olin V. Wakinekona (1983)
461 U.S. 238 .......................................................... 12

Ponte V. Real (1985)
471 U.S. 491 .......................................................... 11

Washington V. Texas (1967)
388 U.S. 14 .......................................................... 22

Wolff V. McDonnell (1974)
418 U.S. 539 .......................................................... [13,14,15,17,18
19, 22 ]

FEDERAL COURT CASES.

Ayers V. Ryan (2d Cir. 1998)
152 F.3d 77 .......................................................... 21

Bartholomew V. Watson (C.A.9. (cal.) 1982)
665 F.2d 915 .......................................................... 15

Berg V. Guerra (E.D. cal. July 29. 2016).
2016 U.S. Dist. LEXIS 99678 .......................................................... 21

Burnsworth V. Gunderson (C.A.9. (cal.) 1999)
179 F.3d 771 .......................................................... 19

Clutchette V. Procunier (C.A.9. (cal.) 1974)
497 F.2d 809 .......................................................... 18

Conner V. Sakai (9th Cir. 1993)
994 F.2d 1408 .......................................................... 12

Giano V. Sullivan (S.D.N.Y. 1989)
709 F.Supp. 1209 .......................................................... 16

Johnson V. Duffy (C.A.9. (cal.) 1978)
588 F.2d 740 .......................................................... 21

PAGE(S).

Smith V. Sumner (9th Cir. 1993)
994 F.2d 1401 ................................................. 12

Settano V. Francis (C.A.9 (cal.) 2003)
345 F.3d 1071 ................................................. [15, 18, 22, 23]

Taylor V. List (C.A.9 (cal.) 1983)
880 F.2d 1040 ................................................. 21

Williams V. Smith (2d Cir. 1986)
781 F.2d 319 ................................................. 20

STATE:

STATE STATUTES.

CALIFORNIA PENAL CODES.

Sec. 2932 ................................................. 13

CALIFORNIA CODE OF REGULATIONS TITLE 15.

Sec. 3084 ................................................. 10.

Sec. 3312 ................................................. 20

Sec. 3315 ................................................. [10, 12, 13, 15,
16, 17, 18, 19, 20, 21, 22]

Sec. 3318 ................................................. 8. 14.

Sec. 3320 ................................................. [9, 10, 13, 17,
18, 21]

Sec. 3321 ................................................. 10

Sec. 3341.9 ................................................. 13.

1  Theon Owens
   NAME. # V-60905
2
   CDCR #.
3  California Health Care Facility
   HOUSING.
4  7707  South Austin Road
   ADDRESS.
5  Stockton CA. 95215.
   CITY, STATE, ZIP.
6
7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE EASTERN DISTRICT OF CALIFORNIA
                              COURT
9

10 THEON OWENS.
              Plaintiff,          Case No: 2:16 CV-02750-JAM-KJN.
11
12        vs.                     District Judge. JOHN A. MENDEN.

13                                Magistrate Judge: KENDALL J. NEWMAN.

14 JOSEPH DEFAZIO. ET AL..
              Defendant(s).
15

16   1) PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

17

18 A) Pursuant to federal Rule of civil Procedure 56. Plaintiff THEON OWENS requests

19 this court to grant him summary judgment as to the liability of defendants

20    — SCHULTZ. and ELDRIDGE. for damages arising from their willful acts of

21 denying plaintiff due process of law. in violation of the fourteeth Amendment to

22 the constitution as a matter of law. The reasons therefore are set forth in the

23 Plaintiff's declaration and brief in support of this Motion.

24

25 B) Pursuant to Fed. R. Civ P 56. (a) and (c)(2), summary judgment is proper when

26 there is no genuine issue as to any material fact. In this entitled matter before

27 this court. the case is just that. and the Plaintiff is entitled to judgment, as there

28 is no genuine issue or material fact at issue.

   Pls. Mot. For Part. Summary Judgment.

# II.) DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

**A.)** THEON OWENS, hereby declares:

**B.)** I am the Plaintiff in this cause of action. The Complaint (Compl.) I have filed ensures that I was refused my meals for several days by several Correctional Officers (c/o.) and then seriously assaulted by Prison guards after being secured in mechanical restraints for a past incident that occurred earlier in that morning. The Compl. ensures that after this assault occurred Medical staff and supervising Prison officials were deliberate indifferent to my health and safety. When they intentionally failed to accurately and correctly document all of the visual injuries sustained to me as they existed, and when they failed to accurately document information relayed to them by me and involved c/o's. through incident reports, Compl., and appeals. The Compl. ensures that Prison officials intentionally interfered in my medical treatment after it had been Prescribed and while it was being administered. The Compl. ensures that I was harassed and retaliated against by Prison guards, for engaging in Protected conduct. The Compl. ensures that I was denied eye witnesses and later convicted of serious rules infraction charges at a disciplinary hearing and severely Punished and deprived without fair procedural due process of law being offered. I submit this declaration in support of my motion for Partial Summary Judgment on my claim of denial of due Process.

**C.)** As a result of the February 18, 2015, incident, I was served with a Serious Rules violation report (CDC 115-A.), charging me with "Battery on a Police officer." by c/o. C. DEMPS. as set forth in my Compl. at Page (P.) 21. Paragraph (PP.) 95..

1  **D.)** c/o. DEMPS had me write down the names of the eye witnesses who saw me being

2  beaten by staff, and that I wished to have attended my disciplinary hearing. on the

3  CDC 115-A. at that same time he had me identify the documents and other physical

4  materials I need to obtain for my defense and a fair hearing. on the same CDC 115-A.

5  as set forth in my compl. at P. 21. PP. 95..  also see **Exhibit** (EX.) **QQ-3.**

6

7  **E.)** c/o. DEMPS then went and made copies of the CDC 115-A. and provided me with a true

8  and correct copy of the CDC 115-A. along with a copy of the charges typed on a Rules

9  Violation Report (R.V.R.). See **EX. QQ.**.

10

11  **F.)** on 4/2/2015. I was provided with an Investigative Employee (I.E.).

12  I informed him in a conversation we had over the phone, that I had requested

13  documentary evidence to be gathered up by him. and provided to me. I informed him

14  that these specific requests were identified on the CDC 115-A. as set forth in my

15  compl. at P.23-24. PP. 99..

16

17  **G.)** At the same time and during my conversation with I.E., R.  COUCH. I informed

18  him that their were eye witnesses who saw the whole incident as it transpired between

19  me and my accuser. and that these specific eye witnesses testimonies needed to be

20  gathered. as well by him. I informed COUCH that these witnesses names were also

21  identified on the CDC 115-A. as set forth in my compl. at P. 24. PP. 99..

22  **H.)** I also informed COUCH during our conversation. that the questions I wished to

23  be asked of witnesses. and accusers. had been pre-written by me. and faxed to

24  his location. by prison officials at my location. and COUCH acknowledged there

25  receipt. as set forth in my compl. at P. 24. PP. 99..

26

27  **I.)** on 4/2/2015. I was provided with a copy of          COUCH. I.E. report. at

28  P's. Decl. In Support of P's. Mot. For

Part. Summary Judgment.        3 OF 22

1   that time, I became aware that COUCH had abused his authority and violated my

2   constitutional rights. as set forth in my compl. at p. 24-25. pp. 100..

3

4   J.) I also noticed that COUCH had removed the original CDC 115-A. and had

5   inappropriately introduced a new CDC 115-A.   without noting my requests

6   previously identified on the original CDC 115-A. on the one he introduced. and had

7   falsely marked down on his new CDC 115-A. that I didnot request any thing. as set

8   forth in my compl. at p. 24-25. pp. 100..

9

10   K) upon review of the I.E. report provided to me. I noticed that COUCH had not

11   done as required. by his acting position. But had attempted to conceal eye witnesses

12   testimonies. by not gathering their statements. as set forth in my compl. at p. 24-25.

13   pp. 100..

14

15   L) It was also found that COUCH had refused to ask specific questions of my accusers.

16   and that for the questions he elected to ask my accusers. he changed the written

17   language. as provided to him by me. to a more preferable question. constructed by

18   himself. in such a way that it made it appear that I had admitted to the bogus

19   charges. and allegations. as set forth in my compl. at p. 24-25. pp. 100..

20

21   M) I received a disciplinary hearing on May 28. 2015. before the hearing I asked the

22   Senior Hearing officer (SHO) where was my staff Assistant (S.A.). the SHO informed me that

23   he assigned me a new S.A.. as set forth in my compl. at p. 25. pp. 102..

24

25   N) while the hearing was being   conducted.   I requested that the SHO call six of

26   my identified eye witnesses. for me as a defense and so that a fair hearing could be

27   held. as set forth in my compl. at p. 25-b. pp. 102..

Pl's. Decl. In Support Of Pl's. Mot. For
Part Summary Judgment.

28

1   O.) The SHO. defendant-SCHULTZ refused to call any of the Plaintiff's requested eye
2   witnesses. Stating "this A.V.R. is what I have to go off of." as set forth in MY compl. at
3   P. 26. PP. 102..

4

5   P.) I attempted to produce documentary evidence as a defense. Since SCHULTZ refused
6   to call MY live eye witnesses. SCHULTZ refused to accept the evidence. Stating "IaM
7   not going to deal with all of that. the office of the Internal Affairs can deal with
8   that. Since they are investigating the assault and battery that happen to You" as
9   set forth in MY compl. at P. 26.   PP. 102..

10

11  Q.) The SHO-SCHULTZ then told me "IaM finding You Guilty." as set forth in MY compl. at
12  P. 26. PP. 103..

13

14  R.) The evidence at the hearing consisted solely of the written reports of two
15  defendants and MY testiMony. EX. RR·2..

16

17  S.) After the hearing I was provided with a copy of SCHULTZ's disciplinary summary
18  and finding, at that time I became aware that the reason given by SCHULTZ, for
19  denying MY request for eye witnesses was not in coMpliance with State and
20  federal Mandates, and that the reason given for this deprival was clearly
21  inadeQuate, as set forth in MY compl. at P. 27-30. PP. 110..

22

23  T.) on June 30. 2015. defendants-ELDRIDGE reviewed SCHULTZ's and COUCH's actions
24  taken within the disciplinary process, and all related documents connected to the
25  disciplinary proceeding. She affirMed all actions taken. as set forth in MY compl. at
26  P. 26·27. PP. 104..

27

28  U.) on 8/26/2015. the disciplinary bread reviewed the finding of the disciplinary
    Pl's Decl. In Suffort Of Pl's. Mot. for Part.   5 of 22..

1  charge, and the actions taken by defendants- ELDRIDGE, SCHULTZ, and COUCH within

2  the course of process, the broad sentenced me to the "maximum penalty" allowed for

3  the offense, an eighteen month aggravated Security Housing unit (SHU) term, as

4  set forth in my compl. at P. 28. PP. 108.

5

6  V.) As a result of defendants actions of depriving me of fair procedural due process,

7  I suffered atypical and significant hardship in relation to the ordinary incidents

8  of prison life, as set forth in my compl. at P. 28-29. PP. 109.

9

10 W.) For the reasons stated in the brief submitted with this motion, these undisputed

11 facts establish that defendants-   , SCHULTZ and ELDRIDGE denied me my right

12 to due process of law, Accordingly, I am entitled to summary judgment on my due

13 process claim.

14

15 DONE this on 8th day of August 2020.

16

17                                    Theon Owens

                                    NAME. # V·60905

18                                    C.D.C.R.
                                    California Health Care Facility
19                                    HOUSING.
                                    7707  South Austin Road
20                                    ADDRESS.
                                    Stockton, C.A. 95215.
21                                    CITY. STATE. ZIP.

22

23 Pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true

24 and correct.

25

26 Executed at The California Health Care Facility , California.

   Theon Owens                          Theon Owens
27 DECLARANT NAME.                      DECLARANT SIGNATURE.
   Pl's Decl. In Support of Pl's. Mot For
28 Part Summary Judgment.
                            6 of 22

# III.) BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

## A.) STATEMENT OF THE CASE:

1.) This is a 42 U.S.C. Section ("Sec.") 1983 filed by a state Prisoner while at California State Prison-Sacramento ("CSP-SAC.") New Folsom. Seeking declaratory relief. Compensatory, Punitive, and nominal damages. Replacement of the missing teeth with permanent dental implants. Costs in this suit and reasonable attorney fees. based on the use of unnecessary excessive corporal punishment. the deliberate and intentional falsifting of Department, Medical, and Public records. the denial and intentional withholding of Prescribed medical treatment. the failure to Protect. the unnecessary and intentional retaliation. and the denial of Procedural due Process. In this Motion the Plaintiff seeks summary judgment on his claims arising from the denial of due Process.

## B.) STATEMENT OF FACTS:

1.) In this very troubling case you'll find Prison officials brutality upon a Prisoner and the denial of a Prisoner's due Process rights while housed in California Department of corrections And Rehabilitation ("C.D.C.R.") at the CSP-SAC and for the reasons stated below it's the Plaintiff's belief that the fourteenth (XIV) Amendment ("Amend.") right to the united states (U.S) constitution ("Const.") and numerous other federal and state laws - that mandate the minimum amount of Process that is required to be offered at a disciplinary hearing before depriving a Prisoner's

1. liability" were violated. Specifically on 2/18/2015 at around 1515 hours. Plaintiff was
2. significantly beaten by defendants, then falsely accused of a "battery on a peace
3. officer" in a R.V.R. on them. on 3/3/2015. at 1130 hours. witness-clo." C.DEMPS appeared at
4. Plaintiff's cell-front ? informed Plaintiff that he had been assigned as Plaintiff's S.A. for
5. the R.V.R. Number (No.) EoF-15-02-058. in accordance with the <u>california code of</u>
6. <u>Regulations</u> (ccR) <u>Title-15</u> (Tit. 15.) Sec. 3318 (b)(1.). DEMPS asked the Plaintiff if it
7. would be ok for him to assume the assigned position. The Plaintiff didnot object.
8. DEMPS then handed the Plaintiff a CDC 115-A.. and asked him to sign the CDC 115-A as
9. Proof of the "written notice of the charges", and to prove the willingness of Plaintiff
10. to work with DEMPS. Plaintiff complied (see **EX.QQ-3.**) then DEMPS continued to explain
11. Plaintiff's due Process rights in the disciplinary Process. Plaintiff exercised these
12. rights. See **EX.QQ-3.**. DEMPS then asked Plaintiff "If there's any other evidence or
13. information that you'll need to be submitted on the R.V.R.'s record for your
14. defense?" The Plaintiff replied "yes. I need some Medical reports of MY injuries.
15. copies of the Photos taken of me. the day    I... arrived at California Medical
16. Facility (CMF). dental ? nursing records." DEMPS had Plaintiff list such request's down
17. on the CDC 115-A. See **EX.QQ-3.**.          R.COUCH contacted CMF. and asked clo-
18. PHOTOVINSKY to pull the Plaintiff out of his assigned cell/housing (D3H-P219)
19. for a telephone interview because COUCH had been assigned as the I.E. for the
20. R.V.R.. Therefore PHOTOVINSKY pulled Plaintiff out of his assigned cell ? took him
21. to a room in the back of the unit where the interview was conducted. when the
22. interview began, COUCH introduced himself to Plaintiff as a correctional Sergeant
23. (sgt.) ? he had been assigned as Plaintiff's I.E., COUCH didn't disclose who he had
24. been in the Past (a member of the Institutional Security unit (i.s.u.)) as Plaintiff
25. wouldn't have accepted him due to his ex-official capacity and the likelihood of him
26. not conducting a thorough investigation on the matter. Given that Plaintiff didn't
27. object to COUCH representing Plaintiff as his I.E., COUCH Proceeded with the
28. interview. The Plaintiff gave COUCH the Questions Plaintiff wanted the ruffans

Brief In Supp. of P's. Mot. For Part.
Sum. Judgment.                      8 of 22

1   asked in Plaintiff's defense. See **Ex. BB-6.** clo- PHOTOVINSKY informed Plaintiff that

2   he had now been assigned as the "New S.A.", and would be relieving DEMPTS of those

3   duties, and wanted to know if that would be o'k. The Plaintiff agreed (see **Ex. QQ-3.**

4   **BB-4.**) then COUCH had Plaintiff hand the phone over to PHOTOVINSKY and they began

5   to talk. Plaintiff was then escorted back to his assigned cell. After COUCH learned

6   about all of the details surrounding the incident, he decided he needed to aid the

7   involved ruffians in the concealing of the incident to avoid punishment. On 4/22/

8   2015. Plaintiff noticed on COUCH'S I.E. report, that COUCH had tampered with the

9   evidence and COCH'S records, and had falsified documents regarding the R.V.R. by

10   Marking that Plaintiff didn't request any eye-witnesses and documentary evidence;

11   for Plaintiff's defense at the disciplinary hearing. See **Ex. BB-4.** COUCH also deemed

12   all of the questions Plaintiff provided in his defense that proved Plaintiff's was

13   innocents, irrelevant. COUCH rather intentionally changed the written language of the

14   questions to make it appear as if the Plaintiff had admitted to actually trying to

15   bite the accuser, and to try and prevent the involved ruffians from admitting to

16   beating Plaintiff. See **Ex. BB-5.** On 5/28/2015. Defendant-SHO-SCHULTZ went to the Plaintiff

17   assigned cell in the Prison's Infirmary (INF.) (INF-007) to conduct the hearing for

18   the allegations filed against Plaintiff, by ruffian-DEFAZIO in R.V.R. No. EOP-15-02-058.

19   See **Ex. QQ.** & **BB.** SCHULTZ conducted the hearing without the S.A., PHOTOVINSKY being

20   present and without notifying the Plaintiff at lease 24 hours prior to the hearing of

21   any changes of S.A., which violated <u>Id</u> at Sec. 3520 (c)(2). Also See **Ex. YY. at** (8).,

22   SCHULTZ informed Plaintiff that he assigned him a new S.A., and that the Sacramento

23   District Attorney (D.A.) didn't pick up the charge (See **Ex. EE.** & Appendix (APP.) BB.) So

24   Plaintiff had nothing to worry about. Plus the time constraints had ran out so there

25   was nothing he could do to Plaintiff anyway. SCHULTZ then began to read the

26   charges & stated "you headbutted clo-DEFAZIO?" The Plaintiff replied "I never

27   headbutted DEFAZIO. he made that up as a job insurance plan, and I have witnesses

28   who saw the whole incident, and I would like them to make a statement." See **Ex. EE.** &

1. YY. at (6), SCHULTZ negated Plaintiff's request. in which violated <u>Id</u> at sec. 3515(c)(1).
2. Stating "This R.V.R. is what I have to go off of". Plaintiff in response attempted to
3. produce documentary evidence as a defense. Which SCHULTZ also negated to accept.
4. Stating "I am not going to deal with all of that. the office of the Internal Affairs.
5. can deal with that since they are investigation the assault and battery that
6. happen to you." in which violated <u>id</u> at sec. 3320(1). SCHULTZ then stated "I am finding
7. You guilty." Which violated <u>Id</u> sec. 3320(h) § 3321(b). See also **Ex. YY.** at (11) § (21). on 6/30/
8. 2015. Defendant-Chief Disciplinary officer (C.D.C.) · L ELDRIDGE reviewed SCHULTZ'S
9. unlawful findings on the charges and COUCH'S ineffective assistance in the
10. disciplinary proceeding. ELDRIDGE affirmed SCHULTZ'S and COUCH'S actions. on 8/26/2015.
11. the Institutional classification Committee (I.C.C.) at CSF-SAC. reviewed the findings
12. for R.V.R. No.: EOP-15-02-058. and the actions of ELDRIDGE. SCHULTZ. and COUCH. the
13. I.C.C. Members imposed an aggravated eighteen Month S.H.U. term. See **Ex. AAA.**
14. Which severely deprived the Plaintiff of his liberty. on 8-7-2015. Plaintiff persented a
15. C.D.C.R. 602 Inmate/Parolee Appeal (CDCR 602). to administrative supervising prison officials
16. notifying them of the specific due process violations that occurred within the
17. disciplinary process, requesting that: **(A.)** The examiners overturn, the improper finding
18. of guilt. **(B.)** Hold a new and fair hearing on the fabricated charge. and **(C.)** Allow
19. requested eye witnesses to attain the hearing. See **Ex. UU.-1.** on 8/10/2015. Prison
20. officials accepted the CDCR 602, and logged it SAC-P-15-02287. on 8/11/2015. the
21. CDCR 602 was assigned to correctional Lieutenant (L.t.) E. RODRIGUEZ, who was also
22. one of the prison officials involved in the initial incident leading to the R.V.R. being
23. created. as the supervisor of the use of force video tape recording. conducted on the
24. Plaintiff after he was beaten. See **Ex. PP-32.** which was a violation of prison Policy. See
25. <u>Id</u>. at sec. 3084(d)(1)(A). on 9/1/2015. RODRIGUEZ interviewed the Plaintiff
26. regarding the due process violations of concern and **identified** on the CDCR 602.
27. RODRIGUEZ refused to correct the wrongs described on the CDCR 602. although he
28. was fully aware that the violations were unconstitutional. See **Ex. KK-2.** instead

1  RODRIGUEZ falsely contended in his response to the plaintiff's CDCR 602 that "...L.t.

2  SCHULTZ...afforded you [the] opportunity to present your case at the...hearing, and you

3  didnt request any witnesses be present prior to, or during the hearing process." See

4  **EX.UU-2**, which is clearly untrue, as **Ex. QQ-3**, shows that the plaintiff in fact

5  requested eye witnesses to be present at the disciplinary hearing prior to the

6  hearing occurring, and the plaintiff himself ensures that he made these same

7  requestes at the time of the hearing as well. See **EX.EE** but was refused these

8  requested witnesses by defendant-SCHULTZ. See **Ex. EE**. RODRIGUEZ also falsely

9  contended that "...L.t.SCHULTZ...and...I.E....COUCH, conferred on all...questions

10  you provided to the I.E...." which was also untrue, as neither the disciplinary

11  summary nor the I.E'S report makes any reference to this alleged conferring ever

12  occurring. See **EX.RR** through **RR-5**, and **QQ-3**, on 10/27/2015, plaintiff resubmitted

13  the CDCR 602 for a director's level review, on July 28, 2016, plaintiff was sent

14  a response reiterating the initial response and informing him that the decision

15  exhausts his available administrative remedies. See **EX. UU-3**.

16

17

18

19  ## IV.) ARGUMENT.

20

21  A.)     POINT 1.
         ## THE PLAINTIFF HAS A STATE LIBERTY
22  ## INTEREST.

23  ### 1) Pertinent Law:

24

25  The fourteenth Amendment provides that no state shall deprive any person of life,

26  liberty or property without due process of law. In analyzing a procedural due process

27  claim, a court must first determine whether the claimant has been deprived of a

     liberty or property interest protected by the constitution. If so, the court must

28  determine "whether the procedures attendant upon that deprivation were
Brief in supp. of P's Mot. for Part.
Sum. Judgment                          **11 of 22**

1  Constitutionally Sufficient" <u>Kentucky Dep't of Corrections   V.  Thompson</u>, 490 u.s.
2  454, 460 (1989)(citations omitted).

3

4
## 2.) Analysis: State Liberty Interest.
5

6

7  **a.)** Here, OWENS contends that he had a liberty interest in not being arbitrarily
8  placed in the Security Housing unit. See <u>Cooper v. Sakai</u>, 994 F.2d 1408. 1411 (9th
9  cir. 1993) "Liberty interests protected by the fourteenth Amendment may arise from
10  two sources - the Due Process clause itself and the laws of the states". <u>Hewitt V.</u>
11  <u>Helms</u>, 459 u.s. 460. 466-67 (1983). The Due Process clause itself does not give rise to
12  a liberty interest in remaining in a general prison cell. <u>Id</u>. at 466, thus, we must
13  determine whether california state law gives rise to such an interest. This inquiry
14  is not limited to an analysis of statutory law; rather, "prison regulations and
15  policies can create liberty interests protected by the fourteenth Amendment." <u>Smith</u>
16  <u>V. Sumner</u>, 994 F.2d 1401, 1993 u.s. App. LEXIS 13190*11 (9th cir. 1993).

17

18  **b.)** "A state law or prison regulation creates a liberty interest if it places'
19  substantive limitations on official  discretion." <u>Id</u> (Quoting <u>Olim V Wakinekona</u>, 461
20  u.s. 238. 249 (1983). "Specifically, a state creates a liberty interest by both **(1)**
21  establishing "substantive predicates" to govern  prison officials decisionmaking,
22  and **(2)** using "explicitly mandatory language," i.e., specific directives to the
23  decisionmaker that if the prison regulation's "substantive predicates are
24  present, a particular out come must follow." <u>Id</u> (Quoting <u>Thompson</u>, 490 u.s. at 462-
25  463). The <u>california code of Regulations Title 15</u>, in effect at the time of OWENS
26  offense, contains a substantive offense. Finally, the <u>CCR. Tit. 15</u>, imposes detailed
27  requirements on the disciplinary hearing process itself, and carefully delineates
28  the allowable punishment for each class of offense. See <u>Id</u> at Sec. 3315 (f) and

Brief In Supp. Of Pls. Mot. For Part
Sum. Judgment.

1  3371.9 (e). Penal Code § 2752 (c)(1) written notice of the charges and CCR.
2  Tit 15. §3520 (b) and (f)(3),(4) and (5) A hearing within 30 days of notice of
3  charge. In light of the requirement within CCR.Tit.15. and Cal.P.C. that
4  notice and hearing be provided before punishment can be inflicted, a court
5  must conclude that California law creates a liberty interest for
6  inmates to remain free from arbitrary placement into the S.H.U..

7

8  C) Next, we must determine whether OWENS was afforded sufficient
9  process before being sentenced to the maximum penalty allowed for the
10 offense." Which is an eighteen month aggravated SHU term, to be served
11 infull (compl. at 99 ¶10 205.). OWENS also ensure that the conditions he
12 endured while in the SHU. Were significantly worser then that endured
13 in the General Population ("G.P.") parts of the prison. (see compl. at ¶ 10¶).
14 While these conditions alone might affix to reach SHU.'s here there is
15 a crucial factor distinguishing confinement in the SHU. the duration
16 of OWENS confinement. See Hutto v. Finney, 437 U.S. 678, 686 (1978)["
17 [T]he length of confinement cannot be ignored in deciding whether
18 the confinement meets constitutional standard"]. The plaintiff was
19 given a fixed eighteen months, in accordance with CCR. Tit. 15. Sec.
20 3315. through 3326.. In accordance with these Sections, inmates who
21 recieve CDC 115-A. have a State protected liberty interest as well as a
22 federal one to be able to call witnesses before being deprived of

POINT 1.

## B) THE CONDUCT OF THE PLAINTIFF'S DISCIPLINARY HEARING BY DEFENDANT SCHULTZ DENIED PLAINTIFF DUE PROCESS OF LAW.

## 1) Pertinent Law:

"Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff V. McDonnell, 418 U.S. 539, 556 (1974). The Supreme court in Wolff spelled out the Minimum Procedural Protections that the Due Process Clause requires when substantial liberty interests are being denied in the Prison Setting. Wolff established five procedural requirements. (1)." Written notice of the charges Must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to Marshal the facts and prepare a defense." Wolff, Supra, 418 U.S. at 564. (2)." at least a brief period of time after the notice, no less than 24 hours; should be allowed to the inmate to prepare for the appearance before the adjustment committee." Id. (3)." there Must be a' written Statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." Id. (citing Morrissey V. Brewer, 408 U.S. 471, 489 (1972)). (4)." the inmate facing disciplinary proceedings Should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional Safety or correctional goals." Wolff, Supra, 418 U.S. at 566. (5)." Where an illiterate inmate is involved ... or Where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to Seek the aid of a fellow inmate, or to have adequate substitute aid... from the Staff or from an ... inmate designated by the Staff." Id. at 570.

Plaintiff Feels that defendant - SCHULTZ Violated the third and fourth requirements of Wolff.

## 2) Analysis: Due Process Violation.

## a) The Predetermined Belief Of Guilt Denied Due Process Of Law:

Defendant - J. SCHULTZ was assigned as the SHO. in accordance with CCR. Tit. 15. Sec. 3315(c). to conduct the disciplinary hearing on the CDC115-A. he came to the prison's correctional Treatment center ("C.T.C."). Where the Plaintiff was housed to held the hearing on the R.V.R. alleged against him. SCHULTZ had already

1  Concluded in his Mind. that the Plaintiff was Guilty as Charged. Which was a

2  violation of Prison Policy. as a SHO. May not be Someone who has a Predetermined

3  belief of an accused's Guilt. Id. at Sec. 3320 (h), Wolff, Supra, 418 U.S. at 570-571

4  [The due Process requirements for a Prison disciplinary hearing are in Many

5  respects less demanding than those for Criminal Prosecution, but they are not so

6  lax as to let Stand the decision of a biased [Senior] Hearing officer] See also

7  EX. YY. at P. 5. PP. (12).

8

9  b.) The Refusal To Call The Plaintiff's Requested Eye Witnesses
        Denied Due Process of Law:

10

11

12  once SCHULTZ Started the hearing Process. the Plaintiff asked the SHO. to allow him

13  to call Six live eye Witnesses in his defense. to Corroborate his version of the facts.

14  But defendant-SCHULTZ declined the Plaintiff's request to call the Specific eye

15  witnesses. Stating to Plaintiff "This R.V.R. is what I have to Go off of." which was a

16  violation of Prison Policy. as the regulation Provides that requested witnesses Shall be

17  Called unless the appearance would endanger the witness. the witness has no relevant

18  additional information, or the witness is unavailable. CCR. Tit. 15 Sec. 3315 (e)(1). See

19  also EX. YY. at P. 3., PP. (6). Wolff, Supra, 418 U.S. at 539. [It was held that in Prison

20  disciplinary Proceedings due Process requires that inMates should be allowed to

21  call witnesses... when Permitting him to do so will not be unduly hazardous to

22  institutional safety or correctional Goals.]

23

24  c.) The Refusal To Accept And or To Address The Plaintiff's Documentary
        Evidence Denied Due Process:

25

26

27  during the hearing the Plaintiff attempted to Present documentary evidence in

28  his defense and to Mitigate the charge alleged against him. due to SCHULTZ

1  refusing to allow the plaintiff to call eye witnesses. SCHULTZ then told the

2  plaintiff "I am not going to deal with all of that. the office of the Internal

3  Affairs. can deal with that, since they are investigating the assault and

4  battery that happened to You." which was a violation of Prison Policy, as

5  Prisoner's have the right to present documentary evidence in defense or

6  Mitigation of the charge. See CCR. Tit. 15 Sec. 3320 (1), Clutchette V Procunier.

7  497. F. 2d 809, n 15 (C.A.9. (cal.) 1974) ["He also has a right to present...

8  documentary evidence to support his contentions"]. also See Ex. YY. at P.4.

9  of (1).

10

11  once the plaintiff received a finalized copy of SCHULTZ disciplinary finding

12  and disposition summary. the plaintiff realized that SCHULTZ did not provide

13  a reason for disallowing the plaintiff's documentary evidence that was

14  written on the CDC 115-A. to be used at the hearing. Ex. RR. 2.3 and QQ.3, Wolff.

15  Supra. 418 U.S. at 566 ["ordinarily, the right to present evidence is basic to a

16  fair hearing"]. [under procedural due process, an inmate facing Prison

17  disciplinary proceedings should be allowed to... present documentary evidence

18  in his defense] Id at n.22..

19

20  **d.) The Reason Given By Defendant- SCHULTZ For Not Allowing**
    **The Plaintiff's Requested Witnesses Denied Due Process of Law.**

21

22

23  once the plaintiff received a copy of SCHULTZ disciplinary summary. he became

24  aware that SCHULTZ did not provide an adequate reason for disallowing the

25  plaintiff's identified eye witnesses whose names were noted on the CDC 115-A..

26  Ex. QQ.3, which violated Prison Policy, as any denial of an inmates witnesses

27  must be documented in the disciplinary summary. CCR. Tit. 15 Sec. 3315 (e) (2).

28  Serrano. Supra, 345 F. 3d at 1071 [officer violated Prisoner's due process right

1  to call witnesses in...disciplinary hearing where officer offered no reason for

2  refusing to allow live witness testimony ].

3

4  The Plaintiff became aware after reading SCHULTZ'S disciplinary summary, that

5  SCHULTZ had dishonestly noted that the Plaintiff had not requested any witnesses

6  to attend the hearing. Ex. AA-2., which was completely untrue, as the Plaintiff

7  did request witnesses and noted those specific eye witnesses names down on the

8  CDC 115-A., See Ex. QQ-3, therefore, Prison officials must address those identified

9  eye witnesses. See CCR. Tit. 15 Sec. 3315(e)(2), Ponte V. Real, 471 U.S. 491, 495 (1985)[

10  the Supreme court held that if Prison officials refuse to call witnesses Prisoners

11  requested, the burden is on them to explain their decision at least "in a limited

12  Manner."Id. at 497.

13

14  e) The Failure To Provide A Meaningful Explanation of The Finding of
       Guilt Denied Due Process of Law.

15

16

17  Prisoners who are found guilty of disciplinary charges are entitled to a "written

18  statement by the factfinders as to the evidence relied on and the reasons for the

19  disciplinary action." Wolff, Supra, 418 U.S. at 565 (Quoting Morrissey, Supra, 408 U.S.

20  at 489.). In this case Defendant SCHULTZ simply adopted the guards reports, with no

21  further explanation for his finding of guilt or for believing their written reports

22  over the Personal testimony of the Plaintiff, denying due process of law. Burnsworth

23  v. Gunderson, 179 F.3d 771, 772-774 (C.A.9. (cal.) 1999)[disciplinary finding reversed

24  where no evidence supported it ].

25

26  It is clear that SCHULTZ willfully and maliciously violated the Plaintiff's XIV.

27  Amend. "right to equal Protection of the law" and "to due Process of law. And therefore,

28  the Plaintiff is entitled to summary judgment as a matter of law in full against

this defendant.

### C.) THE FAILURE TO CORRECT THE DUE PROCESS VIOLATIONS BY DEFENDANT ELDRIDGE UPON HER REVIEW OF THE RULES INFRACTION DENIED DUE PROCESS.

Plaintiff finds that the third, fourth, and fifth requirements established in <u>WOLFF</u> are at issue, here.

### 3) Analysis: Due Process Violation.

### a.) The failure To Correct The Violations Made on Review of The Hearing Denied Due Process.

Defendant-L. ELDRIDGE was assigned as the C.D.O. in the disciplinary process, in accordance with <u>CCR. Tit. 15</u> Sec. 3312 (b.), during this assignment ELDRIDGE reviewed the methods used at The hearing by SCHULTZ and she also reviewed COUCH'S I.E. report and all other related documentation to the disciplinary process. ELDRIDGE seen that the Plaintiff had requested eye witnesses to attend the hearing on his behalf, and that those specifically identified witnesses were not allowed to attend the hearing. **EX. QQ-3.**, which violated Prison Policy, See <u>CCR. Tit. 15 Sec. 3315 (e)</u> (1.), <u>Williams v. Smith</u>. 781 F.2d 319, 324 (2d cir. 1986)[holding that Supervisor who affirmed Prisoner's disciplinary conviction when Prisoner was not Permitted to call witnesses may be liable for violation of Prisoner's due process rights].

ELDRIDGE seen that the Plaintiff had requested documentary evidence for his
Brief In Supp. Of his Mot. For Part
Sum. Judgment.                    18 of 22.

1  defense at the hearing. EX. QQ-3., and that the requests were not provided and or

2  addressed in the disciplinary Summary. See EX. AA., which violated Prison Policy. See CCR.

3  Tit. 15 Sec. 3320 (1). See EX. YY. at P.4. PP. (1). Yet ELDRIDGE affirmed the report.

4

5  ELDRIDGE seen that COUCH had abused his authority by finding most of the

6  questions provided to him by the plaintiff irrelevant to himself, refusing to

7  interview eye witnesses and by not providing the plaintiff with the requested

8  documentary evidence. See EX. AA-4.5. and QQ-3. Which was a violation of Prison

9  Policy. See CCR. Tit. 15 Sec. 3315 (e)(1). as prison policy holds that only the official

10  conducting the hearing can deny such requests. Ayers V. Ryan, 152 F.3d 77.81 (2d cir.

11  1998) [ due process violation where official failed to obtain testimony from prisoner's

12  requested witnesses and provided no rational explanation ] Yet ELDRIDGE affirmed the

13  disciplinary summary.

14

15  ELDRIDGE seen that COUCH did not confer with SCHULTZ. on the plaintiff's requested

16  witnesses and documentary evidence. before refusing to interview and provide the

17  requests. See EX. AA-1-5., and QQ-3. Yet ELDRIDGE affirmed the disciplinary summary

18  and other reports. Berg V. Guerra. 2016 U.S. Dist. LEXIS 99678 *16 (E.D. cal. July 29. 2016)[

19  citing Taylor V. List, 880 F.2d 1040. 1045 (c.A.9 (cal.) 1989)[ "... A supervisor is ...

20  liable for the constitutional violations of... subordinates if the supervisor

21  participated in... the violations, or knew of the violations and failed to act to prevent

22  them..." ]]

23

24  ELDRIDGE seen that COUCH only chose to ask five of the questions provided to him

25  by the plaintiff. See EX. AA-5., and that COUCH was not instructed by SCHULTZ. to

26  just ask, five questions See EX. AA-1.2.3., and that of the five questions COUCH

27  chose to ask he changed the written language. Yet ELDRIDGE affirmed the

28  report. Johnson V. Duffy. 588 F.2d 740. 745 (c.A.9. (cal) 1978)[ "[A] person 'subjects'

1  another to the deprivation of a constitutional right... if he... omits to perform an act
2  which he is legally required to do that causes the deprivation of which complaint
3  is made"].

4

5  ELDRIDGE seen that SCHULTZ didnot address the Plaintiff's request for live
6  eye witnesses to attend the hearing. See **EX. QQ-3**., which violated Prison Policy.
7  See <u>CCR Tit. 15</u> Sec. 3315 (e)(2), and that SCHULTZ had falsely documented that
8  the Plaintiff didnot request any witnesses at all to attend the hearing. See **EX.**
9  **RR-1**., even though, the CDC 115-A. clearly shows that the Plaintiff did. See **EX.**
10 **QQ-3**. <u>Wolff, Supra</u>, 418 U.S. at 582-583 ["Few rights are more fundamental than
11 that of an accused to Present witnesses in his own defense". <u>Chambers V.</u>
12 <u>Mississippi</u>. 410 U.S. 284. 302 (1973) "The right to offer the testimony of
13 witnesses, and to compel their attendance, if necessary, is in plain terms the
14 right to present a defense, the right to present the defendant's version of the
15 facts as well as the Prosecution's to the [hearing body] so it may decide where the
16 truth lies". <u>Washington V. Texas</u>. 388 U.S. 14. 19 (1967)].

17

18 ELDRIDGE also seen that the Plaintiff had requested documentary evidence to be
19 Presented to him for his hearing and defense. See **EX. QQ-3**., and that SCHULTZ
20 didnot address the denial to allow that material in his summary of the hearing.
21 **EX. RR-1-3**. <u>Serrano. Supra</u>. 345 F.3d at n.3 [a Prisoner is entitled to certain due
22 Process Protections when he is charged with a disciplinary violation, including
23 the rights to... present documentary evidence].

24

25 ELDRIDGE affirmed **SCHULTZ'S** conviction of guilt. based on no defense being allowed for
26 the Plaintiff and with the full knowledge that unfair Procedures had been used
27 in the depriving of the Plaintiff's liberty and Property, and with the knowledge that
28 the Plaintiff should have been offered more Procedural due Process. See **EX. RR-1**.

Brief In Supp. of Pls. Mot. For Part.
Sum. Judgment.                                       20 of 22

1  Serrano. Supra, 345 F.3d at 1081-1082 [" The Equal Protection clause of the
2  Fourteenth Amendment commands that no state shall 'deny to any person within it's
3  jurisdiction the equal protection of the laws'. which is essentially a direction that all
4  persons similarly situated should be treated alike" ].

5
6  It is clear that ELDRIDGE willfully violated the Plaintiff's "right to equal protection
7  of the law and to due process of law." And therefore. as a matter of law the Plaintiff is
8  entitled to summary Judgment in full against this defendant for the aforementioned
9  state and federal constitutional violations.

10
11
12  ## V. )   FINAL ARGUMENT:
13
14
15  The gravamen of OWENS complaint  is that he was completely denied the
16  opportunity to present a defense. because the SHO. refused to call any of his witnesses
17  and or to accept any of his documentary evidence at the time of the disciplinary
18  hearing. and that he was denied adequate substitutional aid from the I.E. when
19  the I.E. denied him witnesses  and documentary evidence prior to the hearing.
20  The "summary of the disciplinary hearing" prepared by the SHO. alleges: " inmate OWENS
21  requested no witnesses at the time of the disciplinary hearing". **EX. AA-2.** OWENS.
22  on the other hand. contends that he did request witnesses at the time of the
23  hearing and prior to the hearing occurring. **EX. QQ-3.**, to attend the hearing with
24  him. Even viewing the evidence in the light most favorable to the defendants.
25  Defendant's case is very weak. as the documents show the proof and it is
26  therefore undisputed.

27
28  on the other hand the Plaintiff has a strong case that he was denied the

1  right to produce witnesses in his defense. OWENS ensures that he indicated to Clo
2  C. DEMPS on 5/312015, that he planned to produce inmate witnesses and
3  documentary evidence at the hearing, and **EX. QQ-3**, reflects this fact. OWENS
4  further ensures that on 5/28/2015, at the time of the hearing, he reiterated his
5  request to call the inmates as witnesses. In response, according to OWENS, SCHULTZ
6  Stated " This R.V.R., is what I have to go off of." OWENS then attempted to present
7  documents in his defense, which was also refused by SCHULTZ. SCHULTZ then
8  informed OWENS that he was being found guilty of the allegations. SCHULTZ also
9  did not provide an adequate reason under <u>Wolff V. McConnell</u> for denying the
10 Plaintiff's requested witnesses in his summary of the hearing. With this the case clearly
11 the Plaintiff has established that his rights were violated.

12

13  # VI.) CONCLUSION:

14

15  For the foregoing reasons, this court should grant partial summary judgment on
16  the liability, to the Plaintiff on his XIV. Amendment due process claims.

17

18

19  Dated this <u>8th</u> day of <u>August</u>, 2020

20

21      X <u>Theon Owens</u>
            Signature of Plaintiff/

22          <u>Theon owens</u>
23          NAME # <u>V-60905</u>
24          CDCR #
            <u>California Health Care Facility</u>
25          HOUSING
            <u>7707 South Austin Road</u>
26          ADDRESS
            <u>Stockton, C.A. 95215.</u>
27          CTY, STATE, ZIP

28  Brief In Supp. Of Pls. Mot. for Part.
    Sum. Judgment

# CORE TERMS:

The following words are frequently used throughout this brief, and have in this matter the following signification attached to them, unless otherwise apparent from the context:

**ALLEGATION.** Means the act of declaring something to be true.

**ASSAULT.** Means the threat or use of force on another that causes that person to have a reasonable apprehension of imminent harmful or offensive contact.

**ATYPICAL.** Means that prison officials are treating a prisoner extremely differently then the way they are treating the majority of the other prisoners.

**BATTERY.** Means the use of force against another, resulting in harmful contact.

**CONSTITUTION.** Means the fundamental and organic law of a nation or state that establishes the institutions and apparatus of government, defines the scope of governmental sovereign powers, and guarantees individual civil rights and civil liberties.

**CORPORAL PUNISHMENT.** Means physical punishment that is inflicted upon the body of a prisoner for a past incident.

**DISCIPLINARY HEARING.** Means a hearing held by prison officials, for the purpose of adjudicating allegations of rules infraction alleged against a prisoner by prison staff.

**DISCIPLINARY RULE.** Means a mandatory regulation stating the minimum level of due process to be offered at a disciplinary hearing (i.e. "shall" is mandatory, "should" is advisory, and "may" is permissive, etc....)

**DUE PROCESS.** Means a constitutional right that guarantees everyone in the united states a certain amount of protection for their life, liberty and property.

**FABRICATE.** Means to invent, forge, or devise falsely.

**FALSIFYING A REPORT.** Means to file a rules violation report with the Department of corrections regarding the commission of an infraction that one knows did not occur ..With the intention to deprive or damage a prisoner.

**MOTION FOR SUMMARY JUDGMENT.** Means a request for the court to rule that the other party has no case. because there are no facts at issue.

**PRISONER.** Means a person who has been committed to the California Department of corrections And Rehabilitation.

**PROCEDURAL DUE PROCESS.** Means the minimal requirements of notice. to call witnesses, to have assistance in preparing, to have a written statement of the reasons for being found guilty, and a fair and impartial decision-Maker.

**RIGHT.** Means a form of power or protection that is guaranteed under the laws of the united states.

**SIGNIFICANT HARDSHIP.** Means the conditions of confinement has become significantly worse than what is normal in prison.

**VIOLATION.** Means an act or omission by an official that significantly infringe a prisoners rights.

**WITNESS.** Means a person who has personal knowledge of a matter, fact, or thing, or one who will vouch for another.

Theon Owens
NAME.

# V-60905
C.D.C.R. #

California Health Care Facility
HOUSING.

7167 South Austin Road
ADDRESS.

Stockton C.A. 95215
CITY. STATE. ZIP.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON OWENS.
   PLAINTIFF,

V.

JOSEPH DEFAZIC. ET AL.,
   DEFENDANT.

CIVIL ACTION NO.: 2:16-CV-02750-JAM-KJN.

District Judge: JOHN A. MENDEZ.
Magistrate Judge: KENDALL J NEWMAN.

## PLAINTIFF'S UNDISPUTED FACTS:

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS. SUPPORTING A MOTION FOR SUMMARY JUDGMENT. (PARTIAL)

COVER PAGE.

Theon Owens
NAME. # V-60905
CDCR #.
California Health Care Facility
HOUSING.
7707 South Austin Road
ADDRESS.
Stockton, C.A. 95215.
CITY, STATE, ZIP.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
COURT

THEON OWENS,
       Plaintiff,

vs.

JOSEPH DEFAZIO ET AL.,
       Defendant(s).

Case No: 2:16-CV-02750-JAM-KJN.

District Judge: JOHN A. MENDEZ

Magistrate Judge: KENDALL J. NEWMAN

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS SUPPORTING A MOTION FOR SUMMARY JUDGMENT. (PARTIAL)

## STANDARD OF REVIEW:

Pursuant to Federal Rule of Civil Procedure 56(a). Which holds, "A claimant can move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party." and Eastern District Local Rule 260(a). which holds, "Each motion for summary judgment or summary adjudication shall be accompanied by a 'statement of undisputed facts' that shall enumerate discretely each of the specific material fact relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers." Plaintiff in compliance with the above sets forth the following:

P's Statement of Undisputed Facts
Supporting a Mot. for Summary
Judgment (Partial).                    Page 1 of 10.

## THE BELOW LISTED FACTS ARE NOT IN DISPUTE IN THE ABOVE ENTITLED MATTER AND SUPPORT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT:

14th Amendment Cause of Action.

| FACT'S. | DEFENDANT | EVIDENCE/PROOF. | EXHIBIT.# |
|---|---|---|---|
| The undisputed evidence in the record reflect's that the Plaintiff was an inmate at the CSP-SAC on February 18. 2015. | SCHULTZ. & ELDRIDGE. | Declaration under penalty of perjury. And compl. at p. 3-4. pp. 4.. | EX. EE. |
| The record reflect's that the on Feb. 18. 2015. The Plaintiff was charged with a rules infraction of "Battery on a Peace officer" R.V.R. Log No.: EOP-15-02-059. | SCHULTZ. & ELDRIDGE. | CDC 115 (7180) Rules Violation Report. And Declaration under penalty of perjury. | EX. QQ-1 And EE. |
| The record reflect's that a Battery on a Peace officer is currently classified as a serious rules violation. Which requires specific Due Process Procedures to be offered. | SCHULTZ & ELDRIDGE. | California code of Regulations (ccr) Title 15. (Tit.) 15. section (sec.) | |
| The record shows that on 3/3/2015. The Plaintiff was issued a copy of the CDC 115 by Witness-Clo. C. DEMPS, and was also allowed to identify Witnesses names and | SCHULTZ & ELDRIDGE. | CDC 115-A (7188) Serious Rules Violation Report. And compl. at p. 21-22. pp. 95.. | EX. QQ-3 |

1  specific documentary evidence he
2  needed for the disciplinary hearing.
   and was also provided a copy of these
3  requests on a CDC 115-A.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  Pl's. Statement of Undisputed facts
    Supporting a Mot. for Summary
28  Judgment (Partial).

3 OF 10

| | | |
|---|---|---|
| The record shows that on 5128|2015. SCHULTZ came to the CTC to conduct the disciplinary hearing for R.V.R. Log No.: EOP-15-02-058. | **SCHULTZ.** CDCR 115. Declaration under Penalty of Perjury And Compl. at P.25. PP. 102.. | **EX.** AA. And EE. |
| The record shows that the Plaintiff was denied requested live eye witnesses, to attend the hearing, by SCHULTZ. | **SCHULTZ.** CDC 115-C. Declaration under Penalty of Perjury. And Compl. at P. 25. PP. 102.. | **EX.** AA-2., And EE.. |
| The record shows that SCHULTZ falsely documented in his summary of the hearing, that the Plaintiff didnot request any witnesses to attain the hearing. Eventhough, the undisputed record shows that the Plaintiff did in fact request live eye witnesses to attend the hearing. | **SCHULTZ.** CDC 115-C, CDC 115-A. And Compl. at P. 29·30. PP. 110. Defendant's Response To Plaintiffs Request For Admissions. Set One. | **EX.** AA-2.? QQ-3 PPP. |
| The record shows that SCHULTZ did not provide an adequate reason for depriving the Plaintiff of requested eye witnesses and or documentary evidence. | **SCHULTZ.** CDC 115-C, And Compl. at P. 29·30. PP. 110. Defendant's Response To Plaintiffs Request For Admissions. Set one. | **EX.** AA-2.? BBB. |
| The record shows that SCHULTZ didnot even address the Plaintiff's requested documentary evidence, in his summary | **SCHULTZ.** CDC 115-C. And Declaration under Penalty of Perjury. | **EX.** AA-2 And EE.. |

Pls. Statement of undisputed facts
Supporting a Mot. for Summary Judment (Partial)

4 of 10

| | | | |
|---|---|---|---|
| 1 | The record shows that the Plaintiff was found guilty of the R.V.R. by SCHULTZ. without being allowed to put up a defense. | SCHULTZ. | CDC 115. CDC 115-C. Declaration under penalty of perjury. | Ex. AA-1, and 3. And EE. |
| 5 | The record shows that the Plaintiff was immediately deprived of his personal property. vendor packages. Appliances. and telephone privileges for 90 Days. without fair procedural due process being offered. by SCHULTZ. | SCHULTZ. | CDC 115-C. And Verified compl. at. p. 26. pp. 103.. | Ex. AA-3. |
| 11 | The record shows that SCHULTZ did not confer with COUCH on the Plaintiff's requested witnesses and documentary evidence. before COUCH refused to interview and provide the requests. | SCHULTZ. | CDC 115. CDC 115-C. CDC 115-A. And Declaration under penalty of perjury. | Ex. AA-1. 2. 3. 4. and 5. And EE. |
| 16 | The record shows that SCHULTZ didnot Screen the Plaintiff's requested eye witnesses out or in. | SCHULTZ. | CDC 115-A. CDC 115-C. And Declaration under penalty of perjury. | Ex. QQ-3. AA-2 |
| 20 | The record reflects that SCHULTZ violated the Plaintiff's right to due process and equal protection of the law. | SCHULTZ. | The Rights of Prisoners Regarding Serious Disciplinary charges. And Declaration under penalty of perjury. | Ex. YY. |
| 24 | The record shows that on June 30, 2015. ELDRIDGE reviewed the finding of SCHULTZ'S action within his summary of the disciplinary hearing, She also reviewed COUCH'S I.E. report and all other documentations | ELDRIDGE. | CDC 115. Declaration under penalty of perjury. And Verified compl. at p. 26-27. pp. 104.. | Ex. AA-1. |

1  related to the disciplinary process.
   and affirmed all methods and
2  actions taken within the process.

3

4  The record shows that ELDRIDGE seen
5  that the plaintiff had requested
6  witnesses to attend the hearing on
   his behalf, and that those specifically
7  identified witnesses were not allowed
   to attend. She seen that the reason
8  given for them not attending was
9  inaccurate, yet she affirmed anyway
10 on 6.30.2015.

| ELDRIDGE | CDC115, CDC 115-A, CDC 115-C., Declaration under Penalty of Perjury. And compl. at P.26-27. PP. 104.. And Defendants' Response To Plaintiff's Request for Admissions Set One. | Ex. QQ -3., RR- 1. and 2. And EE.7000. |

11

12 The record shows that ELDRIDGE
13 seen that the plaintiff had requested
14 documentary evidence for his defense
   at the hearing, and that the request
15 was not provided or addressed in the
16 disciplinary summary. Yet she affirmed
17 any way on 6.30.2015.

| ELDRIDGE | CDC 115, CDC 115-A, CDC 115-C, Declaration under Penalty of Perjury. And compl. at P. 26-27. PP. 104.. | Ex QQ- 3., RR- 2. and 3.,And EE.. |

18
19 The record shows that ELDRIDGE seen
   that COUCH abused his authority by
20 finding most of the questions irrelevant
21 to himself, refusing to interview eye
   witnesses and not providing the
22 plaintiff with the requested documentary
23 evidence, yet she affirmed any way on
24 6.30.2015.

| ELDRIDGE | CDC 115-A, CDC 115-C. CDC 115., Declaration under Penalty of Perjury. And compl. at P. 26-27. PP. 104.. | Ex. QQ-3., RR-4. 5. and 1 |

25

26 The record shows that ELDRIDGE seen
27 that COUCH did not confer with
   SCHULTZ. on the plaintiff's requested
28 witnesses and documentary evidence,

| ELDRIDGE | CDC 115, CDC 115-A, CDC-C., Declaration under Penalty of Perjury. And verified comm. at P. 26-27. PP. 104.. | Ex. RR- 1,2,3,4, and 5. And EE.. |

1  before refusing to interview and

2  provide the requests. Yet she affirmed
   any way on 6.30.2015.

3

4  The record shows that ELDRIDGE seen      ELDRIDGE.  CDC 115, CDC 115-C., And    Ex. AA-
   that COUCH only chose to ask five                  Declaration under penalty    1. and
5  of the questions provided to him. by the           of perjury.                  5.

6  Plaintiff, and that COUCH was not

7  instructed by SCHULTZ, to just ask five
   questions. and that of the five

8  questions COUCH chose to ask he

9  changed the written language, yet she

10 affirmed any way on 6.30.2015.

11

12 The record shows that ELDRIDGE seen      ELDRIDGE.  CDC 115, CDC 115-A, CDC 115  Ex. AA-
   that SCHULTZ falsely documented in                 -C., Declaration under        1 and 2.
13 his summary of the hearing, that the               penalty of perjury. And       aa-3.,
14 Plaintiff did not request any witnesses            verified compl. at 8. 20-21.  EE.1800.
   to attain the hearing. Eventhough, the             pp. 204.1Defendants
15 undisputed record shows that the                   Response To Plaintiff's
16 Plaintiff did in fact request live eye             Request For Admissions.Set
17 witnesses to attend the hearing,                   Ine.
   despite this knowledge, ELDRIDGE
18 affirmed any way on 6.30.2015.

19

20

21 The record shows that ELDRIDGE seen      ELDRIDGE.  CDC 115, CDC 115-C, CDC    Ex. AA-
   that SCHULTZ did not confer with                   115-A, And Declaration       1, 2, 3.
22 COUCH on the Plaintiff's requested                 under penalty of perjury.    4. And 5.,
23 witnesses and documentary evidence.                                             And EE..
   before COUCH refused to interview
24 and provide the requests. Yet she

25 affirmed any way on 6.30.2015.

26

27 The record shows that ELDRIDGE seen      ELDRIDGE.  CDC 115, CDC 115-A, CDC 115  Ex. aa-
28 that SCHULTZ did not screen the                     -C., And Declaration under   3. AA-1
                                            7 of 10

| | | | |
|---|---|---|---|
| | Plaintiff's requested eye witnesses | Penalty of Perjury. | and 2. |
| 1 | out or in. Yet she affirmed any way on | | And EE. |
| 2 | 6.30.2015. | | |
| 3 | The record shows that ELDRIDGE seen | ELDRIDGE. | CDC 115, CDC 115-C, And | Ex. AA- |
| 4 | that the Plaintiff was found guilty of the | | Verified compl. at. 26-27. PP. | 1 and 3 |
| 5 | R.V.R. by SCHULTZ, without being | | 104.. | |
| 6 | offered the minimum due process | | | |
| 7 | requirements liad out in WOLFF V. | | | |
|   | McDonnell. Yet she affirmed any way on | | | |
| 8 | 6.30.2015. | | | |
| 9 | | | | |
| 10 | The record shows that ELDRIDGE seen | ELDRIDGE. | CDC 115, CDC 115-C, | Ex. AA- |
| 11 | that the Plaintiff was immediately | | Declaration under Penalty | 1 and 3. |
| 12 | deprived of his personal property, vendor | | of Perjury. And verified | And EE. |
|    | packages, appliances, and telephone | | compl. at P. 26-27. PP. 104. | |
| 13 | privilegas for 90 days, without fair | | | |
| 14 | procedural due frocess being offered | | | |
| 15 | by SCHULTZ, Yet she affirmed any way | | | |
| 16 | on 6.30.2015. | | | |
| 17 | The record reflect's that ELDRIDGE | ELDRIDGE. | The Rights of Prisoners | Ex. YY. |
| 18 | violated the Plaintiff's right to due | | Regarding serious | |
| 19 | Process and equal Protection of the | | Disciplinary charges. And | |
| 20 | law. | | Verified compl. at P. 27. PP.105.. | |
| 21 | The record shows that the Plaintiff | | CDC 115-C. And verified | Ex. AA- |
| 22 | was referred to I.C.C. for a SHU | SCHULTZ. | compl. at P. 26. PP. 103.. | 3. |
| 23 | term assessment. | ELDRIDGE. | | |
| 24 | | | | |
| 25 | The record shows that on 8.26.2015. | | Verified compl. at P.28. PP. | Ex.EE & |
| 26 | the CSP-SAC I.C.C. reviewed the finding | SCHULTZ. & | 108 Decl. of Plaintiff under | AAA. |
| 27 | of ELDRIDGE affirming the methods | ELDRIDGE. | Penalty of Perjury. CDCR | |
| 28 | and actions taken within the Process. | | SOMS ICCT 156 SHU TERM | |
|    | SCHULTZ's actions within the summary | 8 of 10 | Assessment Work Sheet | |

| | | | |
|---|---|---|---|
| 1 | of the disciplinary hearing, SCHULTZ. actions as the SHO. and all other | | ICCS0700 Shu Term. Computation. |
| 2 | documentation related to the disciplinary Process and affirmed all | | |
| 3 | Methods and actions taken within the | | |
| 4 | Process. and Sentenced the Plaintiff to the Maximum Penalty allowed for the | | |
| 5 | allege offence. eighteen Months SHU | | |
| 6 | term. | | |
| 7 | The record reflects Defendants acted | SCHULTZ; FLORIDGE. | verified compl. at P 26·27. |
| 8 | with the intentions that harm would | | PP. 103 ; 105; Decl. under |
| 9 | result from their actions to the Plaintiff, | | Penalty of Perjury. |
| 10 | and without regards for the consequences | | |
| 11 | that would follow their actions. | | |
| 12 | | | |
| 13 | The record reflects that Defendants were | SCHULTZ; FLORIDGE. | verified compl. at P. 34. PP. |
| 14 | fully aware that their conduct was | | 115·126; Decl. under |
| 15 | unlawful. and that it could and would | | Penalty of Perjury. |
| 16 | cause the Plaintiff damages. Yet they | | |
| 17 | each disregarded this awareness and | | |
| 18 | instead acted Maliciously and | | |
| 19 | Sadistically. with the hopes of Jetting | | |
| 20 | away with their crimes. | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | Pl's. Statement of Undisputed Facts supporting a Mot. For Summary Judgment (Partial). | 9 of 10 | |

Column markers: Ex. II (line 7), Ex. II (line 13)

1
2
3
4
## CONCLUSION.
5
6
Based on the above undisputed facts in this case, the court should grant
7
Plaintiff summary Judgment.
8
9
10
11
12
13   Respectfully Submitted.
14
15                                    Treon Owens #V-60905
                                     NAME and C.D.C.R. #
16                                   California Health Care Facility
                                     ADDRESS.
17                                   7707 South Austin Road
                                     ADDRESS.
18                                   Stockton, C.A. 95215.
                                     CTY. STATE. ZIP.
19
20
21
22
23
24
25
26   DONE this on 8th day of August 2020.
27
28   THEON OWENS                        Theon Owens
     Plaintiff Name.                    Plaintiff's Signature.

# DECLARATION OF SERVICE BY U.S. MAIL

RE: THEON OWENS V. JOSEPH DEFAZIO ET AL.,   Case No.: 2:16-CV-02750-JAM-kJN.

I, the undersigner, declare that I am older then eighteen Years of age. I am a party to the within cause, and I am a Prisoner incarcerated in the california Department of corrections And Rehabilitation, at the __California Health Care Facility__
I have caused to be served a true copy of the attached __Plaintiff's Motion for partial summary judgment, Declaration, and Brief in Support (partial)__

on the following, by placing same in an envelope, addressed as followed:

1. kelly M. Hammond,
~~ANDREA R. SLOAN~~, Deputy Attorney
General.
1300 I Street, Suite 125.
P.O. Box 944255
Sacramento. C.A. 94244 - 2550.

2. The office of the Clerk for. The united States
District court. for the Eastern District of
California.
501 I st. ste 4-200
Sacramento. C.A 95814-2322.

MY address is __Theon owens #V-60905, C.HC.F., 7707 South Austin Road, Stockton, C.A.__
__95215.__ _____ I am familiar with the institution's Mailing
Practice of collecting and Processing correspondence for Mailing with the united
States Postal Service. In accordance with that Practice each correspondence
Placed in the internal Mail collection system is deposited with the united States
Postal Service, on the following day in the ordinary course of Process.

I have read this declaration of service by u.s. Mail and I declare under the
Penalty of Perjury of the laws of the united States that the foregoing is true
and correct and that this declaration was executed at the same time of
Servicing, on __August 23, 2020.__ _____, at the __CHCF. Stockton,__
_____, California.

Theon Owens   Theon owens
Declarant Name, And Signature.

Theon Owens V-60905
NAME, C.D.C.R. NO.:

B7A #122
HOUSING.

California Health Care Facility
PRISON NAME.

7707 South Austin Road
ADDRESS.

Stockton, C.A. 95215
CITY, STATE, ZIP.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

**THEON OWENS.**
PLAINTIFF.

## VS.

**JOSEPH DEFAZIO, ET AL.,**
DEFENDANTS.

CIVIL ACTION NO.: 2:16-CV-02750-JAM-KJN.
District Judge: JOHN A. MENDEZ.
Magistrate Judge: KENDALL J. NENMAN.

## PLAINTIFF'S EXHIBITS:

PLAINTIFF'S EXHIBITS, FOR PLAINTIFF'S
BRIEF AND STATEMENT OF UNDISPUTED FACTS,
SUPPORTING A MOTION FOR SUMMARY JUDGMENT.
(PARTIAL)

## COVER PAGE.

# IN THE UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON OWENS.                    VS.  JOSEPH DEFAZIO, ET AL.,
PLAINTIFF.                           DEFENDANT.

CIVIL ACTION NO.: 2:16-CV-02750-JAM-KJN.      DATE: August 7, 2020.

## PLAINTIFF'S EXHIBIT LIST:
For Plaintiff's Motion For
Partial Summary Judgment,
Against Defendants-SCHULTZ
And ELDRIDGE.

| EXHIBIT NUMBER. | DESCRIPTION OF EXHIBIT. | SPONSORING WITNESS. | DATE. Marked For Identification. | Admitted into Evidence. |
|---|---|---|---|---|
| EE | Declaration of THEON OWENS. | The Plaintiff. | 10/27/15 | 6/7/2020 |
| YY | The Rights of Prisoners Regarding Serious Disciplinary Charges. | The Director Of The Prison Law Office. D. SPECTER. | c/photo | c5/2020. |
| UU | C.D.C.R. 602 (Rev. 08/09) Inmate /Parolee Appeal Log No.: SAC-F-15-02287. | Plaintiff. T. OWENS, L.T. E. RODRIGUEZ (W.), J. MADRIGAL, R.E., J. DOMINGUEZ, & Ch. Off., M. YOUNG. | different dates. | 6/7/2020 |
| UU-1 | CDCR 602 (Rev. 03/12) Inmate /Parolee Appeal Log No.: SAC-F-15-02287. | The Plaintiff. | 8/17/15. | 6/7/2020 |
| UU-2 | Second Level Response To Log No.: SAC-F-15-02287. | L.T. E. RODRIGUEZ & (W.) J | 9/1/15. | 6/7/2020 |
| UU-3 | Third Level Response To Log No.: SAC-F-15-02287. | R.E., J. DOMINGUEZ & Ch. Off., D. M. YOUNG. | 7/28/16. | 6/7/2020 |
| QQ. | CDC-115 (7/89) Rules Violation Report /Serious Rules Violation Report Log No.: EOP-15-02-058. | Def. J. DEFAZIO. | 2/18/15 | 6/7/2020 |
| QQ.1 | CDC-115 (7/89) Rules Violation Report. Log No.: EOP-15-02-058. | Def. J. DEFAZIO. | 2/18/15. | 6/7/2020 |

1 OF 2                              PERMANENT ATTACHMENT.

| | | | |
|---|---|---|---|
| QQ-2 | CDC-115-C (5/95) Rules Violation Report - Part C. Log 15 of 058. | Clo C. DEMPS & Def. J. DIENZIO | different dates. |
| | | | 6/17/20 |
| QQ-3 | CDC 115-A (1/88) Serious Rules Violation Report. | The Plaintiff & Clo. C. DEMPS. | 3/3/15 |
| | | | 6/17/20 |
| RR | CDC-115 (7/89) Rules Violation Report Log No.: EOP-15-02-058. | Defs. J.SCHULTZ, & L.ELDRIDGE. | different dated. |
| | | | 6/17/20 |
| RR-1 | CDC-115 (7/88) Rules Violation Report Log No EOP-15-02-058. | Defs. J.DIENZIO, K.BLESSING. J. SCHULTZ & L.ELDRIGE. | different dates. |
| | | | 6/17/20 |
| RR-2 | CDC-115-C (5/95) Rules Violation Report Part C. Log No. EOP-15-02-058. | Def. J SCHULTZ. | 5/28/15 |
| | | | 6/17/20 |
| RR-3 | CDC-115-C (5/95) Rules Violation Report - Part C Log No.: EOP-15-02-058. | Def. J. SCHULTZ. | 5/28/15 |
| | | | 6/17/20 |
| RR-4 | CDCR 115-A Serious Rules Violation Report Log No.: EOP-15-02-058. | I.E., R.D. COUCH. | 4/27/15 |
| | | | 6/17/20 |
| RR-5 | CDC-115-C (5/95) Rules Violation Report - Part C Log No.: EOP-15-02-058. | I.E., R.D. COUCH. | 4/27/15 |
| | | | 6/17/20 |
| AAA | CDCR SOMS ICCT 156 Shu Term Assessment Worksheet/ICCSOTOB Shu Term Commutation. | I.C.C., H. Gutierrez. | 12/23/15 |
| | | | 6/17/20 |
| AAA-1 | CDCR Soms ICCT 156 Shu Term Assessment Worksheet. | I.C.C., H. GUTIERZ. | 12/23/15 |
| | | | 6/17/20 |
| AAA-2 | ICCSOTOB SHU TERM COMMUTATION. | I.C.C. RUTTIERZ. | 10/27/15 |
| | | | 6/17/20 |
| BBB | Defendant's Response To Plaintiff's Request For Admissions. Set One. | All Defendants. | 7/6/2020 |
| | | | 8/11/2020 |
| | | | |
| | | | |

PERMANENT ATTACHMENT