Theon Owens
NAME
V-60905
CDCR #.
California Health Care Facility
HOUSING.
7707 South Austin Road
ADDRESS.
Stockton, C.A. 95215.
CITY, STATE, ZIP.

FILED

SEP 0 2 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

COURT

**THEON OWENS,**
        Plaintiff,

        vs.

**JOSEPH DEFAZIO, ET AL.,**
        Defendant(s).

Case No: 2:16-CV-02750-JAM-kJN.

District Judge: JOHN A. MENDEZ.

Magistrate Judge: KENDALL J. NEWMAN.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

A.) Pursuant to Federal Rule of Civil Procedure 56., Plaintiff THEON OWENS requests that this court grant him summary judgment as to the liability of Defendant-MERCADO. for damages arising from his intentional deliberate indifferent to Plaintiff's health and safety. by interfing with prescribed medical treatment in violation of the Eighth Amendment to the U.S. Constitution. and interference. with Plaintiff's grievance. in violation of the First Amendment to the U.S. Constitution. as a Matter of law. The reasons therefore are set forth in the Plaintiff's declaration and brief in support of this Motion.

B.) According to Fed. R. Civ. P. 56. (a.) and (c.)(2.), Summary Judgment is proper when there is no genuine issue as to any material fact. In this entitled matter before this court, the case is just that. and the Plaintiff is entitled to

Pls. Mot. For Partial Summary Judgment.   Page 1 of 19

1  Judgment, as there is no genuine issue or material fact at issue.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19  Dated this _30th_ day of _August_ , _2020_.

20

21                    x _Theon Owens_
                      Signature of Plaintiff/

22                       Theon Owens
23                    NAME # V-60905
                      CDCR #
24                    California Health Care Facility
25                    HOUSING
                      7707 South Austin Road
26                    ADDRESS
                      Stockton, C.A. 95215.
27                    CTY, STATE, ZIP

28

Pls. Mot. For Partial Summary Judgment.  Page _2_ of _19_

1  Theon Owens
NAME
2  V-60905
CDCR #.
3  California Health Care Facility
HOUSING.
4  7107 South Austin Road
ADDRESS.
5  Stockton, C.A. 95215
CITY, STATE, ZIP.
6

7  # IN THE UNITED STATES DISTRICT COURT
8  ## FOR THE EASTERN DISTRICT OF CALIFORNIA
COURT
9

10  **THEON OWENS,**
       Plaintiff,               Case No: 2:16-CV-02750-JAM-KJN.

11
                                 District Judge: JOHN A. MENDEZ.
12  vs.
                                 Magistrate Judge: KENDALL J. NEWMAN.
13

14  **JOSEPH DEFAZIO, ET AL.,**     PLAINTIFF'S DECLARATION IN
       Defendant(s).               SUPPORT OF PLAINTIFF'S MOTION
15                                  FOR PARTIAL SUMMARY JUDGMENT.
16
17  I.) DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.
18

19  a.) Plaintiff, THEON OWENS, hereby declares that:

20

21  b.) I am the Plaintiff in this cause of action. The complaint ("Compl.") I have filed
22  ensures that I was refused my meals for several days by correctional officer(s) ("c/o.")
23  and then seriously assaulted by prison guards after being secured in
24  mechanical restraints, for a past incident that occurred earlier in that morning,
25  The compl. ensures that after this assault occurred medical staff and
26  supervising prison officials were deliberate indifferent to my health and safety,
27  When they intentionally failed to accurately and correctly document all the
28  visual injuries sustained to me as they existed, and when they failed to

Pls. Decl. In Support of Pls. Mot. For
Partial Summary Judgment.

1   accurately document information related to them by me and involved clo.

2   through incident reports, compl's. and appeals. The compl. ensures that Prison

3   officials intentionally interfered in my medical treatment after it had been

4   prescribed for a medically diagnosed injury, and while it was being

5   administered. The compl. ensures that I was severely harassed and

6   retaliated against by prison guards, for engaging in protected conduct. The

7   compl. ensures that I was denied eye witnesses and later convicted of

8   serious rules infraction charges at a disciplinary hearing and severely

9   punished and deprived without fair procedural due process of law being

10  offered. For these reasons, and those ensured in my brief in support of my

11  Motion for Partial summary judgment. I submit this declaration on my claims

12  of Interference with Prescribed medical treatment. And interference with

13  Plaintiff's grievance (I have already moved for summary judgment on some

14  of my claims against defendants).

15  C.) I was at the time of each incident described in the compl. an inmate at the

16  California State Prison - Sacramento ("CSP-SAC"), and while there an on February

17  18, 2015, I was seriously assaulted and battered by clo., as set forth in my

18  compl. at Page (P.) 9-C -14. Paragraphs (PP.) 37-57..

19

20  d.) As a result of the beating, I sustained serious bodily injuries ("s.b.i") as

21  well as mental and emotional injuries, as set forth in my compl. at P. 13-14. PP. 58

22  -57..

23

24  e.) After I was beaten by Defendants I was taken to the A-facility Triage

25  and Treatment Area (A-TTA), to receive treatment for the injuries sustained as

26  a result of Defendants actions, as set forth in my compl. at P. 16. PP. 72..

27

28  f.) While at the A-TTA., I began to complain to the medical Doctor ("M.D.") about

Pls. Decl. In Support of Pls. Mot. for
Partial summary Judgment.

1  MY concussion symptoms of inability to focus MY vison, seeing doubles and
2  feeling dizzy. the M.D. ensured me that MY symptom's would pass, but that I
3  would have to endure it for the time being, as set forth in MY compl. at
4  P. 17. PP. 73-74..

5
6  g.) MY head concussion symptoms began to worsen by the minutes and I
7  became irritable with the physical condition I was in and with the
8  circumstances that lead to the condition I was in, so I began to yell out MY
9  thoughts as a means of coping with the circumstances, as set forth in MY
10  compl. at P. 17. PP. 76..

11
12  h.) Defendant-MERCADO became aware of the circumstances that caused MY
13  injuries, and decided to cover for involved Defendants actions. as set forth in
14  MY compl. at P. 17 - 18. PP. 78..

15
16  i.) After a M.D. diagnosed MY injuries and proscribed a medical treatment for them.
17  Defendant-MERCADO interfered with the M.D.'s order   by stating "NO, he cannot
18  have an Ice Pack". and deprived me of needed medical care, as set forth in MY
19  compl. at P. 18. PP. 79-80..

20
21  j.) In this case Defendant-MERCADO acted with the intentions that harm
22  would result from his willful and intentional acts to the plaintiff. and
23  without regards for the consequences that would follow his action. As set
24  forth in MY compl. at P. 28. PP. 107..

25
26  k.) Defendant-MERCADO was fully aware that his conduct was unlawful. and
27  that his could and would be punished. Yet he disregarded this awareness
28  and acted maliciously and sadistically, with the hopes of getting away with

Pls. Decl. In Support of Pls. Mot For
Partial Summary Judgment.

1  his conduct. As set forth in MY compl. at P. 17-18, 27-28., PP. 78, 80, and 106..

2

3  l.) On June 17, 2015. Defendant-MERCADO came to MY assigned housing
4  area. to conduct a review of MY grievance Log No.: SAC-P-14-01732. Once
5  he arrived   he mentioned nothing about the appeal he was there to
6  review. but instead harassed me about being beatten by other
7  defendants, and then left MY door and cancelled MY grievance., as set
8  forth in MY compl. at P. 32., PP. 118.? Ex. LL-4..

9  M.) Defendant-MERCADO cancelled MY grievance to retaliate against me for
10  filing grievances on other defendants, to aide and abet other defendants
11  in retaliating against me, and to stop MY Protected conduct. as set forth
12  in MY compl. at P. 32., PP. 118-119..

13  n.) Defendant-MERCADO actions during the grievance Process did not
14  reasonably advance a legitimate Penological Purpose and were not intended
15  to. as set forth in MY compl. at P. 32., PP. 118-119..

16  o.) I suffered More that de minimal injury and obstruction in having non-
17  frivolously claims addressed by the Court. due to Defendants-MERCADO actions on
18  June 17, 2015. as set forth in MY compl. at P. 32., PP. 118-119..

19

20

21

22

23

24

25

26

27

28

Pls. Decl. In Support Of Pls. Mot. for
Partial Summary Judgment.

1
2
3  B)For the reasons stated in the brief submitted with this motion, these
4  undisputed facts establish that Defendant-MENCADO acted with the
5  intentions to deprive the Plaintiff of guaranteed constitutional rights
6  . See compl. at P.32-33. PP. 116-119..
7
8
9
10  I. declare under the penalty of perjury that the foregoing is
11  true and correct.
12
13
14
15
16
17
18
19  Dated this 30th day of August , 2020
20
21       X  Theon Owen
            Signature of Plaintiff.
22
23       Theon Owens
         NAME #  V-60905
24       CDCR #
         California Health Care Facility
25       HOUSING
         7707 South Austin Road
26       ADDRESS
         Stockton. C.A. 95215
27       CTY, STATE, ZIP
28

Pls. Decl. In Support of Pls. Mot For        Page 7 of 19
Partial Summary Judgment.

1  Theon Owens
   NAME
2  V-60905
   CDCR #.
3  California Health Care Facility
   HOUSING.
4  7707 South Austin Road
   ADDRESS.
5  Stockton, C.A. 95215
   CITY, STATE, ZIP.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
COURT

**THEON OWENS,**
         Plaintiff,

Case No: 2:16-CV-02750-JAM-KJN.

District Judge: JOHN A. MENDEZ.

         vs.

Magistrate Judge: KENDALL J. NEWMAN.

**JOSEPH DEFAZIO, ET AL..**
         Defendant(s).

PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

# III.) INTRODUCTION.

a.) This is an u.s.c. § 1983 civil rights action. Filed by a state prisoner. in the C.D.C.R.. The complaint ensures violations of the prisoners rights by prison and medical officials at the prison. In this act the plaintiff has filed a motion seeking full summary judgment under Fed. R. civ. P. 56.. against Defendant - MERCADO, for his intentional interfering and denying of prescribed medical treatment. And for interfering in the grievance process, and retaliating against plaintiff for using the grievance system.

# IV.) STATEMENT OF THE CASE:

a.) This is a 42 U.S.C. § 1983, filed by a State Prisoner while at the CSP-SAC New Folsom, seeking declaratory relief, compensatory, Punitive, and nominal damages, replacement of the missing teeth he sustained from the incident with Permanent dental implants, costs in this suit and reasonable attorney fees (compl. at PP. 128-142.) based on the use of unnecessary excessive corporal Punishment, the deliberate and intentional falsifying of Department, Medical, and Public records, the denial and intentional withholding of Prescribed Medical treatment, the failure to Protect, and the denial of fair Procedural due Process (id. at PP. 113-26.). And the interference in the grievance Process (id. at PP. 118-119), In this Motion the Plaintiff seeks summary judgment on his claims arising from the interference with Prescribed treatment, In violation of the Eighth Amend. to the constitution ("const.") and retaliatory treatment in violation of the First Amend. to the Const.

# V.) STATEMENT OF THE FACTS:

a.) In this very troubling case before the court, you'll find a Prison official's Intentional denial of Prescribed Medical treatment, to a Prisoner after that Prisoner had been seriously injured by Prison guards' excessive force (compl. at 3   ), and for this reason it is the Plaintiff's belief and Position that his Eighth ("VIII.") Amendment ("Amend.") right to Medical treatment" was violated (id. at 116.). Specifically on 2/18/2015. after the Plaintiff had been seriously injured and as he was receiving Medical treatment for theos injuries, Defendant - MERCADO intentionally interfered

1  With the Prescribed Medical treatment ordered by the treating M.D.
2  (Id. at 79-80), Who after evaluating the Plaintiff's injuries, found it
3  to be Medically appropriate to Prescribe and treat the Plaintiff's injuries
4  With an "Ice Pack" (Exhibit ("Ex.") c.), However, before this treatment could
5  be administered, Defendant - MERCADO (a non-Medical staff) told the
6  M.D.'s assistant to disregard the M.D.'s instructions and not provide
7  the Plaintiff with the Medically necessary ice pack, as ordered (compl.
8  at pp. 80; Ex. c.), Which caused the Plaintiff to suffer additional
9  unnecessary pain, including dizziness, Migraines and completely swollen
10  shut eyes for days (compl. at pp. 117), Which violated Federal and State
11  laws. See California Penal Code ("cal. P.C.") § 2653., Which holds in relevant
12  parts: If a Physician employed by the Department of Corrections certifies
13  in Writing that a Particular Medical treatment is required to prevent...
14  serious and imminent harm to the health of a Prisoner, the order for
15  that Particular Medical treatment May not be... Canceled by any
16  employee... Without the approval of the Chief Medical officer ... or the
17  Physician in attendance." Id.
18  In addition, While reading this case, You'll learn of a Prison official's
19  retaliatory treatment towards a Prisoner for using the Grievance System,
20  to have complaints and claims redressed by Supervising Prison officials and the
21  court (compl. at pp. 106), and for this reason it is the Plaintiff's belief and
22  Position that his first ("1st") Amend. "right to file Grievances," "be free from
23  interference and retaliation for using the Grievance System, and right to
24  access the court" were violated alike (compl. at pp. 118-119), Specifically on
25  June 17, 2015, after the Plaintiff had been Severely beatten by Defendants,
26  and had filed several Grievances on Defendants (Ex. MM, NN, SS- UU.),
27  Defendant - MERCADO was directed by Defendant - ELDRIDGE to go to the
28  Plaintiff's assigned housing and gather information related to the facts

Pls. Brief In Support Of Pls. Mot.
For Partial Summary Judgment.

1  of one of the grievances Plaintiff had filed, on his health and safety.
2  (Ex. LL-4), as the first Level Reviewer ("FLR"). Defendant- MERCADO came
3  to the Plaintiff's assigned cell door, and called for the Plaintiff's
4  attention at the cell door, in such a manner that it appeared that
5  MERCADO Was indicating more then just his presence. (compl. at PP. 106
6  ) Once the Plaintiff approached the cell door, Defendant - MERCADO
7  Mentioned nothing about his official assignment as the FLR. as
8  directed, but instead immediately attacked the Plaintiff about his
9  two missing teeth that Defendants punched out of his mouth (compl.
10  at PP. 106.? Ex. A- D. and LL-1). Defendant - MERCADO continued to attack,
11  , harass, and taunt the Plaintiff in retaliation for other Defendants,
12  While at the door until satisfied (compl. at PP. 106.? Ex. DD: FF.), at which
13  time MERCADO left the cell door, without stating his purpose for being
14  there- except to retaliate against Plaintiff for other Defendants- and
15  cancelled the Plaintiff's grievance in retaliation for other Defendants
16  and Plaintiff filing grievances. (compl. at PP. 118.? Ex. LL-1), Which caused the
17  Plaintiff an inability to have non frivolous claims redressed by the court (
18  compl. at PP. 119.? Ex. L.), Which violated federal and state laws.

# VI.) ARGUMENT.

## A.) PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANT MERCADO FOR INTERFERENCE WITH PRESCRIBED TREATMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE CONSTITUTION AS A MATTER OF LAW:

### 1.) Pertinent Law:

Pls. Brief In Support Of Pls. Mot for
Partial Summary Judgment.

1  According to the Supreme court, Prison officials violate the constitution

2  when they intentionally deny or delay access to Medical care, provide

3  Grossly inadequate treatment, or intentionally interfere with prescribed

4  treatment. Estelle v. Gamble, 429 u.s. 97, 104-105 (1976)[emphasis added

5  ][The Supreme court wrote that the constitution prohibits officials

   from "intentionally denying or delaying access to medical care, or

6  intentionally interfering with the treatment once prescribed."]

7  Prison officials may not interfere with or fail to carry out treatment

8  that a doctor or other medical officials have prescribed or ordered for

9  prisoners. Lopez v. Smith, 203 F.3d 1122, 1132 (9th cir. 2000)[Failure to give

   inmate prescribed medical diet found to constitute deliberate indifference].

10 As such conduct amounts to deliberate indifference. See Tolbert v. Eyman.

11 434 F.2d 625, 626 (9th cir. 1970)[Prison officials may not overrule doctor's

12 Medical judgment regarding treatment].See also california Penal Code Sec.

13 2653. To establish a deliberate indifference claim regarding denial

14 of prescribed medical treatment, a plaintiff need only show that (1) He

   had a serious injury that required medical treatment and (2) That defendant

15 response to that need for treatment was deliberate indifferent.

16

17

18                                   POINT ONE.
   a. ) Defendant- MERCADO Deprivation Of Prescribed Treatment Was

19   Medically Unjustified:

20

21

22 Plaintiff ensures that Defendant -MERCADO denied him needed and

23 prescribed medical treatment after a medical doctor ordered the

24 treatment (compl. at PP.116 ;Ex. C. ). The record reflects that after the

25 Plaintiff was beatten, he was seen by a M.D., who upon evaluating him made

26 a medical determination that treatment was appropriate for the injuries

27 sustained (compl. at PP.79 ;Ex. F. ). The record reflects that the M.D. instructed

28 his medical assistant to carry out the ordered treatment. However before

Pls. Brief In Support. Of Pls. Mot. For
Partial Summary Judgment.

page 12 of 19

1   this could occur Defendant-MERCADO (a non-Medical staff) stopped her from
2   providing the ordered treatment (compl. at pp. 80. ¿Ex. C.). The record reflects
3   that the deprivation was without any reasonable penological justification, and
4   constituted deliberate indifference. Based on the facts of this case a Judge
5   could find that Defendant-MERCADO deprived Plaintiff of Prescribed medical
6   treatment without proper justification, because Defendant-MERCADO is not a
7   Medical Provider and is not qualified to decide what treatment is appropriate
8   or not, he violated a clearly established right to medical. See Collignon v.
9   Milwaukee County. 163 F.3d 982, 989 (7th cir. 1998)["what might not be obvious
10  to a lay Person might be obvious to a [Medical] Professional acting within
11  her area of expertise".]

12

13                          POINT TWO.

14  b.) Defendant-MERCADO Conspired Along With Other Defendants To Harm
15  Plaintiff And Deprive Him Of Constitutional Rights.

16

17  Plaintiff ensures that while Medical Staff attempted to treat him for injuries
18  sustained from a beating, that Defendant-MERCADO deliberately interfered,
19  and denied Plaintiff Prescribed medical treatment (compl. at pp. 79 ¿Ex C.).
20  The record reflects that after Medical Staff had Prescribed treatment to
21  ease the unnecessary suffering, Plaintiff endured, that Defendant-MERCADO
22  told Medical Staff that Plaintiff could not have the ordered treatment (compl.
23  at pp. 79.¿Ex. C.). Plaintiff ensures that based on the injuries he was enduring
24  at the time of the incident, that any reasonable Person in Defendant-MERCADO
25  Position would have known that the denial of Prescribed treatment would
26  worsen the Plaintiff's injuries. Based on these facts a Judge could find that
27  Defendant-MERCADO was aware of a substantial risk of harm befalling the
28  Plaintiff or reasonably should have been aware from his actions and.

Pls. Brief In Support of Pls. Mot For
Partial Summary Judgment.

page 13 of 19

1   therefore, violated a clearly established right to medical. Tolbert, Supra. 454
2   F.2d at 626 [holding that prison officials may not overrule a medical doctor's
3   medical judgment].

### FINAL POINT
c.) Statement Of Entitlement:

7   Defendant-MERCADO was part of the conspiring to harm the plaintiff and
8   deprive him of rights secured by the constitution (see compl. at PP.75-81 ;
9   Ex. C.). while the plaintiff was being treated by medical staff. Defendant
10   -MERCADO deliberatedly interfered with medical staff prescribed
11   treatment for the plaintiff (compl. at PP.80 ; Ex. C.). After medical staff had
12   prescribed a medical remedy for the plaintiff, to case the continuous
13   swelling around his eyes. Defendant-MERCADO told medical staff that the
14   plaintiff could not have the medical treatment (compl. at PP.80 ; Ex. C.).
15   which was a medically unjustified deprivation. Defendant-MERCADO knew
16   that a substantial risk of harm would befall the plaintiff from his
17   deliberate interference. and that his actions were clearly likely to make the
18   medical problem worsen (compl. at PP.77-81. ; Ex. JJ). In which it did. causing
19   the plaintiff's eyes to completely swell shut. inability to see, pain and dizziness.
20   (compl. at PP.111 ; Ex. AiL.). It is clear that Defendant-MERCADO willfully, intentionally,
21   and maliciously violated the plaintiff's right to medical care. And therefore
22   as a matter of law the plaintiff is entitled to summary judgment in full
23   against this defendant. Estelle v. Gamble. 429 U.S. 97. 104-05 (1976) [holding that
24   "intentionally interfering with the treatment once prescribed" can violate
25   the 8th Amendment].

Pls. Brief In Support Of Pls. Mot. For
Partial Summary Judgment.

page 14 of 19

## B.) PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANT MERCADO FOR INTERFERENCE IN THE GRIEVANCE PROCESS AND FOR RETALIATING AGAINST PLAINTIFF FOR USING THE GRIEVANCE SYSTEM IN VIOLATION OF THE FIRST AMENDMENT TO THE CONSTITUTION. AS A MATTER OF LAW.

### 2.) Pertinent Law:

Under the first and fourteenth Amendments to the U.S. Constitution, a prisoner has a right to litigate claims challenging conditions of their confinement to conclusion without active interference by prison officials. Silva V. Olson, 658 F.3d 1090, 1103 (9th Cir. 2011). In addition, It is well established that among the rights prisoners retain is a first Amendment right to file grievances. Rhodes V. Robinson, 408 F.3d 559, 566 (9th Cir. 2005); Bruce V. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and Prohibited as a Matter of "clearly established law". See Rhodes, Supra, 408 F.3d at 566..

### POINT THREE.

a.) Defendant - MERCADO Interference In The Grievance Process Did Not Reasonably Advance A Legitimate Penological Purpose. And Was For The Purpose Of Chilling Plaintiff's Exercise In Protected Conduct.

Plaintiff ensures that Defendant - MERCADO cancelled his grievance after coming to his cell door and harassing him (comp. at P. 32., PP. 118- 119). Plaintiff also ensures that Defendant - MERCADO acted in retaliation for other defendants (compl. at P.27., PP. 106.). The record reflects that after the Plaintiff was beatten, Defendant - MERCADO came to his cell front on June 17. 2015, and call for the Plaintiff to come to the cell door in a sadistic manner (compl. at P. 27., PP. 106.) The record reflects that once the Plaintiff came to the door, to see who was calling him, Defendant - MERCADO immediately attacked him about his two missing teeth

Pls. Brief In Support Of Pls. Mot. For Partial Summary Judgment.

page 15 of 19

1  Defendants knocked out on February 18, 2015 (Compl. at P. 27., PP. 106). The
2  record shows that Defendant - MERCADO continued to attack the
3  Plaintiff and to threaten him while standing at the door front,
4  informing the Plaintiff that he got his ass beat down and his teeth
5  knocked down his throat (Compl. at P. 27., PP. 106). The record shows that
6  while at the Plaintiff's assigned cell door, Defendant - MERCADO made a
7  threat to harm the Plaintiff (Compl. at P. 27., PP. 106) The record shows
8  that Defendant - MERCADO was not suppose to come to the Plaintiff's
9  assigned housing to harass and threaten him        . but was directed
10 by Defendant - L. ELDRIDGE to gather information related to the facts of
11 appeal log No. SAC-P-14-01732 (Ex. LL-4). The record shows that Defendant
12 MERCADO interfered in the grievance process and cancelled the Plaintiff's
13 grievance in retaliation for other Defendants, and falsely claimed that
14 the Plaintiff "refused to come out of his cell for an interview. to dishonestly"
15 justify his cancelling of the Plaintiff's grievance, and chilling of the
16 exercise of protected conduct. (Compl. at P. 27., PP. 106; Ex. LL-4). The record
17 shows that Defendant - MERCADO action in interfering in the grievance
18 process on June 17, 2015, did not reasonably advance a legitimate penological
19 purpose, and was for the purpose of chilling the Plaintiff's exercise in
20 protected conduct. Burgess v. Moore, 39 F.3d 216, 218 (8th cir. 1994) [" [A]
21 threat... is sufficient injury if made in retaliation for an inmate's use of
22 prison grievance procedures"]. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th cir.
23 2009) [" The power of a threat lies not in any negative actions eventually
24 taken, but in the apprehension it creates in the recipient of the threat', "a
25 Plaintiff does not have to show that 'his speech was actually inhibited or
26 suppressed, but rather that the adverse action at issue' would chill or
27 silence a person of ordinary firmness from future first Amendment activities'
28 ] Rhodes, 408 F.3d at 568-569..

Pls. Brief In Support Of Pls. Mot.
For Partial Summary Judgment.

page 16 of 19

## POINT FOUR.

**b.)** Defendant - MERCADO Retaliated Against Plaintiff for using The Grievance System And Engaging In Protective Conduct.

Plaintiff ensures that Defendant - MERCADO came to his cell door immediately started attacking, harassing, and taunting him about injuries Sustained from other Defendants beating him on February 18, 2015. And then left and cancelled his Grievance after the encounter (compl. at P. 27, ¶32., ¶¶. 106, 118? 119). The record shows that Defendant - MERCADO was suppose to be at the Plaintiff's assigned cell door, to conduct an interview regarding facts of a grievance that the Plaintiff had filed (Ex. LL-4) The record shows that Defendant - MERCADO while at the Plaintiff's assigned cell door, mentioned nothing about his assignment as the Grievance reviewer, but instead aided and abetted other defendants in the retaliation against the Plaintiff for using the Grievance System and filing Grievances against Defendants for using unnecessary excessive force on him on February 18, 2015. (compl. at P.27., ¶¶. 106.? Ex. LL-4). The record shows that as a result of Defendant - MERCADO'S retaliation, the Plaintiff was prevented from having ... "non frivolously" claims redressed by the court, due to the Plaintiff's grievances being cancelled by MERCADO. (compl. at P. 32-33., ¶¶. 119.. Also see Ex. LL-4.) Simpson v. Nickel, 450 F.3d 303, 305 (7th cir. 2006) [claim stated because prison officials retaliated against prisoner for exercising 1st Amendment right to petition for redress of grievances]. Watison v. Carter, 668 F.3d 1108, 1115 (9th cir. 2012) [1st. Amendment retaliation claim stated when prison officials lied on inmate because inmate filed grievances against officials].

## FINAL POINT.

**c.)** Statement Of Entitlement.

Pls. Brief In Support Of Pls. Mot.
For Partial Summary Judgment.

page 17 of 19

1  On october 3, 2011, the court previously dismissed claims alleging verbal
2  harassment by Defendant-Mercado, during the Motion to dismiss Process
3  of this case. (ECF No.: 47). However, during the Motion to dismiss Process
4  of the case, Plaintiff was not required to Present evidence that during
5  Defendant - MERCADO actions of harassment, that he also interference
6  in the Plaintiff's grievance Process and retaliated against Plaintiff for
7  Other Defendants;        as ensured within the Complaint (see compl. at
8  P.32., PP. 118-119.? Ex. 11-1.). Now at the Summary Judgment Part of the
9  case, Plaintiff here and now, restate his Count Four Claim against
10 Defendant - MERCADO for "Retaliatory treatment in violation of the
11 first Amendment to the Constitution" (compl. at P.32.), And Provides Proof of
12 exhaustion of administrative remedies on this claim, as well as evidence
13 to Support his entitlement to Judgment against Defendant-MERCADO
14 for first Amendment Violations of "Right to be free from interference while
15 grieving", and Right to be free from retaliation for using the grievance and
16 court System. Id. as a Matter of Law. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th
17 cir. 2009)["Prison Walls do not form a barrier separating Prison inmates, from the
18 Protections of the Constitution"], Bradley v. Hall. 64 F.3d 1276, 1279 (9th cir.
19 1995)[" a Prisoner has both a right to meaningful access to the courts, and
20 a broader right to Petition the government for a redress of his grievances"
21 ] (overruled on other grounds)(Silva v. Olson. 658 F.3d 1090, 1101-1102 (9th cir.
22 2011)]..
23
24
25
26
27
28

## VII.) CONCLUSION.

Based on the facts presented, the court should grant Plaintiff Summary Judgment against Defendant- MERCADO, as the Plaintiff has shown that he is entitled to such Judgment as a matter of law.

Dated this 30th day of August , 2020.


X  Theon Owens
    Signature of Plaintiff/

        Theon Owens
    NAME
        # V-60905
    CDCR #
    California Health Care Facility
    HOUSING
    7707 South Austin Road
    ADDRESS
    Stockton, C.A. 95215.
    CTY, STATE, ZIP

Pls. Brief In Support of Pls. Mot. for
Partial Summary Judgment.

# CORE TERMS

) The following words are frequently used throughout this brief, and have in this matter the following signification attached to them, unless otherwise apparent from the context.

ASSAULT. The threat or use of force on an inmate that causes that prisoner to have a reasonable apprehension of imminent harmful.

BATTERY. The use of force against a prisoner, resulting in harmful or offensive contact.

CORPORAL PUNISHMENT. Physical punishment that is inflicted upon the body of a prisoner for a pasted incident.

CRUEL AND UNUSUAL PUNISHMENT. Is punishment that is prohibited by the Eighth Amendment to the u.S. constitution. This type of punishment includes but is not limited to torturous, degrading, inhuman, or otherwise shocking to the moral sense of the community.

DELIBERATE INDIFFERENCE. The careful preservation of a prison officials ignorance despite their awareness of the serious medical need, that would put any reasonable person on notice of the need for medical treatment.

ENSURING CLAIM. The act of declaring something to be true.

INJURY. A wrong or damage done to an inmate.

MOTION FOR SUMMARY JUDGMENT. Is a request for the court to rule that the other party has no case, because there are no facts at issue, and therefore the case should not go before a jury, because a jury could only rule in favor of the moving party.

PRISONER. Is a preson held against his will.

) RIGHT. A legal entitlement that a prisoner possesses.

SERIOUS BODILY INJURY. Means any serious physical impairment of the human body. esp., bodily injury that creates a substantial risk of death or that causes extreme physical pain, serious permanent disfigurement, or protracted loss or impairment of the function of any body part, organ or mental faculty.

VIOLATION. Is an act or omission that results in the denial of a prisoners right.