UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS, | No. 2: 16-cv-2750 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH DEGAZIO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's September 14, 2020 motion for a competency hearing and for appointment of a guardian ad litem. (ECF No. 192.) On September 17, 2020, the undersigned ordered plaintiff's motion and documents filed in support of the motion (ECF Nos. 192, 195) filed under seal. (ECF No. 194.)

For the reasons stated herein, plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is denied.[1]

////

////

---

[1] Plaintiff previously filed a motion requesting a competency hearing and appointment of a guardian ad litem. (ECF No. 136.) On November 13, 2019, the undersigned denied this motion. (ECF No. 139.)

1

Legal Standard

Under Federal Civil Procedure Rule 17, courts can appoint a guardian ad litem or issue another appropriate order to protect a minor or incompetent person." Fed. R. Civ. P. 17(c)(2); see also Local Rule 202(a).  The court is under a "legal obligation to consider whether an incompetent person is adequately protected." United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986)); see also Davis v. Walker, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue was raised.  See, e.g., Forte v. County of Merced, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)).

The standard for determining competency is supplied by the law of the plaintiff's domicile.  See Fed. R. Civ. P. 17(b)(1).  Plaintiff is domiciled in California.  Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)); see also Cal. Civ. Proc. Code § 372(a) ("When ... a person who lacks legal capacity to make decisions ... is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem.").

Under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing.  See Hoang Minh Tran v. Gore, 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013); see also Shack v. Knipp, 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard.  See Allen, 408 F.3d at 1152–54; see also Hoang Minh Tran, 2013 WL 1625418, at *3.  Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings.  See AT&T Mobility,

2

LLC v. Yeager, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (citing In re Christina B., 19 Cal. App. 4th 1441, 1450 (1993)).

Analysis

In the motion for a competency hearing and for appointment of a guardian ad litem, plaintiff alleges that he suffers from serious mental illness. Plaintiff argues that the mental health records he filed in support of the pending motion demonstrate that he is not competent to proceed. The undersigned has reviewed the mental health records filed by plaintiff in support of the pending motion. (See ECF No. 195.)

The undersigned acknowledges that plaintiff has been diagnosed with a mental illness for which he receives treatment. However, the record in this case demonstrates that plaintiff is capable of understanding the nature and consequences of this proceeding. Plaintiff has competently litigated this action since he filed it almost four years ago. The record demonstrates that plaintiff has recently filed three motions for partial summary judgment. (ECF Nos. 181, 182, 193.) These motions for partial summary judgment are coherent and organized.

Despite having serious mental illness issues, plaintiff has competently litigated this action. Plaintiff has demonstrated an ability to meaningfully participate in these proceedings. The record demonstrates that plaintiff has the capacity to understand the nature and consequences of these proceedings. For these reasons, the undersigned finds that plaintiff is competent to litigate this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a competency hearing and for appointment of a guardian ad litem (ECF No. 192) is denied.

Dated: September 21, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Owen2750.comp