UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEON OWENS,

        Plaintiff,

v.

JOESEPH DEFAZIO, et al.,

        Defendants.

No. 2:16-cv-2750 JAM KJN P

ORDER

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On March 3, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff and defendants have filed objections to the findings and recommendations.

     Pursuant to the mailbox rule, plaintiff filed his objections on March 23, 2021. (ECF No. On March 31, 2021, plaintiff filed a motion which the court construes as a motion for extension of time to file his objections. (ECF No. 228.) Good cause appearing, plaintiff's motion for an extension of time is granted and plaintiff's objections are deemed timely filed.

////

Defendants object only to the magistrate judge's recommendation that plaintiff's summary judgment motion be granted as to the claim that defendant Schultz violated plaintiff's right to due process by denying plaintiff's request to present documentary evidence at the disciplinary hearing. Before addressing defendants' objections, the undersigned makes the following observations.

Although plaintiff clearly moved for summary judgment as to the at-issue claim (ECF No. 181 at 24-25), defendants failed to address this claim in their points and authorities filed in support of their opposition. (ECF No. 217 at 5-7.) Defendants failed to recognize plaintiff's constitutional right to present documentary evidence at his prison disciplinary hearing (id.), although this claim was clearly discussed in the October 3, 2017 findings and recommendations addressing defendants' motion to dismiss.[1] (ECF No. 49 at 25.)

In their response to plaintiff's statement of undisputed facts, defendants addressed plaintiff's undisputed facts nos. 8-9, which related to the at-issue claim. (ECF No. 224 at 48-50.) The magistrate judge overruled defendants' objections to plaintiff's undisputed facts nos. 8-9. (Id.) The magistrate judge found that plaintiff's unopposed evidence demonstrated that defendant Schultz violated plaintiff's due process right to present documentary evidence at his disciplinary hearing. (Id. at 50.)

Turning to defendants' objections, defendants argue that plaintiff did not attach the exhibits he relied upon to his summary judgment motion, making it impossible for defendants to frame an appropriate response or evaluate plaintiff's claims. (ECF No. 225 at 2.)

Plaintiff filed four separate motions for partial summary judgment, each containing a statement of undisputed facts. (ECF Nos. 181, 182, 193, 203.) Plaintiff separately filed a well-organized package of exhibits. (ECF No. 200.) Plaintiff's statements of undisputed facts cited to

---

[1] In the March 3, 2021 findings and recommendations, the magistrate judge observed that in defendants' summary judgment motion (and in their opposition to plaintiff's summary judgment motion), defendants' description of the due process rights to which inmates are entitled in prison disciplinary proceedings pursuant to Wolff v. McDonnell, 418 U.S. 439, 566 (1974) *did not* include the right to present documentary evidence. (ECF No. 224 at 34.) In Wolff, the Supreme Court held that inmates have a due process right to present documentary evidence at prison disciplinary proceedings. 418 U.S. at 566.

2

these exhibits.  Defendants were in possession of all of these documents when they prepared their opposition.  In their response to plaintiff's statements of undisputed facts, defendants cited the exhibits referenced by plaintiff in his statements of undisputed facts.  (ECF No. 217-1.)  Based on these circumstances, the undersigned is not persuaded by defendants' objection that plaintiff's separate filing of his exhibit package made it impossible for them to frame an appropriate response to his summary judgment motion.

In addition, defendants' failure to acknowledge plaintiff's constitutional right to present documentary evidence in their opposition (and in their own summary judgment motion) undermines their objection that the separate filing of plaintiff's exhibits made it impossible for them to respond to this claim.

In the objections, defendants also argue that the magistrate judge erred in finding that plaintiff met his initial summary judgment burden.  Defendants argue that plaintiff offered no evidence in his partial summary judgment motion that defendant Schultz violated his right to due process by denying his request to present documentary evidence at his disciplinary hearing.  The undersigned rejects this argument because the magistrate judge correctly found that plaintiff's undisputed evidence, discussed in the findings and recommendations, demonstrated that defendant Schultz denied plaintiff's request to present documentary evidence in violation of plaintiff's right to due process.  (ECF No. 224 at 48-50.)

Defendants' objections contain new arguments regarding why plaintiff's motion for summary judgment as to the at-issue claim should be denied.  In essence, in their objections, defendants now seek to oppose plaintiff's motion for summary judgment as to this claim.

It is within this court's discretion whether to accept new arguments raised in objections.  Brown v. Roe, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court must consider new arguments raised in objections to a magistrate judge's findings and recommendation).  For the following reasons, the undersigned declines to exercise his discretion to consider the new arguments raised in defendants' objections.

As discussed above, the October 3, 2017 findings and recommendations addressing defendants' motion to dismiss made clear that this action proceeded on plaintiff's claim that

defendant Schultz allegedly violated his right to due process by denying his request to present documentary evidence at his disciplinary hearing. (ECF No. 49 at 24-25.) Plaintiff's partial summary judgment motion also clearly raised this claim. (ECF No. 181 at 24-25.) Based on these circumstances, defendants have not shown good cause to consider the new arguments raised in their objections.

In their objections, defendants argue that in Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), the Ninth Circuit held that a district court abused its discretion by failing to consider arguments raised for the first time in objections to a magistrate judge's findings. In Jones, the Ninth Circuit found that the district court abused its discretion by failing to consider new evidence presented in objections filed by a "pro se plaintiff, ignorant of the law…" 393 F.3d at 935. In the instant case, defendants are not pro se plaintiff's, ignorant of the law. Defendants are represented by counsel.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 3, 2021, are adopted in full;

2. Defendants' summary judgment motion (ECF No. 216) is granted as to all claims against defendant Okoroike and Eldridge and plaintiff's claim alleging that defendant Schulz denied him due process by finding him guilty of a rules violation report based on insufficient evidence; defendants' summary judgment motion is denied in all other respects;

3. Plaintiff's motion for partial summary judgment as to defendant Schultz (ECF No. 181) is granted as to the claim that defendant Schultz violated plaintiff's right to due process when he denied plaintiff's request to present documentary evidence at the disciplinary hearing; plaintiff's motion for partial summary judgment as to defendants Schultz and Eldridge (ECF No. 181) is denied in all other respects; and

////

////

4

4.  Plaintiff's motions for partial summary judgment (ECF Nos. 182, 193, 203) are denied;

5.  Plaintiff's motion for an extension of time to file his objections (ECF No. 228) is granted.

DATED:  June 28, 2021                    /s/ John A. Mendez
                                         THE HONORABLE JOHN A. MENDEZ
                                         UNITED STATES DISTRICT COURT JUDGE