Theon owens
* V-60905
California Health Care Facility
7707 South Austin Road
Stockton, C.A. 95215.

**FILED**

AUG 02 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION.

THEON OWENS, Plaintiff.

Case No.: 2:16-CV-02750-JAM-KJN.

District Judge: JOHN A. MENDEZ.

Magistrate Judge: KENDALL J. NEWMAN.

JOSEPH DEFAZIO. ET AL.,
Defendants.

## PLAINTIFF'S PRETRIAL STATEMENT.

COVER PAGE.

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................... i

TABLE OF AUTHORITIES................................................ iii

I.) JURISDICTION AND VENUE.......................................... 1

II.) JURY TRIAL DEMANDED............................................ 2

III.) UNDISPUTED FACTS............................................. 2

IV.) DISPUTED FACTUAL ISSUES....................................... 6

V.) DISPUTED EVIDENTIARY ISSUES................................... 8

VI.) SPECIAL FACTUAL INFORMATION.................................. 9

VII.) RELIEF SOUGHT................................................ 10

VIII.) POINTS OF LAW............................................... 10

IX.) ABANDONED ISSUES............................................. 11

X.) WITNESSES..................................................... 12

XI.) EXHIBITS..................................................... 15

XII.) DISCOVERY DOCUMENTS......................................... 18

XIII.) FURTHER DISCOVERY OR MOTION................................ 18

XIV) STIPULATIONS FOR PRETRIAL OR TRIAL............................................ 19

XV) AMENDMENTS AND DISMISSALS............................................ 19

XVI) SETTLEMENT NEGOTIATIONS............................................ 19

XVII) AGREED STATEMENTS............................................ 20

XVIII) SEPARATE TRIAL OF ISSUES............................................ 20

XIX) IMPARTIAL EXPERTS AND LIMITATION OF EXPERTS...... 21

XX) ATTORNEY'S FEES............................................ 21

XXI) TRIAL EXHIBITS............................................ 21

XXII) TRIAL PROTECTIVE ORDER............................................ 22

XXIII) MISCELLANEOUS............................................ 22

a.) Appendix List............................................ 22

# TABLE OF AUTHORITIES

PAGE

## FEDERAL

## UNITED STATES CONSTITUTION

AMENDMENT XIV ............................................ 22

28 U.S.C. § 1331 .......................................... 1
28 U.S.C. § 1343 .......................................... 1
28 U.S.C. § 1391 .......................................... 1
42 U.S.C. § 1983 .......................................... 1
42 U.S.C. § 1988 .......................................... 21
42 U.S.C. § 1997 .......................................... 10, 21

## SUPREME COURT CASES

Agreman V. Corr. Corr. Of Am.
(2005) 545 U.S. 1128 .................................... 12

## NINTH CIRCUIT CASES

Agreman V. Corr. Corr. Of Am (2004 (CA9) Ariz)
390 F.3d 1101 ........................................... 12

Furnace V. Sullivan (2013 (CA9) Cal.)
705 F.3d 1021 ........................................... 8

Johnson V. Duffy (1978 (CA9) Cal.)
588 F.2d 740 ............................................ 11

United States V. 30.64 Acres Of Land,
(1986 (CA9) Cal.) 795 F.2d 796 ............................................... 10

# EASTERN DISTRICT COURT CASES.

Goodoy - Aguirre V. Giiket. (2006. E.D. Cal.)
2006 U.S. Dist. LEXIS 63979 ............................................... 12

Padilla V. Beard. (E.D. Cal. Jan. 27. 2017)
2017 U.S. Dist. LEXIS 11851 ............................................... 12

## STATE.

# CALIFORNIA GOVERNMENT CODES.

Cal. Gov't Code §820. ............................................... 10
Cal. Gov't Code §820.8 ............................................... 11

1
Theon Owens
NAME
2
V·60905
CDCR #.
3
California Health Care Facility
HOUSING.
4
7707 South Austin Road
ADDRESS.
5
Stockton, CA, 95215
CITY, STATE, ZIP.
6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
8
COURT
9

10
**THEON OWENS,**
Plaintiff,                           Case No: 2:16-CV-02750-JAM-KJN.
11
                                          District Judge: JOHN A. MENDEZ.
vs.
12                                          Magistrate Judge: KENDALL J. NEWMAN.
13
                                          PLAINTIFF'S PRETRIAL STATEMENTS.
14
**JOSEPH DEFAZIO, ET AL.,**
Defendant(s).
15

16

## 1.) JURISDICTION AND VENUE:
17

18

19  1.) This is a civil rights action filed by a state prisoner, authorized by 42 U.S.C.
20  Section 1983 to redress the deprivation, under color of state law, of rights
21  Secured by the constitution of the united states, In the united states
22  District court for the Eastern District of california. The court has jurisdiction
23  over this matter under 28 U.S.C. Sections 1331 and 1343 (a)(3).
24

25  2.) The Eastern District of california, Sacramento Division court is the
26  appropriate venue in this case pursuant to 28 U.S.C. Section 1391 (b)(2).
27  because it is where the Plaintiff's constitutional rights were violated by
28  each Defendant.

Page 1 of 19

3.) At this time there appears to be no issues concerning Jurisdiction or venue.

## II.) JURY TRIAL DEMANDED.

1.) Based on the record, the Plaintiff demanded for Jury trial (ECF No. 1. at P. 1.). And the Defendants have also demanded for Jury trial (ECF No. 80. at P. 1. PP. 1.).

2.) A Jury trial has been demanded on all issues by the Parties.

## III.) UNDISPUTED FACTS.

a.) The undisputed facts are that Plaintiff was denied his breakfast and lunch Meals on the date of February 18. 2015. and that as a result of that significant deprivation the Plaintiff began throwing water at his cell door. and Non-defendant-POTTER who was sitting in front of the Plaintiff's cell door, alleged that some of the water made contact with his shirt sleeve. and that POTTER left the tier and notified Defendant-MARTINCEK who came to the unit and removed the Plaintiff from his cell and thoroughly searched the cell for containers and placed the Plaintiff back into the cell without any injury to the Plaintiff or others. and then Defendant-MARTINCEK left the unit. It is also undisputed that when Defendant-MARTINCEK removed the Plaintiff from the cell. the Plaintiff complied and submitted to Mechanican restraints without incident and was not assaulted in any way.

1 and that under the Supervision of MARTINCEK the other defendants didnot

2 misbehave or use excessive or unnecessary force. It is also undisputed

3 that during the search of the Plaintiff's assigned cell. that all of the

4 containers within the cell were removed and that there was nothing left

5 in the Plaintiff's cell that could possibly be used to gas anyone with. or

6 that could be used to hold liquid. It is also undisputed that Defendant

7 - BETTENCOURT used a wet swab on POTTER'S shirt sleeve before

8 photographs were taken of POTTER'S shirt sleeve and/or any evidence was

9 collected. and that the photos taken of POTTER'S shirt sleeve Show a

10 large liquid spot left behind by Defendant - BETTENCOURT'S usage of a

11 wet swab. and that there is no actual evidence that the Plaintiff threw

12 anything at or on Defendant - BETTENCOURT at approximately 1150 hours.

13 and that POTTER was sitting directly in front of the Plaintiff's cell door

14 the whole time of Defendant - BETTENCOURT'S alleged gassing occurring,

15 and that POTTER would have seen the gassing occurring if it had

16 actually occurred. and that POTTER didnot write a report claiming that

17 he witnessed BETTENCOURT being gassed while he provided direct

18 observation of the Plaintiff in his cell. and that it would be impossible

19 for the Plaintiff to have been able to gas BETTENCOURT without

20 having gassed POTTER in the process. It is also undisputed that at

21 approximately 1315 hours. Defendants-DEFAZIO. LEBECK. BURKE. and BRADY

22 went to the Plaintiffs cell without notifying MARTINCEK of their doing

23 so or of any additional incidents occurring with the Plaintiff. and without

24 notifying MARTINCEK that they would be pulling the Plaintiff out of the cell

25 to search it again. It is also undisputed that when Defendants came back

26 to the Plaintiff's cell for the second time. that Plaintiff Submitted to

27 Mechanical restraints again.      and that Defendants - DEFAZIO. LEBECK.

28 BURKE. and BRADY as a group beat the Plaintiff significantly. for the past

1   incident that was alleged to have occurred earlier in the Morning. And
2   that this beating resulted in serious bodily injuries, requiring immediate
3   dental and Medical attention to be provided to the Plaintiff, for head
4   trauma. Swelling, broken teeth and numerous other Injuries, and later
5   treatment for a fractured ankle. And that the Injuries suffered to the
6   Plaintiff constitutes More than de Minimis pain and Injury. It is also
7   undisputed that these Injuries arose after the Plaintiff had been
8   Placed into Mechanical restraints behind his back and slammed to the
9   floor, by one of the defendants, at which time three additional defendants
10   were Immediately on him, rendering him helpless, striking and kicking
11   Plaintiff In the facial and head areas, and that when an additional
12   defendant arrived he Immediately kicked the Plaintiff In the testicles
13   While he laid on the floor Injured, and that seconds later three
14   additional defendants approached the Plaintiff, and as one kicked him In the
15   head,      all of the rest began striking and kicking him In the facial
16   and head area for a second time. Plaintiff was then dragged and slammed
17   Into a door frame and then held up and beatten for a third time. In the
18   absence of any evidence that any force, Much less the force here, was
19   necessary to maintain order or restore discipline In the Institution. And
20   that from this beating the Plaintiff suffered mental and emotional
21   Injuries. It is undisputed that Defendants - GUFFEE, RASHEV, BETTENCOURT,
22   And MARTINEZ were working In the unit where the Plaintiff's was
23   beaten  on Feb 18, 2015, and were Present at Many Points during the incident
24   and either Participated in the beating on the Plaintiff or Watched other
25   Defendants use force upon the Plaintiff. It is also undisputed that after
26   the Plaintiff was beaten, that Defendant- MARTINCEK became aware of the
27   Incident, and the Injuries suffered to the Plaintiff, and that MARTINCEK
28   then aided and abetted the other Defendants, by Intentionally and not

1  accurately documenting facts as they existed, and by allowing other

2  Defendants to change their stories of accountability regarding Plaintiff's

3  beating and by leading other Defendants on what to say to avoid true

4  liability. It is also undisputed that. Nurse - Okoroike did not perform a

5  full body Inspection on the Plaintiff after he was beaten by Defendants

6  to determine the extent of the Injuries Sustained by the Plaintiff, to

7  properly account for them. and that she didn't document all of the

8  Plaintiff's Injuries on the Medical form to assist other Defendants In

9  avoiding liability. for beating the Plaintiff. It is also undisputed that days

10  after Nurse - Okoroike falsified the Medical report she completed on

11  the Plaintiff. the Plaintiff was evaluated by unbiased Medical staff and

12  additional Injuries and deliberate Indifference were found. It is also

13  undisputed that on Feb. 18. 2015. While the Plaintiff was being Medically

14  treated for the Injuries Sustained to him by Defendants beating him, that

15  Defendant - MERCADO Intentionally Interfered. In Plaintiff's Prescribed

16  Medical treatment and with Medical Staff administration of treatment. and

17  that MERCADO denied Plaintiff Medical treatment. It is also undisputed

18  that Defendant - DEFAZIO punched the Plaintiff In the Mouth with so

19  Much force, that he hurt his own hand knocking the Plaintiff's two teeth

20  out. And that DEFAZIO fabricated a rules violation. alleging that the

21  Plaintiff battered a Peace Officer. And It is also undisputed that the

22  Plaintiff was provided a Staff Assistant. C. DENIS. who had the Plaintiff

23  Identify In writing on a Department form. the names of witnesses who saw

24  him being beaten by Defendants, and that he wished to call to the

25  disciplinary hearing and the evidence and other Information he needed

26  to prepare for the hearing. It is also undisputed that a disciplinary

27  hearing was held on 5/28/2015. and that at the hearing Plaintiff was

28  denied all requested live eyewitnesses by Defendant - SCHULTZ, to attain at

1  the hearing, and that SCHULTZ falsely documented within the body of
2  the disciplinary summary, that the Plaintiff didnot request any
3  witnesses to attain the hearing. It is also undisputed that the
4  Plaintiff did request live eye witnesses and documentary evidence for
5  the hearing, and that SCHULTZ didnot provide a reason for denying
6  Plaintiff's witnesses within the constitutional requirement, and that
7  the Plaintiff was found guilty of the rules infraction and sentenced to
8  511 days in the Security Housing unit ("SHU") without being offered the
9  minimum Due Process requirements laid out in WULFE V. McDONNEL, which
10  undisputedly deprived the Plaintiff of his liberty to be free from such
11  confinement.

12

13  ## IV.) DISPUTED FACTUAL ISSUES.

14

15

16  The Plaintiff disputes the following as there are genuine issues of
17  material facts that requires a Jury trial to determine the validity of the
18  issues. Therefore,

19

20  a)It is disputed that BYERS and HASHEY provided the Plaintiff all his meals
21  during their shifts, or that Plaintiff gassed non-Defendant-POTTER or
22  Defendant-BITTENCOURT on Feb.18.2015., or that Plaintiff informed Defendant-
23  DEFAZIO multiple times before the excessive force incident that he has "AIDS",
24  or that as Plaintiff backed out of his assigned cell, he spun around and
25  lunged at Defendant-DEFAZIO, or that Plaintiff struck Defendant-DEFAZIO in
26  the chest with his head, or that Plaintiff headbutted Defendant-DEFAZIO on
27  Feb.18.2015., or that Plaintiff attempted to bite Defendant-DEFAZIO, or that
28  Defendant-DEFAZIO punched Plaintiff in the Face while Plaintiff was

1    standing up, or that Defendant - DEFAZIO only punched the plaintiff four
2    times during the excessive force exercise, or that Defendant - DEFAZIO was
3    the only Defendant who punched the plaintiff during the excessive force
4    exercise, or that Defendant - MATTHEWS activated his personal alarm
5    during the excessive force exercise, or that Plaintiff tried to headbutt
6    Defendant - DEFAZIO while on the ground being beatten, or that while on the
7    ground Plaintiff was thrashing his head and body back and forward and
8    from side to side, or that Plaintiff kicked at any of the Defendants while
9    they were beating him, or that Defendant - DEFAZIO had pain in his chest, or
10   that Defendant - DEFAZIO feared for his safety at the time he was beating
11   the plaintiff up in mechanical restraints, or that the plaintiff's actions on
12   feb. 18. 2015., before, during, or after the excessive force used on him was a
13   contributing factor to Defendants actions, or that  Nurse - OKOROIKE could
14   not conduct a full body evaluation of the plaintiff after he was beatten,
15   due to plaintiff's alleged violent behavior, or that   Nurse - OKOROIKE
16   documented all of the injuries she could see on plaintiff and the statement
17   he made, or that the only injuries the plaintiff suffered were missing
18   hair, two missing teeth, two blackened and swollen eyes with lacerations,
19   abrasions to his lip, a reddened forehead, and an injured ankle, or that
20   Defendant - MERCADO denied Plaintiff an Ice pack because Plaintiff was on
21   suicide watch, or that an Ice pack can only come in a large plastic bag or
22   a chemical pack, or that Plaintiff requested 22 witnesses be called to
23   testify at the Disciplinary hearing including every inmate in his housing
24   unit, or that COUCH interviewed witnesses and asked them relevant
25   questions, or that the relevant witness   statements were considered by
26   Defendant - SHULTZ and were included in the R.V.R, or that the remaining
27   witnesses and questions were deemed irrelevant by Defendant - SHULTZ, or that
28   the inmates in the housing unit did not see the incident or had nothing to

1  Contribute, or that Defendant-MATTHEWS did not see Plaintiff being beatten
2  , and that Defendant-GUFFEE arrived to the incident area, after the
3  Plaintiff had been beatten, or that GUFFEE was never at the bottom of the
4  Stairs, or that Plaintiff received nearly 30 Rules Violation Reports In the
5  year leading up to the February 18, 2015, beating, and or that the Enhanced
6  out Patient level of Care Is the highest level of Psychiatric Care In Prison.

## V.) DISPUTED EVIDENTIARY ISSUES.

a.) The only dispute over actual evidence here Is Defendants Submitted
declarations, which are not actually evidence, but are actually unsupported
allegations, made In hindsight after the fact, which Is not admissible
evidence and should not be allowed to be Introduced Into trial evidence,
as allowing such evidence renders the trial process Insufficient, as It
would be contaminated by the Introduction through State actions of false
Inculpatory evidence. The Introduction of false, hindsight, or after the
fact evidence In Itself violates the Due Process clause, and therefore,
should not be allowed.

b.) Besides that stated above, Defendant-DEFAZIO's allegational argument of
fearing for his Safety while the Plaintiff was restrained In Mechanical
restraints, Is absurd, and barred by clearly established Circuit case
law. See Padilla v. Beard, 2017 U.S. Dist. LEXIS 11851* 75 (E.D. Cal. Jan. 27.
2017)[ once "he had already complied... with orders to cuff up... limited
attempts to physically attack a group of several officers], Furnace v.
Sullivan, 705 F.3d 1021, 1029 (9th Cir. 2013)[ threat was "likely not great"
when Plaintiff was locked In his cell behind a large Metal door]. Therefore,

1  the evidence is inadmissible, and the defense should not be allowed.

2

3
## VI.) SPECIAL FACTUAL INFORMATION
4

5

6  Plaintiff provides the following special information to this personal injury

7  civil claim.

8

9  a.) This is a civil action filed by a state prisoner, while at the California

10  State Prison - Sacramento New Folsom, based on the use of unnecessary

11  excessive corporal punishment, the deliberate and intentionally falsifying of

12  Department, Medical, and public records, the denial and intentional

13  withholding of prescribed medical treatment, the failure to protect, the

14  unnecessary and intentional retaliation, and the denial of procedural due

15  process.

16

17  b.) Plaintiff was at the time of the incident complained of, a 32 year old

18  Male, who sustained as a direct result of the incident, A concussion, bone

19  fracture, protracted loss, disfigurement, mental anguish, migraine headaches,

20  dizziness, inability to see, fear, emotional distress, stomach cramps,

21  lightheadedness, inability to articulate correctly, to eat and chew hard

22  foods, pain and soreness to gums, humiliation, inability to have non-frivolous

23  claims addressed by the court, loss of constitutional rights to be free from

24  cruel and unusual punishment, to receive medical treatment, to be free

25  from retaliatory treatment, to be free from interference while receiving

26  medical treatment, to receive basic human needs, to be protected from

27  excessive force, to due process in law, as well as many other significant

28  injuries. Plaintiff has incurred approximately $650.00 in dental expenses

1   and $ 10.00. durable Medical expenses. Plaintiff estimates an approximate

2   $8,800.00. In future dental expenses to permanently fix the missing teeth.

3   However, If the partial dentures that the plaintiff has, does not hold up

4   until his release, he anticipates another $350.00. to repair the dentures.

5

6 ## VII.) RELIEF SOUGHT.

7

8

9   The Prison Litigation Reform Act Provides that "No federal civil action May be

10   brought by a Prisoner confined In a jail, Prison, or other Correctional facility, for

11   Mental or emotional Injury suffered while In custody without a Prior showing of

12   Physical Injury. 42 U.S.C § 1997 e (e). Some courts have Interpreted this as

13   Meaning, that an Inmate's Physical Injury Must be More than de minimis (very

14   Small or trifling), but not necessarily Significant.

15

16   a.) Plaintiff Seeks declaratory, compensatory, Punitive, and nominal damage relief,

17   replacement of the Missing teeth with Permanent dental Implants, costs In this

18   Suit and reasonable attorney fees.

19

20 ## VIII.) POINTS OF LAW.

21

22

23   The Plaintiff Makes the following Points of law:

24

25   a.) In the State of California, the law expressly Imposes liability on a Public

26   employee for his own act or omission. See Cal. Gov't. Code §820 [ a Public

27   employee is liable for Injury caused by his act or omission to the Same

28   extent as a private Person, except as otherwise Provided by Statute ]. The law

1  of our State also holds Public emPloyee liable for Injuries Proximately

2  caused by their own negligent or wrongful act or omission." Cal. Govt. Code

3  §820.8. Also see Johnson v. Duffy, 588 F.2d 740, 744; HN8 (9th Cir. 1978).

4

5  b) Based on our State law and Policies, Defendant's actions didnt have to

6  actually cause the Plaintiff's Injuries In their entirety for them to be

7  held liable, their actions or Inactions just had to be an aPProximate cause

8  of the Injuries for liable to fall on them. Defendants dont disPute their

9  actions were an aPProximate cause of the Plaintiff's Injuries In fact they

10  admit their actions and Inactions contributed. (ECF No. 78 at PP 16 & 18)

11

12

13  ## IX.) ABANDONED ISSUES.

14

15

16  a) The Plaintiff In this case has not abandoned any Issues Plead within the

17  Complaint, and is ensured by the laws of the State and circuit that he has

18  ProPerly stated constitutional violations of his rights. However, the court has

19  dismissed several claims against several Defendants. SPecifically the court

20  dismissed claims against Defendant - Dental DePartment for extreme delay In

21  Providing dental treatment (ECF No. 6 & 29). Defendants - Byers and Flasher for

22  denying Plaintiff basic human needs, Defendant - StaPPs, Boatright for consPiracy

23  and falsifying of Documents, Defendant - Okoroike for denying Plaintiff Medical

24  evaluation and care, Defendant - Mercado for verbal harassment, and Defendant

25  - Eldridge for Due Process violations. In uPholding DePartment Procedure

26  violation by Defendant - Couch. (ECF No. 75). The court also dismissed all

27  claims against Defendants - OKOROIKE and ELDRIDGE for violations

28  of Plaintiff's constitutional rights (ECF No. 224) And claims

1  against Defendant - SCHULTZ for denying Plaintiff due Process by finding

2  Plaintiff guilty of a rules violation report based on insufficient evidence. (id

3  ).

26  these claims have not been waived and are subjected to reinstatement

27  upon appeal. Judgment rendered against claimant was vacated and

28  reversed because claimant was denied ———————————————————

1  counsel when he was allowed to proceed in forma pauperis and his motion
2  to appoint counsel was denied. Claimant lacked legal training. Claimant's
3  case was complex and circumstances were exceptional, and Magistrate Judge
4  who ruled ... knew very little of likelihood of Claimant's success on claim
5  that had not been properly framed. Alleman V. Corr. Corp. of AM (2007 CA)
6  Ariz.) 590 F.3d 1101. Cert den (2005) 5-15 U.S. 1118. and (criticized in Goodol-
7  Pruitte V. Gilkey (2006 E.D. Cal.) 2006 U.S. Dist. LEXIS 65919.

8

9

10  <u>X. WITNESSES</u>.

11

12

13  a.) I Plaintiff. Theon Owens will testify to the events and conversations that
14  occurred before, during and after the First, Eighth, and Fourteenth Amendments
15  were violated.
16  b.) Eye witness. C.HENDOS # J-62763. will testify to the events and
17  conversations that occurred before, during, and after the Eighth Amendment was
18  violated.
19  c.) Eye witness. E. SANCHEZ # K-62067. will testify to the events and conversations
20  that occurred before, during, and after the Eighth Amendment was violated.
21
22  d.) Eye witness. T. WOLFE # F-11742. will testify to the events and conversations that
23  occurred before, during, and after the Eighth Amendment was violated.
24  e.) Eye witness. FOX # F-51684. will testify to the events and conversations that
25  occurred before, during, and after the Eighth Amendment was violated.
26  f.) Eye witness. POTTS # F-51586. will testify to the events and conversations that
27  occurred before, during, and after the Eighth Amendment was violated.
28  g.) Eye witness. GRAHAM # G-76009. will testify to the events and conversations

1  that occurred before, during, and after the Eighth Amendment was violated.

2

3  h.) Eye Witness. T. WALTER #H-41205 will testify to the events and

4  conversations that occurred before, during, and after the First, and Eighth

5  Amendments were violated.

6  i.) Ear Witness. Z. AKGIN. will testify to the events and conversations that

7  occurred before, during, and after the First, Eighth, And Fourteenth Amendments

8  were violated.

9

10                          ═══════════════════
                            XI. EXHIBITS LIST.
                            ═══════════════════

11

12

13  Plaintiff Provides the following list of exhibits he expects he will be offering at

14  trial.

15  EXHIBIT - A. Photographs of The Plaintiff.

16

17

18  EXHIBIT - B. CDCR 7221 (Rev. 11/05) Medical Report of Injury or unusual

19                occurrence.

20  EXHIBIT - C. CDCR 7364 (01/13) Triage And Treatment Services Flow Sheet.

21

22

23  EXHIBIT - D. CDCR 231-C1 (Rev. 08/10) Supplemental Dental Progress Notes.

24

25  EXHIBIT - E. CDCR 7230 (Rev. 04/05) Interdisciplinary Progress Notes.

26

27  EXHIBIT - F. CDC 7221 (4/90) Physician's orders.

28

1

2   EXHIBIT-G. CDC 7202 (4/95)CSP-SAC Out Patient Housing Unit Nursing
3              Intake Assessment form.

4
5   EXHIBIT-H. CDC 7212 Nursing Care Record.

6
7   EXHIBIT-I. Doctor's Notes.

8
9   EXHIBIT-J. CDCR 231-C-1 (Rev. 08/10)Supplemental Dental Progress Notes.
10

11
12  EXHIBIT-K. CDCR 1130 (Rev.02/15)Interdisciplinary Progress Notes.
13

14
15  EXHIBIT-L. CDCR 7219 (Rev.11/05)Medical Report of Injury or unusual
16             occurrence.

17  EXHIBIT-M. CDC-7230 Interdisciplinary Progress Notes.
18

19
20  EXHIBIT-N. Medical History And Physical.

21
22  EXHIBIT-O. CDCR 231-C1 (Rev. 02/15)Supplemental Dental Progress Notes.
23

24
25  EXHIBIT-P. CDCR MH-7230A (Rev. 01/12)Interdisciplinary Progress Notes-
26             General.

27  EXHIBIT-Q. CDCR 7230B Interdisciplinary Progress Notes-Mental Health(?)

28

EXHIBIT-R. CDCA MH-7230 (Rev. 01/12) Interdisciplinary Progress Notes - General.

EXHIBIT-S. Doctor Notes.

EXHIBIT-T. CDC-7243 (Rev. 11/02) Physician Request for Services (RFS).

EXHIBIT-U. CDCA-7388 (Rev. 06/06) Mental Health Treatment Plan.

EXHIBIT-V. Medical Consultation And Ophthalmology Consult 09H-627 (Rev. 03/09)

EXHIBIT-W. CDCA MH-7230 A (Rev. 01/12) Interdisciplinary Progress Notes - General.

EXHIBIT-X. CDCA-MH-7230 A (Rev. 01/12) Interdisciplinary Progress Notes - General.

EXHIBIT-Y. CDCA-MH-7230 A (Rev. 01/12) Interdisciplinary Progress Notes - General.

EXHIBIT-Z. Doctor's Notes.

EXHIBIT-AA. Dental X-Rays.

EXHIBIT-BB. CDC 7202 (4/95) Admission Assessment.

EXHIBIT-CC. Declaration of Theon Owens.

EXHIBIT-DD. Declaration of Tanato Walter.

EXHIBIT-EE. Declaration of Theon Owens.

EXHIBIT-FF. Declaration of Theon Owens.

EXHIBIT-GG. Declaration of Terrell Wolfe.

EXHIBIT-HH. Eighth Amendment to the U.S. Constitution Declaration.

EXHIBIT-II. Declaration of The Eighth Amendment To the U.S. Constitution.

EXHIBIT-JJ. Plaintiff's Declaration In Support of Claims Against Defendants.

EXHIBIT-KK. Declaration of Carlos Hendon.

EXHIBIT-LL. CDCR 602 (Rev. 08/09) Inmate/Parolee Appeal Log No. SAC-B-15-01451.

EXHIBIT-MM. CDCR 602 (Rev. 08/09) Inmate/Parolee Appeal Log No. SAC-15-00582.

EXHIBIT-NN. CDCR 602 (Rev. 03/12) Inmate/Parolee Appeal Log No. SAC-15-01909.

EXHIBIT-OO. Department Operational Manual. Chapter 3 5 5 ,.

EXHIBIT-PP. CDCR-837 (Rev. 10/06) Crime/Incident Report Log No. SAC-PSU-15-02-0194A1.

EXHIBIT-QQ. CDC-115 (7/89) Rules Violation Report Log No. EOP-15-02-058.

EXHIBIT-RR. CDC-115 (7/89) Rules Violation Report Log No. EOP-15-02-058.

EXHIBIT-SS. CDCR 602 (Rev. 03/12) Inmate/Parolee Appeal Log No. SAC-5-15-03622.

EXHIBIT-TT. CDCR 602 HC (Rev. 04/11) Patient/Inmate Health Care Appeal. Log No. SAC-HC-15031546.

EXHIBIT-UU. CDCR 602 (Rev. 08/09) Inmate/Parolee Appeal Log No. SAC-P-15-02287.

EXHIBIT-VV. CDCR-837 (Rev. 10/06) Crime Incident Report. Log No. SAC-PSU-15-02-0192.

EXHIBIT-WW. CDC-115 (7/88) Rules Violation Report Log No. EOP-15-02-051.

EXHIBIT-XX. CDCR 837-A (Rev. 10/06) Crime/Incident Report Log No. SAC-PSU-15-02-0192.

EXHIBIT-YY. The Rights of Prisoners Regarding Serious Disciplinary Charges.

1   EXHIBIT-ZZ. Operations Manual 2015. January.

2

3   EXHIBIT-AAA. CDCR SOMS ICCT 156 Shu Term Assessment Work sheet /
4                ICCS0108 Shu Term Computation.

5

6   EXHIBIT-BBB. Defendant's Response To Plaintiff's Request For Admissions. Set One.

7

8   EXHIBIT-CCC. Declaration Of Truth And Facts. By EDWARD SANCHE # K-62067.

9

10  EXHIBIT-DDD. Declaration Of THEON OWENS. In Support Of Opposition
11               Of Defendant's Cross-Motion For Summary Judgment And In
12               Support Of Plaintiff's Motion For Summary Judgment.

13

14  EXHIBIT-EEE. CDC 115 (7/88) Rules Violation Report. Log No.: ECP-15-02
15               -054.

16  EXHIBIT-FFF. CDC 115 (7/88) Rules Violation Report. Log No.: ECP-15-02
17               -055.

18

19  ## XII) DISCOVERY DOCUMENTS.

20

21  Plaintiff Provides the following list of discovery documents and portions of

22  discovery documents he reasonably plans to use at trial.

23

24  a.) Defendant's response to plaintiff's request for admissions. Set one. Pages: 6,8,9,

25  12,13,& 14. Answers: 8,9,13,14,15,16,& 21.

26  ## XIII) FURTHER DISCOVERY OR MOTIONS.

27

28  a.) The Plaintiff has filed several Motions to Compel further discovery from

1  defendants. but several Motions and Parts of Motions. Were denied by the court.

2  and or Defendants did not Produce the requested discovery as ordered and

3  compelled to do. Plaintiff does believe that the requested discovery Would be

4  helpful to him. especially with establishing his case against Defendants. and or

5  leading to further admissible evidence for trial. Therefore, further discovery is

6  still sought by this Party. (see ECF No. 157, 176; 169).

7

8  ## XIV.) STIPULATIONS FOR PRETRIAL OR TRIAL.

9

10

11  a.) The Parties have not submitted any Stipulations for Pretrial, nor agreed upon any.

12  Therefore, there are no Stipulation issues here at this time.

13

14  ## XV.) AMENDMENTS AND DISMISSALS.

15

16

17  a.) There are no requests to amend the complaint or pleadings therein by this

18  Party. Nor dismissals. additions. or substitutions of Defendants requested by this

19  Party. Nor dispositions as to any defaulting Parties. Made by the Plaintiff.

20

21  ## XVI.) SETTLEMENT NEGOTIATIONS.

22

23

24  a.) Plaintiff does believe that a Settlement Conference between the Parties and

25  the court, If Possible, Would be helpful In resolving the legal Matter at hand.

26  Based on the facts of the case being       clearer to the Parties now after

27  discovery and Summary Judgment. and the fact that It could save both Parties

28  Money. time. and energy. If a Settlement could be reached. Therefore, Plaintiff

1  requests  that the assigned Magistrate Judge, Kendall J. Newman. Set up and

2  host a conference, because this party would be interested in a fair and

3  partial settlement agreement.

## XVII.) AGREED STATEMENT.

a.) The parties cannot and have not agreed upon a final presentation
statement of the facts in this case. However, appointment of counsel by the
court. for the plaintiff. May make this aspect feasible and or advisable. United
States V. 30.64 Acres of land. 795 F.2d 796.804 (4th Cir. 1986)[ In an
appropriate case. a federal court has a duty under Section 1915 (d) to assist
a party in obtaining counsel willing to serve for little or no compensation ].

## XVIII.) SEPARATE TRIAL OF ISSUES.

a.) Plaintiff believes that   Separate trials on all issues would be appropriate
and suitable for this case. Plaintiff therefore requests  that one trial be held
on the interference with Medical treatment. falsification of Department
documents and conspiracy with Defendants – MARTINCEK and MERCADO.

          And that a second one be held on the Denial of Due Process with
Defendants . SCHULTZ . And that a third one be held on the
unnecessary excessive force and Breach of Duty to protect or failure to
protect with the rest of the Defendants. To give each issue it's own proper
time to be addressed.

# XIX.) IMPARTIAL EXPERTS AND LIMITATION OF EXPERTS.

a.) The appointment by the Court of an Impartial Medical expert witness would be proper in this case and is therefore requested by this party, to determine the extent of the Injuries Sustained by the Plaintiff, as a result of the excessive force exercise ensured within the complaint. As of to date the parties dispute the amount of Injuries Sustained by the Plaintiff on Feb. 18, 2015. (See ECF No. 1 at PP. 58; ECF No. 37 at P.3. L 26-3) In addition, there are claims within the complaint as to Medical staff not documenting all of the Injuries Sustained by the Plaintiff on the date In question. Making It extremely complicated to determine the Injuries actually suffered by the Plaintiff at the time of the exercise.

# XX.) ATTORNEYS FEES.

a.) The Plaintiff seeks reasonable attorney's fees in this action. (ECF No. 1 at P.37. PP.239.). those fees are sought at the conclusion of this case. In accordance with federal laws. See 42 U.S.C. § 1982; 1997 e (d) (1).

# XXI.) TRIAL EXHIBITS.

a.) The Plaintiff In this action seeks a protective order on each and every trial document or exhibit containing his Medical data and or Information, as explained below. therefore, each and every exhibit document containing Said Information should be handled. In accordance with the Eastern District's Local Rules of the Court. for Protective orders on documents and should be reduced

1  to that which Is directly pertaining to facts ensured within the complaint,

2  or only needed to establish the parties position and point by the court.

3  The court Should also retain all exhibits pending any direct appeal and or

4  decision thereto.

## XXII.) TRIAL PROTECTIVE ORDER.

a.) A trial protective order will be Sought by the Plaintiff. to Protect his Privacy. Medical Information, and data. Plaintiff has a right to Medical Privacy under the Fourteenth Amendment and the Federal Health Insurance Portability and Accountability Act. And to not have Sensitive Medical Information Passed out for all to see and read. Therefore, this right will be exercised.

## XXIII.) MISCELLANEOUS.

a.) Appendix List: Plaintiff Provides the following list of "Appendixes" he expects he will be offering at trial.

APPENDIX-A. CDCR-7381 (Rev.06/12) Neurological Flow Sheet.

APPENDIX-B. CDCR MH (Rev.09/15) Interdisciplinary Progress Notes-General Psychiatry: MHCB Referral Information for Pending Arrival.

APPENDIX-C. CDCR-MH 7230 G Interdisciplinary Progress Notes-Routine Initial Psychiatry Evaluation.

1   APPENDIX-D. CDCR-7230-A MH (Rev. 12/08) Interdisciplinary Progress Notes.

2

3   APPENDIX-E. CDCR-7447 (Rev. 07/13) Suicide Risk Evaluation.

4

5

6   APPENDIX-F. CDCR-MH-7230 F Interdisciplinary Progress Notes - General
7              Psychiatry.

8   APPENDIX-G. CDCR-231-F (Rev. 08/10) Dental Pain Profile.
9

10

11  APPENDIX-H. CDCR-7230 Interdisciplinary Progress Notes.

12

13  APPENDIX-I. CDCR-7388 (Rev. 06/06) Mental Health Treatment Plan.
14

15

16  APPENDIX-J. CDCR-7362 (Rev. 03/04) Health Care Services Request Form.

17

18  APPENDIX-K. Med Match™ Drug Monitoring Report.
19

20

21  APPENDIX-L. CDCR-7230 (Rev. 02/13) Interdisciplinary Progress Notes.

22

23  APPENDIX-M. CDCR-MH-7230 F Interdisciplinary Progress Notes - General
24             Psychiatry.

25

26  APPENDIX-N. Nursing Discharge Summary.

27

28  APPENDIX-O. CDCR-7388 Mental Health Treatment Plan.

APPENDIX-P. CDCR-Mental Health Crisis Bed Discharge.

APPENDIX-Q. Doctor Notes.

APPENDIX-R. CDCR-7526 (11/12) Nutrition Assessment.

APPENDIX-S. CDCR-MH-7230 F Interdisciplinary Progress Notes-General Psychiatry.

APPENDIX-T. CDCR-7230 (Rev. 02/13) Interdisciplinary Progress Notes.

APPENDIX-U. CDCR-MH-7230 F Interdisciplinary Progress Notes-General Psychiatry.

APPENDIX-V. CDCR-MH-7482 (Rev. 06/14) Referral.

APPENDIX-W. CDCR-Mental Health Crisis Bed Discharge Summary.

APPENDIX-X. CDCR-7371 (Rev. 03/04) Confidential Medical/Mental Health Information Transfer-Sending Institution.

APPENDIX-Y. CDCR-MH-7230 A (Rev. 02/12) Interdisciplinary Progress Notes -General.

APPENDIX-Z. CDCR-7230 (Rev. 02/13) Interdisciplinary Progress Notes.

APPENDIX-AA. CDCR-MH-7230 A (Rev. 01/02) Interdisciplinary Progress Notes -General.

APPENDIX-BB. V.C.G.C.B.-GC-0002B104 Government Claims Form.

APPENDIX-CC. CDCR-MH-7230 F Interdisciplinary Progress Notes-General Psychiatry.

APPENDIX-DD. CDCR-7230 (Rev. 02/13) Interdisciplinary Progress Notes.

APPENDIX-EE. CDCR-7230 Interdisciplinary Progress Notes.

APPENDIX-FF. CDCR-MH-7230 F Interdisciplinary Progress Notes-General Psychiatry.

APPENDIX-GG. CDCR-MH-7230 A (Rev. 01/12) Interdisciplinary Progress Notes -General.

APPENDIX-HH. CDCR-MH-7230 F Interdisciplinary Progress Notes-General Psychiatry.

APPENDIX-II. Mental Health Crisis Bed Discharge Summary.

APPENDIX-JJ. CDC-7362 (Rev. 03/04) Health Care Services Request Form Log No. 0058072.

APPENDIX-KK. CDCR-7362 (Rev. 03/04) Health Care Services Form.

1

APPENDIX-LL. CDCR-237-F (Rev. 08/10) Dental Pain Profile.

2

3

APPENDIX-MM. CDC-7221 (4/90) Physician's Orders.

4

5

6

APPENDIX-NN. CDCR Encounter Form Musculoskeletal Complaints (Non-

7    Traumatic).

8

9

APPENDIX-OO. CDCR-7431 (Rev. 08/10) Periodontal Chart.

10

11

APPENDIX-PP. CDCR-7214 (Rev. 02/13) Radiology Service(s) Request.

12

13

14

APPENDIX-QQ. CDCR-7393 (Rev. 07/13) Notification of Diagnostic Test Results.

15

16

APPENDIX-RR. CDC-7362 (Rev. 03/04) Health Care Services Request Form. Log

17    No.: 0206689.

18

19

APPENDIX-SS. CDCR-237-C1 (Rev. 08/20) Supplemental Dental Progress Notes.

20

21

APPENDIX-TT. CDCR 237-C1 (Rev. 08/10) Supplemental Dental Progress Notes.

22

23

APPENDIX-UU. CDCR 7410 (10/13) Comprehensive Accommodation.

24

25

26

APPENDIX-VV. CDCR 128-C3 (Rev. 10/13) Medical Classification Chrono.

27

28

1   APPENDIX-WW. CDCR-237-B (Rev. 08/10) Dental Examination And Treatment Plan.
2

3
4   APPENDIX-XX. Prison Industry Authority And CDCR 237-C1 (Rev. 08/10) Supplemental
5       Dental Progress Notes.

6   APPENDIX-YY. CDCR-7362 (Rev. 03/04) Health Care Services Request Form Log No.:
7       0212842.
8

9   APPENDIX-ZZ. CDCR-7362 (Rev. 03/04) Health Care Services Request Form Log
10      No.: 0212776.

11  APPENDIX-AAA. CDCR 22 (10/09) Inmate / Parolee Request For Interview. Item
12      or Service.
13

14  APPENDIX-BBB. Typed Letter.
15

16  APPENDIX-CCC. Handwritten Letter.
17

18
19  APPENDIX-DDD. Typed Letter.
20

21  APPENDIX-EEE. Prison Industry Authority. And CDCR 237-C1 (Rev. 08/10)
22      Supplemental Dental Progress Notes.
23

24  APPENDIX-FFF. CDCR-804 (Rev. 08/00) Notice of Pending CDCR-115.
25

26  APPENDIX-GGG. Case Disposition Notice.
27

28

                        Page 11 of 14

1
2
APPENDIX-HHH. CDCR-128-B (Rev. 7/17) General Chrono.

3
4
APPENDIX-III. Typed Letter.

5
6
APPENDIX-JJJ. Typed Letter.

7
8
9
APPENDIX-kkk. Typed Letter.

10
11
APPENDIX-LLL. HandWritten Letter.

12
13
14
APPENDIX-MMM. Handwritten Letter.

15
16
APPENDIX-NNN. Handwritten Letter.

17
18
19
APPENDIX-OOO.

20
21
APPENDIX-PPP. Bills And Receipts.

22
23
24
APPENDIX-QQQ. Typed Letter From Warden (A) Robert W. Fox.

25
26
APPENDIX-RRR.

27
28



APPENDIX-SSS.

Dated this 10th day of July_____, 2021_____

X Theon Owens_____
Signature of Plaintiff/

Theon Owens_____
NAME
#V·60905_____
CDCR #
California Health Care Facility_____
HOUSING
7707 South Austin Road_____
ADDRESS
Stockton C.A. 95215_____
CTY, STATE, ZIP

# DECLARATION OF SERVICE BY U.S. MAIL

RE: Theon Owens V. Joseph Defazio. et al.        Case No: 2:16-CV-02750-JAM-KJN

I, the undersigner, declare that I am older then eighteen years of age. I am a party to the within cause, and I am a prisoner incarcerated in the california Department of corrections And Rehabilitation. at the California Health Care Facility (C.H.C.F.) I have caused to be served a true copy of the attached Plaintiff's Motion For A Court Order Requiring That The Below Identified Eyewitnesses. Be Brought To Court At The Time Of Trial. And Declaration In Support. And Plaintiff's Pretrial Statement. on the following. by Placing same in an envelope. addtessed as followed:

1. Kendall J. Newman, United States Magistrate Judge. For The U.S.D.C. For The Eastern District Of Calif. 501 I St. Ste 4-200 Sacramento. CA. 95814-2322.

2. Kevin M. Hammond. Deputy Attorney General. 1300 I Street. Suite 125 P.O. Box 944255 Sacramento. CA. 94244-2550.

MY address is Theon Owens # V-60765, CHCF. 7707 South Austin Road, Stockton, CA. 95215.                      I am familiar with the institution's Mailing Practice of collecting and processing correspondence for mailing with the united States Postal Service. In accordance with that Practice each correspondence Placed in the internal mail collection system is deposited with the united states Postal Service. on the following day in the ordinary course of Process.

I have read this declaration of service by u.s. Mail and I declare under the Penalty of Perjury of the laws of the united States that the foregoing is true and correct and that this declaration was executed at the same time of Servicing. on July 29, 2021.                   . at the C.H.C.F. - Stockton. _____ . California.

Theon Owens.   _Theon Owens_
Declarant Name. And Signature.